**EXHIBIT 3**

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: HON. CAROL R. EDMEAD
J.S.C.
Justice

PART 35

Index Number : 651947/2016
CHU, MEI K.
vs.
CHINESE-AMERICAN PLANNING
SEQUENCE NUMBER : 001
DISM ACTION/INCONVENIENT FORUM

INDEX NO. _____
MOTION DATE 2/24/17
MOTION SEQ. NO. 001 & 002

The following papers, numbered 1 to _____, were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | No(s)._____ |
| Answering Affidavits — Exhibits | No(s)._____ |
| Replying Affidavits | No(s)._____ |

Upon the foregoing papers, it is ordered that this motion is

Motions sequence 001 and 002 are consolidated for joint disposition as follows:

In accordance with the accompanying Memorandum Decision, it is hereby
ORDERED that the motion (sequence 001) by defendant Chinese-American Planning Council Home Attendant Program, Inc. pursuant to CPLR 3211(a)(4) to dismiss all claims asserted against it with prejudice, or alternatively, without prejudice, or staying this action pending resolution of a federal class action entitled *Chan v. Chinese -American Planning Council Home, Attendant Program, Inc.*, is granted solely to the extent that this matter is stayed pending the resolution of the federal class action and further order of the Court; and it is further

ORDERED that plaintiffs' motion (sequence 002), for leave to submit a sur-reply to address arguments defendant allegedly made for the first time in reply is denied; and it is further

ORDERED that defendant shall serve a copy of this order with notice of entry upon all parties within 20 days of entry.

This constitutes the decision and order of the Court.

Dated: 4/17/17
10:45 a.m.

_____, J.S.C.
HON. CAROL R. EDMEAD
J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S): _____

1. CHECK ONE: .................................................. ☐ CASE DISPOSED    ☑ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: .................MOTION IS: ☐ GRANTED  ☐ DENIED  ☑ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ................................ ☐ SETTLE ORDER        ☐ SUBMIT ORDER
                                                          ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 35
-----------------------------------------------------------------------x
MEI KUM CHU, SAU KING CHUNG, and QUN XIANG
LING individually and on behalf of all others similarly situated,

                                     Plaintiffs,

     -against-

CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, INC.,

                                     Defendant.
-----------------------------------------------------------------------x

Index No.: 651947/2016

Motion Seq. No. 001 and 002

HON. CAROL R. EDMEAD, J.S.C.

## MEMORANDUM DECISION

In this class action suit, plaintiffs Mei Kum Chu, Sau King Chung, and Qun Xiang Ling (collectively, the "Instant plaintiffs") allege, *inter alia*, violations of the New York Labor Law ("NYLL") and the New York Home Care Worker Wage Parity Act ("NY Parity Act") (the "Instant matter").

Defendant Chinese-American Planning Council Home Attendant Program, Inc. ("defendant") now moves pursuant to CPLR 3211(a)(4) to dismiss all claims asserted against it with prejudice, or alternatively, without prejudice, or staying this action pending resolution of a federal class action entitled *Chan v. Chinese-American Planning Council Home, Attendant Program, Inc.* (the "*Chan* matter").

By separate motion (sequence 002), plaintiffs move for leave to submit a sur-reply to address arguments defendant allegedly made for the first time in reply.

Both motions are consolidated for joint disposition herein.

*Factual Background*

Prior to the commencement of this action, the *Chan* matter was filed against defendants

in Supreme Court, New York County alleging wage-related claims under the NYLL and the NY Parity Act. The class in *Chan* was defined as "[a]ll current and former home care aides ... employed by [defendant] in New York to provide care services to [defendant's] elderly and disabled clients in the clients' homes during the period from six years preceding the filing of the Complaint in this case through the present (the 'Class Period')." (*i.e.*, March 11, 2009 through March 11, 2015) (Complaint ¶ 13). When the *Chan* plaintiffs later added claims under the federal Fair Labor Standards Act ("FLSA"), defendant removed the matter to the United States Southern District of New York. Upon motion by defendant, the assigned Judge Katherine B. Forrest ordered the parties to arbitrate the matter pursuant to a Collective Bargaining Agreement between defendant and 1199SEIU United Healthcare Workers East, as supplemented by a Memoranda of Agreement ("MOA") ratified in 2015 "during the pendency of [defendant's] motion" (the "2015 MOA"). Judge Forrest also stayed *Chan* matter pending arbitration (see Memorandum Decision and Order dated February 3, 2016).[1] The *Chan* plaintiffs moved for reconsideration, which was denied (see Memorandum Decision and Order dated April 8, 2016).

