**EXHIBIT 5**

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**   **HON. CAROL R. EDMEAD** *Justice* | **PART**    IAS MOTION 35EFM |

-------------------------------------------------------------------X

MEI CHU, SAU CHUNG, QUN LING

                Plaintiff,

- v -

CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, INC.,

                Defendant.

-------------------------------------------------------------------X

**INDEX NO.** 651947/2016

**MOTION DATE** 08/06/2020

**MOTION SEQ. NO.** 005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111

were read on this motion to/for                  RENEWAL                 .

Upon the foregoing documents, it is

     ORDERED that Plaintiffs' application for leave to reargue this Court's February 25, 2020 order is granted, and upon reargument, this Court restores this case to active status and grants leave for Plaintiffs to amend their complaint; and it is further

     ORDERED that Plaintiffs are to serve a copy of this order restoring the case to active status on the Office of the Clerk (Room 119) within twenty (20) days; and it is further

     ORDERED that Plaintiffs shall serve a copy of their amended complaint on all parties within twenty (20) days; and it is further

     ORDERED that Plaintiffs' application to vacate the stay of this proceeding issued on April 17, 2017 is denied at this juncture, to be reconsidered following determination with respect to Plaintiffs' amended complaint; and it is further

     ORDERED that Plaintiff's application for permission to appeal this Court's March 19, 2019 order is denied as moot; and it is further

     ORDERED that counsel for Plaintiffs shall serve a copy of this order, along with Notice of Entry, on all parties within twenty (20) days.

651947/2016   CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 1 of 14

1 of 14

## MEMORANDUM DECISION

In this action, Plaintiffs seek an order (1) granting leave to reargue[1] the portion of this Court's February 25, 2020 order declining to restore this action pursuant to CPLR 2221; (2) lifting the stay of this action issued by this Court on April 17, 2017; and (3) permitting Plaintiffs to appeal the March 12, 2019 order of this Court dismissing the case without prejudice. Defendant opposes the motion in its entirety.

## BACKGROUND

This motion stems from one of two sister actions that a group of home care aides employed to care for elderly individuals filed against Defendant Chinese-American Planning Council Home Attendant Program.

*The First Action*

The first action, commenced in 2015, is *Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, Index No. 650737/2015 (Sup. Ct. N.Y. Cnty.) There are three named plaintiffs in *Chan* who represent a putative class comprising "[a]ll current and former home care aides . . . employed by [CPC] in New York to provide care services to [CPC's] elderly or disabled clients in the clients' homes during the six years preceding the filing of the Complaint in this case through the present (the 'Class Period')" (NYSCEF doc No. 10, ¶ 13).

On November 9, 2015, Plaintiffs amended their complaint to add causes of action under the federal Fair Labor Standards Act, and on December 8, 2015, Defendant removed the case to the Southern District of New York (NYSCEF doc No. 12 at 1).

---

[1] Plaintiffs in their Notice of Motion and Memorandum of Law characterize their application as one for "reargument and renewal," but clarified in their Reply that the relief sought is that of reargument.

651947/2016  CHU, MEI K. vs. CHINESE-AMERICAN PLANNING    Page 2 of 14
Motion No.  005

2 of 14

In December 2015, the Collective Bargaining Agreement ("CBA") between Defendant and Plaintiffs' labor union, 1199SEIU United Health Care Workers East (the "Union") was amended by a Memorandum of Agreement dated December 1, 2015 (the "MOA"), which required all wage-and-hour claims brought by employees, such as those in *Chan,* to be submitted exclusively to the arbitration forum provided for in the agreement (NYSCEF doc No. 22). On December 15, 2015 Defendant accordingly moved to compel arbitration in *Chan* pursuant to the MOA (NYSCEF doc No. 12 at 1, 3).

