# EXHIBIT 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MEI KUM CHU, SAU KING CHUNG, and QUN XIANG
LING, individually and on behalf of all others similarly
situated,

               Plaintiffs,

       - against -

CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, INC.,

              Defendant.

Index No: 651947 / 2016

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO VACATE THE STAY

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, NY 10007
Telephone: (212) 571-0700
Facsimile: (212) 505-2001


Tito Sinha
TAKEROOT JUSTICE
123 William Street, 16th Floor
New York, NY 10038
Telephone: (212) 810-6744
Facsimile: (212) 619-0653

*Attorneys for Plaintiffs*

INDEX NO. 651947/2016

RECEIVED NYSCEF: 02/24/2021

## PRELIMINARY STATEMENT

Plaintiffs Mei Kum Chu, Sau King Chung, Qun Xiang Ling move to vacate the stay the Court entered in this case almost four years ago. Plaintiffs asserted claims in 2016 under the New York Labor Law and seek to represent a class of employees who worked for Defendant Chinese-American Planning Council Home Attendant Program, Inc. during the period from 2008 until November 30, 2015, shortly after which Defendant and 1199SEIU United Healthcare Workers East entered into a Memorandum of Agreement requiring employees to arbitrate their NYLL claims. In 2017, the Court stayed this case because of an overlap between the class in this case and a federal case against the same Defendant, which is now in arbitration. Since the Court entered that stay, however, the First Department has held multiple times that employees such as Plaintiffs and the class who stopped working prior to identical MOAs becoming effective are not required to arbitrate, and Plaintiffs have filed an amended complaint in this case clearly limiting the class to pre-MOA employees. Plaintiffs and the class are therefore not required to arbitrate and there is no reason for them to wait for the completion of an arbitration that does not concern them. Accordingly, the Court should vacate the stay.

## PROCEDURAL HISTORY

Plaintiffs were home care aides employed by to care for elderly individuals in and around New York City. In 2015, three former home health aides filed claims in this Court against the same Defendant (Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc., Index No. 650737/2015). Ultimately, Chan was removed to federal court and stayed. The plaintiffs in that matter all worked for Defendant at the time it executed a Memorandum of Agreement with 1199, the union that the plaintiffs were members of. The MOA required that employees arbitrate their NYLL claims, and the federal court required the plaintiffs in Chan to

1

arbitrate their claims. <u>Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc.</u>,180 F.Supp.3d 236 (S.D.N.Y. 2016) (The MOA is annexed to the Taubenfeld Affirmation as **Exhibit 1**)   Subsequently, Plaintiffs, who all worked for Defendant <u>prior</u> to the execution of the MOA, commenced this action in early 2016 on behalf of themselves and a class of employees.  (The Original Complaint in this case is annexed to the Taubenfeld Affirmation as **Exhibit 2**).  Plaintiffs asserted claims under the NYLL for failure to pay (1) minimum wages, (2) overtime wages, (3) spread-of-hours wages, and (4) straight time wages.  Plaintiff also asserted NYLL claims for failure to provide a proper wage documents, and a further asserted a variety of common law claims.  (**Exhibit 2**, Compl).

Although Defendant removed this case to federal court, the federal court remanded the case back to this Court based, in part, on the fact that all Plaintiffs here worked before the MOA was executed.  <u>Chu v Chinese-Am. Planning Council Home Attendant Program, Inc.</u>, 194 F Supp 3d 221, 228 (SDNY 2016) ("CPC contends that the 2015 MOA, made effective December 1, 2015, governs CPC's employment relationship with plaintiffs—who each ceased working at CPC prior to that date—on the ground that the 2015 MOA was made retroactive. This argument lacks merit.")

On April 17, 2017, the Court stayed this matter. [See NYSCEF, Dkt. No. 61 p. 8] [The April 17, 2017 Order is annexed to the Taubenfeld Affirmation as **Exhibit 3**]. Although Plaintiffs argued based on <u>Chu v Chinese-Am. Planning Council Home Attendant Program, Inc.</u>, 194 F Supp 3d 221, 228 (SDNY 2016) that they were not covered by the MOA, the Court found that "an overlap exists among potential class parties" in this case and the federal <u>Chan</u> matter.  Doc. No. 61, **Ex. 3**, p. 3-4, 7.  Because of this overlap, the Court found that staying the matter would avoid duplication of effort and wasting of judicial resources.  Doc. No. 61 p 8.  Approximately two years later, in early 2019, the Union filed a class grievance against Defendant and dozens of other

2

agencies. Shortly thereafter, this Court dismissed this matter without prejudice based on the existence of the <u>Chan</u> matter and permitted Plaintiffs to restore this matter "following the completion of the arbitration if that process does not resolve all issues in this action." Doc. No. 66.

Since the Court dismissed this case in March 2019, the case law in this area has continued to develop. Specifically, the First Department has now three times held that individuals, like Plaintiffs here, who ceased work prior to the execution of virtually identical MOAs with 1199 are not required to arbitrate their claims. <u>Hichez v United Jewish Council of the E. Side</u>, 179 AD3d 576 [1st Dept 2020]; <u>Konstantynovska v Caring Professionals, Inc.</u>, 172 AD3d 486 [1st Dept 2019]; <u>Lorentti-Herrera v All. for Health, Inc.</u>, 173 AD3d 596 [1st Dept 2019]. In addition, in <u>Hichez,</u> the First Department held not only that employees who stopped working prior to a virtually identical MOA are not required to arbitrate their claims, but that it for the court, and not the arbitrator, to decide arbitrability. <u>Hichez</u>, 179 AD3d at 577.