On April 12, 2016, the Instant plaintiffs commenced this action. Plaintiffs describe the putative class here as, "All home care aides ... employed by [defendant] in New York to provide care services to [defendant's] elderly and disabled clients in the clients' homes during the period beginning from April 1, 2008 through June 1, 2015." (Complaint ¶ 16). Unlike the *Chan*

---

[1] The Federal Decision noted that prior to the removal of the matter to federal court, the Supreme Court "denied defendant's motion to compel arbitration based on the then-operative 2014 MOA" and that such Court's decision was "not preclusive of defendant's motion here because, inter alia, that court was not addressing the now operative 2015 MOA."
   It is noted that Judge Forrest also rejected the *Chan* plaintiffs' opposing argument that the "agreement to arbitrate embodied in the 2015 MOA cannot apply retroactively to claims that may have accrued prior to the execution of the 2015 MOA" as "meritless." (P. 5).

2

plaintiffs, the Instant plaintiffs allege claims solely under NYLL and the NY Wage Parity Act, and do not allege claims under FLSA.

In May 2016, defendant removed this case to the United States District Court for the Southern District of New York. Defendant then moved in federal court to compel arbitration under the Federal Arbitration Act based on the 2015 MOA, and the Instant plaintiffs moved to remand this action to state court. Judge Forrest remanded this action to this Court and denied defendant's motion to compel arbitration (see 2016 WL 3753098 [SDNY July 11, 2016]). It is noted that Judge Forrest stated, *inter alia*, that "Regardless of the purported retroactivity of the 2015 MOA, and 1199's authority to bargain on behalf of then current employees, [the Instant] plaintiffs may not be bound by subsequently adopted amendments to a collective bargaining agreement to which they were not parties." (Page, 14). According to the federal decision, "Chu's employment concluded on approximately October 14, 2013; Chung's employment concluded on approximately January 18, 2013; and Xiang's employment concluded on approximately June 1, 2015. (Compl. ¶¶ 24-26.) (Pages, 3-4).

In support of its motion, defendant argues that the Court should dismiss or, in the alternative, stay this action in light of the earlier-filed, pending *Chan* matter and to promote judicial economy and avoid potentially inconsistent outcomes. *Chan* involves substantially the same parties, causes of action, and remedies sought arising out of the same facts and circumstances. Defendant argues that the Instant plaintiffs will not be prejudiced by a dismissal, or a stay, since their claims herein are currently subject to the jurisdiction of the federal court and can be fully and fairly adjudicated in that forum.

In opposition, plaintiffs contend there is no substantial identity between the Instant

3

plaintiffs and the *Chan* plaintiffs. As former employees of defendant, the Instant plaintiffs are not class members in *Chan*. And, their employment ended by June 1, 2015, prior to the signing of the 2015 MOA under which the plaintiffs in *Chan* were directed to arbitrate. Plaintiffs do not allege claims under any collective bargaining agreement or under federal law. Further, the Court should follow the law of the case established by Judge Forrest, who held that the federal court lacked jurisdiction over the Instant plaintiffs' claims, and that they may not be bound by the 2015 MOA. Further, dismissal or a stay would prejudice the Instant plaintiffs since they are not parties in *Chan* and would lose their sole means of litigating their claims and protecting their rights.

In reply, defendant contends that Judge Forrest retained jurisdiction over the *Chan* matter pending arbitration, and the Instant plaintiffs' claims are subsumed by the *Chan* class currently before Judge Forrest. Also, the Instant plaintiffs' elected bargaining representative 1199SEIU is party to the applicable collective bargaining agreement and took the position before the Arbitrator that it did not dispute that claims filed after the effective date of the 2015 MOA are subject to the arbitration provision contained therein. And, the Arbitrator held that "the alleged wage claims in Chu, which were filed on April 12, 2016, after the effective date of the 2015 MOA, December 1, 2015, are clearly before me pursuant to the terms of the ADR Provision." And, defendant argues, Judge Forrest's statement regarding the 2015 MOA's applicability to employees no longer employed at the time the 2015 MOA was made effective has no bearing on defendant's motion, and was *dicta* in any event; she expressly declined to consider the language of the 2015 MOA. Further, the Instant plaintiffs will not be prejudiced by either a dismissal without prejudice or a stay where they can later resume litigation of their claims, whereas defendant would otherwise have to defend both cases simultaneously in two different courts.