By Memorandum Decision and Order dated February 3, 2016, United States District Judge Katherine B. Forrest granted Defendant's motion and ordered *Chan* to be arbitrated, and stayed the action pending the arbitration (*Chan v Chinese-American Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236 [S.D.N.Y. 2016].

*The Second Action*

On April 12, 2016, Plaintiffs' attorneys commenced the action now before this Court with three different named plaintiffs, seeking to file a class action against Defendant rather than proceed to arbitration. Plaintiffs defined the putative class as: "All home care aides . . . employed by [CPC] in New York to provide care services to [CPC's] elderly and disabled clients in the clients' homes during the period beginning from April 1, 2008 through June 1, 2015." (NYSCEF doc No. 1, ¶¶ 16, 68–98).

On September 26, 2016, Defendant moved to stay this matter pending resolution of the *Chan* claims in the Arbitration on the grounds that that the class in *Chan* subsumes the class in this action (NYSCEF doc No. 7). On April 17, 2017, this Court granted the motion and stayed this action pending the resolution of *Chan*, which today remains ongoing (NYSCEF No. 61).

651947/2016   CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 3 of 14

3 of 14

In March 2019, the parties appeared for a conference with this Court and discussed the status of the case and arbitration proceedings. On March 12, 2019, the Court issued an Order stating that "the [*Chan*] arbitration may resolve all of the issues in this action" (NYSCEF doc No. 66). This Court thus dismissed this action without prejudice, to be restored "following the completion of arbitration if that process does not resolve all issues in this action" (*id.*)

On January 10, 2020, Plaintiffs filed a motion to restore this case and for a TRO to enjoin the arbitration from proceeding. On January 13, 2020, this Court heard the parties on the TRO motion and denied the TRO.

On February 25, 2020, the parties appeared before this Court on Plaintiffs' motion to restore and enjoin (NYSCEF No. 107). At the hearing, Plaintiffs argued that the claims should be restored prior to the resolution of the arbitration. In support, Plaintiff argued that the three individual named plaintiffs in this action stopped working for CPC before the effective date of the MOA, and the First Department has recently held in other cases that such pre-MOA employees cannot be compelled to arbitrate their claims. This Court declined to grant the relief sought given that, *inter alia*, although the named plaintiffs may have stopped working for Defendant before the MOA, they purport to represent a putative class that is not limited to pre-MOA employees, and Plaintiff must accordingly commence a new complaint with a class limited to that subset (*id.* at 35:12–46:21). This Court's order following oral argument held that: "in light of (the Court's) determination that the instant proceeding carves out a new, discreet class, makes new arguments concerning the MOA, and relies on recent First Department case law, the parties must commence a new proceeding under a new index number" (NYSCEF doc No. 108).

On June 28, 2020, Plaintiffs filed a Notice of Appeal of both the March 2019 order dismissing the case and the February 2020 order (NYSCEF doc Nos. 96, 99).

651947/2016 CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 4 of 14

4 of 14

*The Instant Motion*

On August 6, 2020 Plaintiffs filed the motion now before this court, moving, pursuant to CPLR 2221(d) to reargue the portion of the Court's February 25, 2020 order declining to reinstate this matter on the grounds that the First Department has now at three separate times determined that employees who stopped working prior to the execution of a MOA requiring arbitration are not required to arbitrate their claims (*Hichez v United Jewish Council of the E. Side*, 179 AD3d 576 [1st Dept 2020]; *Konstantynovska v Caring Professionals, Inc.,* 172 AD3d 486 [1st Dept 2019]; *Lorentti-Herrera v All. for Health, Inc.,* 173 AD3d 596 [1st Dept 2019]).