On January 10, 2020, Plaintiffs requested that the Court reinstate this case. The Court initially denied Plaintiffs' motion, but upon reargument reinstated the case and directed "Plaintiffs to file an amended complaint wherein the definition of 'Class Members' is amended to clarify beyond any doubt that the proposed class does not include any employees who worked on or after the execution of the MOA on December 1, 2015." [The February 9, 2021 Order is annexed to the Taubenfeld Affirmation as **Exhibit 4**, p. 10] The Court denied Plaintiffs' concurrent motion to vacate the stay without prejudice subject to renewal after Plaintiffs amended their complaint. The Court noted that it had granted the stay originally because of the overlap of classes in this case and the <u>Chan</u> arbitration. However, the Court recognized that "there will be no longer be an issue with class overlap with *Chan* once the complaint is amended to reflect that the class in this proceeding

3

is wholly separate from the class in the *Chan* arbitration." **Ex. 4**, p.11. As a result, the Court gave

Plaintiffs leave to renew their motion to vacate the stay once they amend their complaint.

A few days after the Court reinstated the case, Plaintiffs filed an amended complaint that

clearly limited the class to employees who worked prior to the MOA. The Amended Complaint

defines the Class as follows:

> All home care aides, meaning home health aides, personal care aids, home
> attendants or other licensed or unlicensed persons whose primary responsibilities
> include the provision of in-home assistance with activities of daily living,
> instrumental activities of daily living or health-related tasks, employed by
> Defendant in New York to provide care services to Defendant's elderly and
> disabled clients in the clients' homes during the period beginning from April 1,
> 2008 until November 30, 2015, and that such Class Members must have ceased
> their employment with Defendant before December 1, 2015 (the "Class Period"),
> which is the date the Memorandum of Agreement ("MOA") between 1199 SEIU
> United Healthcare Workers East (the "Union") and Defendant came into effect. For
> the sake of clarity, the Class does not include any employees who worked for
> Defendant at any point on or after the MOA came into effect. Any employee who
> worked for Defendant on or after the MOA came into effect is not included in the
> Class.

(The Amended Complaint is attached as **Exhibit 5** ¶16).

Plaintiffs now move to vacate the stay.

## ARGUMENT

### I. The Court Should Vacate the Stay in This Matter.

The Court should vacate the stay it entered in 2017. "A motion to vacate a stay on the

grounds that it is no longer serving the ends of justice may be made at any time while the stay

remains in effect." Blittner v Filroben Assoc., 183 AD2d 645, 645 [1st Dept 1992] (vacating stay

when further delay would prejudice the plaintiff). Here, there is no longer any reason for stay

given the First Department's decisions finding that pre-MOA employees such as Plaintiffs are not

bound by the MOA. Therefore, forcing Plaintiffs to wait until the completion of an arbitration that

does not apply to them would be unjust. In addition, as this Court noted, once Plaintiffs have

amended their complaint to clearly limit the class to pre-MOA employees, there will be no longer be any duplication of effort and waste of judicial resources if this case proceeds. Since Plaintiffs have amended their complaint to limit the class to pre-MOA employees, there is no longer an overlap between this case and <u>Chan</u>. Therefore, the factual basis for the stay no longer applies. As a result, this case will ultimately proceed no matter what happens at the arbitration and further delay serves no purpose. Accordingly, the Court should vacate the stay.[1]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to vacate the stay, along with any relief the Court finds just.

Dated: New York, New York
February 24, 2021

By: _____/s/_____

Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
michael@fishertaubenfeld.com
Tel:    (212) 571-0700
Fax:    (212) 505-2001


S. Tito Sinha, Esq.
TAKEROOT JUSTICE
123 William Street, 16th Floor
New York, New York 10038
tsinha@takerootjustice.org

---

[1] In opposing this motion, Defendant will likely point to the Arbitrator's Award from April 2020 determining, upon the Union's petition, that he is authorized to adjudicate the pre-MOA employees' claims and the federal district court's confirmation late last week of that award. <u>See</u>, <u>United HealthCare Workers East v. PSC Community Services et al</u>, SDNY Docket No. 20-cv-03611-JGK 1199SEIU Docket Entry 159. Plaintiffs are not a party to that proceeding and the federal court denied their motion to intervene to challenge the award. Further, the First Department disagrees with the arbitrator and has repeatedly found that the arbitrator cannot resolve pre-MOA employees' claims. <u>See</u>, <u>e.g.</u>, <u>Hichez v United Jewish Council of the E. Side</u>, 179 AD3d 576 [1st Dept 2020]. Therefore, because Plaintiffs and the class "had not agreed to arbitrate their statutory claims, and the labor [arbitrator was] not authorized to resolve such claims, the arbitration [does] not . . . preclude [] statutory actions." <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 35, 111 S. Ct. 1647, 1657, 114 L. Ed. 2d 26 (1991). Plaintiffs may therefore proceed with this action no matter what the arbitrator decides in the separate action asserted by the Union.

5

Tel. (212) 810-6744
Fax: (212) 619-0653

*Attorneys for Named Plaintiffs*
*and the Putative Class*

6