*Discussion*

CPLR 3211(a)(4) states that a "party may move for judgment dismissing one or more causes of action asserted against him on the ground that: . . . there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires." "The court has broad discretion to dismiss an action on the ground that another action is pending between the same parties arising out of the same subject matter or series of alleged wrongs, and it is inconsequential that different legal theories or claims were set forth in the two actions" (*Shah v. RBC Capital Markets LLC*, 115 A.D.3d 444, 981 N.Y.S.2d 524 [1st Dept 2014]).

Inasmuch as the Instant plaintiffs allege that defendant failed to pay them in accordance with the NYLL and NY Wage Parity Act, the instant matter involves identical factual issues to the *Chan* matter. The plaintiffs in *Chan* allege seven claims: (1) unpaid minimum wage in violation of the NYLL; (2) unpaid overtime in violation of the NYLL; (3) unpaid spread-of-hours pay in violation of the NYLL; (4) failure to pay wages in violation of the NYLL; (5) failure to comply with notification requirements in violation of the NYLL; (6) breach of contract in relation to defendant's representations concerning the NY Wage Parity Act; and (7) unjust enrichment related to the NY Wage Parity Act. (Complaint, ¶¶ 50-79). These are the same allegations asserted in the Instant matter (Complaint, ¶¶ 68-98). Thus, except for claims under the federal law, the Instant plaintiffs are seeking identical relief in this action as the *Chan* plaintiffs.

However, although, the (federal) complaint in *Chan* is subsumed in the Instant matter, the Instant matter, which covers a class of employees employed from April 1, 2008, is *not* covered

by the period of claims arising on or after March 11, 2009 as alleged in the *Chan* matter. Therefore, despite the Arbitrator's asserted jurisdiction over the the Instant plaintiffs' claims, the instant "pre-*Chan* class" claims therefore cannot be litigated in the federal action. There exists a segment of putative class members in the Instant matter (*i.e.*, employees from April 1, 2008 through March 11, 2009) that is not included in the *Chan* matter.[2] In this regard, defendant's reliance on *Sinopodis v. Nicholas Cosmo, Agape World, Inc.* (2010 WL 1536289 (N.Y.Sup.), 2010 N.Y. Slip Op. 30837(U) (Trial Order) [Supreme Court, Commercial Division, Suffolk County 2010]) is misplaced. In *Sinopodis*, the federal action related to an alleged Ponzi scheme that commenced "in 2003 through [defendant's] arrest January 19, 2009" and the State class action defined the class as consisting of "all New York domiciliaries who invested money in supposed loans brokered by [defendant] at any time from October 2003 to January 2009. . . ." Thus, the Court found a substantial identity between the parties in both actions given that the definition of the class in the state action (*i.e.*, 10/2003 - 1/2009) was subsumed within the definition of the class in the federal action (*i.e.*, 2003 - 1/19/2009). However here, the definition of the class in the Instant (state) action (4/1/2008 - 6/2015) is not completely subsumed within the definition of the class in *Chan* (federal) (*3/11/2009*-current). The remaining cases cited by plaintiffs are likewise distinguishable. As such, there is not a substantial identity of parties to

---

[2] *Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C.*, 140 A.D.3d 1732, 35 N.Y.S.3d 606 [4th Dept 2016] (Denial of dismissal appropriate where there was "no common parties to either action *nor the requisite substantial identity of parties*")). Cellino does not require "one plaintiff and one defendant" common in each action as plaintiffs purport. Instead, when read in full context, Cellino indicates that a substantial identity of parties "*generally is present* when at least one plaintiff and one defendant is common in each action'" (emphasis added). (*Proietto v Donohue*, 189 A.D.2d 807, 592 N.Y.S.2d 457 [2d Dept 1993], *Morgulas v Yudell Realty*, 161 A.D.2d 211, 554 N.Y.S.2d 597 [1st Dept 1990]).
Nevertheless, because the Instant plaintiffs have claims that fall outside of the class definition in *Chan*, it cannot be said that they are "substantially identical" to the plaintiffs in *Chan* to merit *dismissal*.

merit *dismissal* of this Action pursuant to CPLR 3211(a)(4). *Sprecher v. Thibodeau*, --- N.Y.S.3d ----, 2017 WL 1168081 [1st Dept 2017] (finding dismissal unwarranted where defendant was named in both actions, but there was no overlap in plaintiffs")).