*Konstantynovska, Lorenitti-Herrera* and *Hichez* involved home health attendants who sought to bring unpaid wage claims against their employers. In each case, the defendant employer-agencies argued that the employees must be compelled to arbitrate their claims pursuant to a CBA and MOA nearly identical to the agreements at issue in the instant matter. In all three cases, the First Department affirmed the trial court's decision that the former employees were not bound by agreements entered into after they ceased working for their employer and thus could not be compelled to arbitration. (*See Hichez*, 179 AD3d at 577; *Konstantynovska*, 172 AD3d at 486 [employees were not "bound by [a Memorandum of Agreement to arbitrate] because they were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union was authorized to proceed on their behalf")] citing *Chu*, 194 F.Supp.3d at 228; *Lorentti- Herrera*, 173 A.D.3d at 596 ["Although defendant and the Union [1199 SEIU] entered into a memorandum of agreement (MOA)...that modified the CBA to mandate arbitration for Labor Law claims, plaintiff's employment with defendant ended...and neither she nor any other class member who was not employed by

651947/2016   CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No.  005

Page 5 of 14

5 of 14

defendant when the MOA was entered into is bound by the MOA's arbitration provision."] [citing *Konstantynovska*, 172 AD3d at 487]).

Plaintiffs thus conclude that this Court erred in declining to reinstate the case and directing Plaintiffs to file a new action, and add that Plaintiffs may be prejudiced if this Court does not reinstate the case as Plaintiffs will be subject to statute of limitations defenses. Plaintiffs also move for vacatur of this Court's April 2017 order staying this proceeding until the completion of the *Chan* arbitration, on the grounds that Plaintiffs in this case are not involved in the arbitration. Finally, Plaintiffs move for permission to appeal the March 2019 order dismissing this case, which is required as the order was issued *sua sponte*.

In opposition, Defendant argues that Plaintiff's application for reargument is meritless as Plaintiffs identify no issues of law or fact overlooked by this Court when it issued the February 25, 2020 decision. Defendant additionally argues that this Court should deny Plaintiff's application to vacate the stay, as contrary to Plaintiff's claims, their class comprises post-MOA employees that are bound by the *Chan* arbitration. Defendant finally argues that Plaintiffs' application for permission to appeal the March 2019 order should be denied as untimely.

## DISCUSSION

*Leave to Reargue*

CPLR 2211(d)(2) provides that a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion."

A motion for leave to reargue under CPLR 2221 "is addressed to the sound discretion of the court and may be granted only upon a showing 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision'" (*William P. Pahl*

651947/2016 CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 6 of 14

6 of 14

*Equipment Corp. v Kassis*, 182 AD2d 22 [1st Dept 1992] *lv denied and dismissed* 80 NY2d 1005, [1992], *rearg. denied* 81 NY2d 782 [1993]). Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided (*Pro Brokerage v Home Ins. Co.*, 99 AD2d 971) or to present arguments different from those originally asserted (*Foley v Roche*, 68 AD2d 558; *Pahl Equip. Corp. v Kassis*, 182 AD2d at 27). On reargument, the court's attention must be drawn to any controlling fact or applicable principle of law which was misconstrued or overlooked (*see Macklowe v Browning School*, 80 AD2d 790 [1st Dept 1981]).

In support of their motion for reargument, Plaintiffs cite to the recent First Department caselaw holding that pre-MOA employees are not required to arbitrate their claims. Two of the three decisions, *Konstantynovska v Caring Professionals, Inc.*, 172 AD3d 486 (1st Dept 2019) and *Lorenitti-Herrera v All for Health, Inc.*, 173 AD3d 596 (1st Dept 2019), were issued before the February 2020 order and were incorporated into the parties' submissions for the prior motion. The First Department's decision in the third case, *Hichez v United Jewish Council of the E. Side*, 179 AD3d 576 [1st Dept 2020] was issued on January 23, 2020 after Plaintiffs submitted their papers but was discussed at oral argument (NYSCEF doc No. 107 at 23).

The Court did not disregard this caselaw; indeed, at oral argument the Court cited the new First Department caselaw as part of the basis for its decision ("the motion to restore is to restore on a basis that wasn't before the Court. It really is a new claim, with new clearly defined parties, with a new theory based on the First Department") (NYSCEF doc No. 107 at 51:1-5). Plaintiffs thus cannot now argue that this Court overlooked the First Department caselaw or its implications.