And, in light the fact that a segment of potential class members in this Instant matter falls outside of the definition of the class in the *Chan* matter, a determination in the federal action will not necessarily determine and dispose of all the issues in both actions. Thus, dismissal of this action is unwarranted.

However, CPLR 2201 permits the Court to "grant a stay of proceedings in a proper case, upon such terms as may be just." To the degree an overlap in the facts and claims exist in both actions, the Court finds that both actions involve the same subject matter or series of alleged wrongs. And, to the degree an overlap exists among potential class parties in both actions, a substantial identity of parties exists as to such overlapping parties, however, solely for purposes of a stay of this Instant matter pursuant to CPLR 2201. Although "a stay pending determination of a related proceeding should be granted only when the other proceeding shares complete identity of parties, claims and relief sought . . . [it has been also] held that a stay may be warranted when there is substantial identity between state and federal actions" (*Asher v. Abbott Laboratories*, 307 A.D.2d 211, 763 N.Y.S.2d 555 [2003]).

In the interest of "comity, orderly procedure, and judicial economy," a stay of the Instant matter is warranted (*see Asher v. Abbott Laboratories*, supra at 211-212) granting a stay of a state proceeding where defendants in both actions were the same, there was "substantial overlap between the issues raised in the two proceedings," the state claims were encompassed within the federal class action, "the federal action will result in a more complete disposition of the basic

7

antitrust issues alleged," a stay will "avoid duplication of effort and waste of judicial resources" and "plaintiffs have not demonstrated how they would be prejudiced by a stay of discovery in the state proceedings")). Although the record establishes that plaintiffs would be prejudiced by any dismissal of the Instant matter, plaintiffs failed to sufficiently establish any prejudice that would result from a stay of the Instant matter.

As to the motion for leave to submit a sur-reply, plaintiffs aver that defendant made a new argument in reply when it stated that it "will be immediately and substantially prejudiced if it is required to simultaneously litigate two identical claims against virtually two virtually identical plaintiffs' classes." Plaintiffs also assert that defendant argued for the first time that a stay is warranted because arbitration would reduce the issues presented. And, defendant submitted "new facts" *to wit*: (1) defendant's April 19, 2016 letter to the Arbitrator (E-Doc. 25), (2) 1199SEIU's May 13, 2016 response (E-Doc. 26), and (3) the Arbitrator's October 25, 2016 Opinion and Award (E-Doc. 27). In opposition, defendant claims that it simply restated an argument previously made in its initial moving papers, submitted evidence that merely reinforced arguments previously made, and that any sur-reply should be limited to defendant's reference to the Arbitrator's Award and subject to defendant's ability to submit a sur-sur-reply. In response, plaintiffs insist that defendant never claimed that it would suffer any prejudice, or any immediate and substantial prejudice. Instead, defendant only argued that plaintiffs would not suffer prejudice. Plaintiffs add that defendant's April 19, 2016 letter and 1199 SEIU's May 13, 2016 response were in defendant's possession when its filed its motion, and could have been submitted at that time.

Given that the Court's decision herein is not premised on any of the purported "new"

8

evidence submitted by defendant in reply, any alleged prejudice to defendant in having to defend the claims in two forums, or on whether the Arbitration would reduce the issues presented, leave to submit a sur-reply is denied.

*Conclusion*

Based on the foregoing, it is hereby

ORDERED that the motion (sequence 001) by defendant Chinese-American Planning Council Home Attendant Program, Inc. pursuant to CPLR 3211(a)(4) to dismiss all claims asserted against it with prejudice, or alternatively, without prejudice, or staying this action pending resolution of a federal class action entitled *Chan v. Chinese -American Planning Council Home, Attendant Program, Inc.*, is granted solely to the extent that this matter is stayed pending the resolution of the federal class action and further order of the Court; and it is further

ORDERED that plaintiffs' motion (sequence 002), for leave to submit a sur-reply to address arguments defendant allegedly made for the first time in reply is denied; and it is further

ORDERED that defendant shall serve a copy of this order with notice of entry upon all parties within 20 days of entry.

This constitutes the decision and order of the Court.

Dated: April 17, 2017
10:45 a.m.

_____
Hon. Carol Robinson Edmead, J.S.C.

**HON. CAROL R. EDMEAD**
**J.S.C.**