Plaintiffs additionally contend that this Court overlooked the fact that "it is undisputed that Plaintiffs themselves stopped working for Defendant before the MOA" and thus should not

651947/2016 CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 7 of 14

7 of 14

have ordered Plaintiffs to create a new class (NYSCEF doc No. 111). That fact, however, is indeed disputed not only by Defendant but by the entire evidentiary record of this proceeding. The complaint defines the "Class Members" as:

> "All home care aides, meaning home health aides, personal care aides, home attendants or other licensed or unlicensed persons whose primary responsibilities include the provision of in-home assistance with activities of daily living, instrumental activities of daily living or health-related tasks, employed by Defendant in New York to provide care services to Defendant's elderly and disabled clients in the clients' homes during the period beginning from April 1, 2008 through June 1, 2015 (the 'Class Period')". (NYSCEF do No. 1, ¶ 16).

It is unclear that the class as defined omits post-MOA employees, given that an employee theoretically could have been working during the Class Period and continued working after the MOA was entered in December 2015. This Court thus accordingly differentiated this proceeding from *Konstantynovska, Lorenitti-Herrera*, and *Hichez,* where it was not disputed that the employees involved had all stopped working prior to the execution of the MOA.

Plaintiffs' final argument in support of leave to reargue is that this Court overlooked the fact that if Plaintiffs have to file a new action, they may be subject to statute of limitation defenses, specifically regarding the New York Labor Law, which contains a six-year statute of limitations. While this Court's February 2020 order did not specifically address statute of limitations concerns,[2] the Court did opine during oral argument that Plaintiffs could rely on the relation back doctrine in response to any statute of limitations issues ("Has the statute run where they can't commence? You could argue substantial relation back….I would understand the relation back basis to start a new complaint now. Because, the understanding and this record would support a relation back" (NYSCEF doc No. 107 at 46-48, 24:5).

---

[2] Defendant argues that this Court was "plainly aware of and did consider" statute of limitations concerns and opted to dismiss the case anyway as it noted that "plaintiffs would be prejudiced by any dismissal of the instant matter" (NYSCEF doc No. 110 at 7). However, the Court made that observation in its April 2017 decision staying this matter (NYSCEF doc No. 61), not the February 2020 order that is the subject of this reargument motion.

651947/2016  CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No.  005

Page 8 of 14

8 of 14

*The Relation Back Doctrine*

The relation-back doctrine provides that "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions [or] occurrences . . . to be proved pursuant to the amended pleading" (CPLR 203[f]). The doctrine is "[a]imed at liberalizing the strict, formalistic pleading requirements . . .while at the same time respecting the important policies inherent in statutory repose," and "enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired" (*Buran v Coupal*, 87 NY2d 173, 177 [1995] [citations omitted]).

Although the Court opinied that Plaintiffs could rely on the relation-back doctrine, the text of the doctrine as codified under CPLR 203(f) reflects that the doctrine pertains only to amended pleadings, and thus the doctrine would not be available to Plaintiffs if a new complaint were filed under a new index number. In *Nakahata v New York-Presbyterian Healthcare System Inc.* (23 F3d 192 [2d Cir 2013]), a group of health care workers in a class action against their employer sought to add time-barred claims to a new complaint. While a federal action, *Nekahata* involved circumstances similar to those here, as the plaintiffs sought to add time-barred claims under the New York Labor Law. The Second Circuit Court of Appeals held that the district court prejudiced the Plaintiffs by requiring them to file a new action, as only the claims still timely on the date of the new action could move forward:

> "The District Court did permit Plaintiffs to refile their FLSA and NYLL claims in a new action, which obviated much—but not all—of the prejudice Plaintiffs experienced from the denial of leave to amend. The option to file a new action preserved the FLSA and NYLL claims that remained timely on the date the new action was filed, but Plaintiffs lost the opportunity to pursue claims that became time-barred pursuant to the statute of limitations in the interim between the filing of the original complaints and the filing of the new complaints . . . Because Plaintiffs were prejudiced through lost causes of action

651947/2016   CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 9 of 14

9 of 14

resulting from the termination of the original complaints, we hold that the District Court abused its discretion in not permitting Plaintiffs to file an amended complaint." (*id.* at 199).

The First Department has also made it clear that the doctrine is employed to assess whether an otherwise untimely claim can be added to an amended pleading (*see Demir v Sandoz*, 155 AD3d 464 [1st Dept 2017], [untimely claims in a second amended complaint could be asserted as they pertained to the original complaint], *Giambrone v Kings Harbor Multicare Ctr.*, 104 AD3d 546, 548 [1st Dept 2013] [holding that the dispositive issue in determining whether an otherwise untimely claim . . . relates back to a timely commenced action is "whether, as the statute provides, the original pleading gives notice of the transactions [or] occurrences . . . to be proved pursuant to the *amended* pleading"] [emphasis added]). The same standard also applies to counterclaims asserted by defendants; the counterclaims must "relate back to the original counterclaims" asserted in the same proceeding (*Beach v Touradji Capital Mgmt., LP*, 142 AD3d 442, 443 [1st Dept 2016]). The Court's research did not produce any instances where New York courts allowed the relation-back doctrine to be asserted under a new complaint as opposed to an amended pleading.

This Court thus finds that in directing Plaintiffs to file a new complaint, it overlooked the possibility that Plaintiffs may be precluded from pursuing claims that were timely at the commencement of this action in 2016 but would be time-barred in a new action. Rather than file a new complaint, the most prudent course of action here is for Plaintiffs to file an amended complaint wherein the definition of "Class Members" is amended to clarify beyond any doubt that the proposed class does not include any employees who worked on or after the execution of the MOA on December 1, 2015.

651947/2016   CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 10 of 14

10 of 14

Accordingly, the branch of the motion seeking reargument of this Court's February 25, 2020 order is granted, and upon reargument, the Court finds that this matter should be restored to active status and directs Plaintiffs to file an amended complaint with a newly defined class.

*Vacatur of the Stay*

In addition to restoration of the case, Plaintiffs also move for vacatur of the stay imposed by this Court in its April 2017 order, wherein the Court directed that this matter was stayed pending the resolution of the *Chan* arbitration given the potential overlap among class parties (NYSCEF doc No. 61). This Court additionally held that the stay should be imposed as litigating substantially overlapping claims simultaneously violates principles "of 'comity, orderly procedure and judicial economy'" and would constitute "duplication of effort and waste of judicial resources" (*id.*).

Plaintiffs contend that there is no longer any basis for the stay and upholding it would only further prejudice Plaintiffs (NYSCEF doc No. 109 at 7).

Defendant argues that even were this Court to restore the case, it should still uphold the stay given that "the substantial majority of the putative class defined in the Complaint is conclusively and properly compelled to a pending arbitration" and therefore the Court's concerns about judicial economy are still valid today (NYSCEF doc No. 110 at 8). Defendant additionally contends it would be "improper" for it to have to litigate the same claims in multiple forums simultaneously (*id.*). However, there will be no longer be an issue with class overlap with *Chan* once the complaint is amended to reflect that the class in this proceeding is wholly separate from the class in the *Chan* arbitration.

Accordingly, the Court will reconsider vacatur of the stay issued on April 17, 2017 following determination with respect to Plaintiff's amended complaint.

651947/2016  CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 11 of 14

11 of 14

*Permission to Appeal this Court's March 12, 2019 Order*[3]

In the final branch of their motion, Plaintiffs seek permission to appeal this Court's March 12, 2019 order dismissing this case without prejudice, which was issued *supa sponte* following years of inaction in this proceeding. Generally, an appeal may be taken to the Appellate Division as of right from an order deciding a motion made upon notice when, *inter alia,* the order affects a substantial right (see CPLR 5701[a][2][v]). There is, however, no right of appeal from an ex parte order, including an order entered *sua sponte* (*Sholes v Meagher*, 100 N.Y.2d 333, 335 [2003]).

Of course, Plaintiffs' application is moot given that that this Court has now determined the case should be restored to active status. However, *assuming arguendo* that the Court denied Plaintiffs' motion for reargument, the Court writes to note that it would have granted Plaintiffs permission to appeal.

Defendant argues that Plaintiffs' application is untimely pursuant to CPLR 5513(b) which governs time to move for permission to appeal:

> "The time within which a motion for permission to appeal must be made shall be computed from the date of service by a party upon the party seeking permission of a copy of the judgment or order to be appealed from and written notice of its entry, or, where permission has already been denied by order of the court whose determination is sought to be reviewed, of a copy of such order and written notice of its entry, except that when such party seeking permission to appeal has served a copy of such judgment or order and written notice of its entry, the time shall be computed from the date of such service. A motion for permission to appeal must be made within thirty days."

Defendant argues that Plaintiffs served "the equivalent of notice of entry" when they attached a copy of the March 2019 order to their affirmation in support of their TRO motion in January 2020 (NYSCEF doc No. 71), and their time to move for permission thus expired thirty

---

[3] The Court notes that notwithstanding the application for permission to appeal, Plaintiffs did file a Notice of Appeal of the March 12, 2019 and February 25, 2020 orders on June 28, 2020 (NYSCEF doc Nos. 96, 99).

651947/2016   CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No.  005
Page 12 of 14

12 of 14

days thereafter. However, the copy of the March 2019 order that was attached as an exhibit to Plaintiff's TRO motion is not a formal Notice of Entry, as it is not "stamped with the date and place of entry [and] signed by the clerk" (*Reynolds v Dustman*, 1 NY3d 559, 560 [2003], citing CPLR 5016(a)], nor does it "state exactly when and with whom the order or judgment was entered" (*Reynolds, supra* at 560). The record reflects that Plaintiffs did not serve a formal Notice of Entry until May 2020 (NYSCEF doc No. 93), and the application made in this motion in August 2020 is timely pursuant to Governor Cuomo's Executive Order 202.67 that tolled from March 20, 2020 through November 3, 2020 any "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state."

Accordingly, Plaintiffs' application is denied as moot, but had this Court determined that this case should remain dismissed, it would have granted Plaintiffs permission to appeal the March 12, 2019 order.

## CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiffs' application for leave to reargue this Court's February 25, 2020 order is granted, and upon reargument, this Court restores this case to active status and grants leave for Plaintiffs to amend their complaint; and it is further

ORDERED that Plaintiffs are to serve a copy of this order restoring the case to active status on the Office of the Clerk (Room 119) within twenty (20) days; and it is further

ORDERED that Plaintiffs shall serve a copy of their amended complaint on all parties within twenty (20) days; and it is further

651947/2016 CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005

Page 13 of 14

13 of 14

ORDERED that Plaintiffs' application to vacate the stay of this proceeding issued on April 17, 2017 is denied at this juncture, to be reconsidered following determination with respect to Plaintiffs' amended complaint; and it is further

ORDERED that Plaintiff's application for permission to appeal this Court's March 19, 2019 order is denied as moot; and it is further

ORDERED that counsel for Plaintiffs shall serve a copy of this order, along with Notice of Entry, on all parties within twenty (20) days.

| 2/9/2021 | | CAROL R. EDMEAD, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

651947/2016  CHU, MEI K. vs. CHINESE-AMERICAN PLANNING
Motion No. 005
Page 14 of 14

14 of 14