# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

MEI KUM CHU, SAU KING CHUNG, and QUN
XIANG LING, individually and on behalf of all others
similarly situated,

                          Civil Action No.: 21-2115

                   *Plaintiffs*,

                          **NOTICE OF REMOVAL**

- against -

CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, INC.,

                   *Defendant*.

-------------------------------------------------------------------x

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:

      1.      Defendant, Chinese-American Planning Council Home Attendant Program, Inc. (hereinafter "CPC" or "Defendant") is party in the civil matter brought by Plaintiffs Mei Kum Chu, Sau King Chung, and Qun Xiang Ling ("Plaintiffs" or "*Chu* Plaintiffs"), individually and on behalf of others, in the Supreme Court of the State of New York, New York County. Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant respectfully seeks removal of this matter to the United States District Court for the Southern District of New York, which is the judicial district where the matter is pending, and alleges as follows:

      2.      Plaintiffs are former home care aide employees of Defendant. On or about April 12, 2016, Plaintiffs commenced a civil matter, individually and on behalf of a putative class, in the New York State Supreme Court, New York County. A true and correct copy of Plaintiffs' 2016 Summons and Complaint is attached hereto as **Exhibit A.** The Clerk assigned the matter Index No. 651947/2016 (hereinafter referred to as the "*Chu* Matter").

3. In the *Chu* Matter, Plaintiffs allege, individually and on behalf of a putative class of individuals, that they were not paid the required minimum wage, overtime wages, and a "spread-of-hours" premium, in violation of the New York Labor Law and New York Home Care Worker Wage Parity Act ("Wage Parity Act"). Ex. A ¶¶ 5, 32-37, 42-44, 49-51, 56-61, 68-86, 89-98. Plaintiffs also allege that they failed to receive pay statements that complied with the New York Labor Law. *Id.* ¶ 5, 87, 88.

4. Since before 2012, Defendant has been a party to a collective bargaining agreement (the "CBA") with 1199SEIU United Healthcare Workers East (the "Union"), as amended by memoranda of agreement ("MOA"). A true and correct copy of the CBA is attached hereto as **Exhibit B**. The CBA sets forth a multi-step dispute resolution procedure that employees must follow to raise complaints against Defendant, which culminates in "final and binding arbitration under the Rules of the American Arbitration Association ['AAA']." Ex. B at 25-26. Rule 3(a) of the AAA Rules is a delegation of procedural issues to the Arbitrator and provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." AAA Labor Arbitration Rule 3(a).

5. On December 7, 2015, Defendant entered into a memorandum of agreement (the "2015 MOA") with the Union, which supplemented the CBA's existing alternative dispute resolution provision and explicitly required that "all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ('FLSA'), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the 'Covered Statutes'), in any manner, shall be subject exclusively to the grievance and arbitration procedures described in this Article." A true and correct copy of the 2015 MOA is attached hereto as

**Exhibit C**.

6. In March 2015, before the *Chu* Matter was filed and also before the 2015 MOA, three different employees of Defendant on behalf of themselves and other CPC home attendants, including the *Chu* Plaintiffs, filed a lawsuit against Defendant in New York Supreme Court—*Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc.*, Index No. 650737/2015—alleging claims under the Covered Statutes (the "*Chan* Matter"), similar to those alleged in the *Chu* Matter. On November 9, 2015, the *Chan* plaintiffs amended their complaint to add an FLSA claim, which prompted Defendant to remove the matter to federal court on December 8, 2015 – one day after the date the 2015 MOA was executed. Accordingly, on December 15, 2015, Defendant moved to compel the *Chan* Matter to arbitration, pursuant to the 2015 MOA. The District Court granted the motion to compel on February 3, 2016, holding that the 2015 MOA applies retroactively to claims that accrued prior to its execution. Accordingly, the *Chan* Matter, which includes employees who left Defendant's employ before the 2015 MOA, was stayed in its entirety, pending arbitration. *Chan v. Chinese-Am. Plan. Council Home Attendant Program, Inc.*, No. 15-9605 (S.D.N.Y. Feb. 3, 2016)(order compelling arbitration and staying action pending arbitration).

7. On May 13, 2016, shortly after the *Chu* Matter was filed, Defendant sought to remove it on the grounds that the *Chu* Plaintiffs and all putative class members, who were compelled in the *Chan* Matter to arbitration, were subject to the provisions of the CBA, which expressly set forth the terms of their compensation, as well as the fact that the *Chu* Plaintiffs failed to exhaust the CBA's mandatory grievance and arbitration procedure. Judge Katherine B. Forrest of the Southern District of New York ultimately remanded to state court—*Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d. 221, 228

(S.D.N.Y. 2016)—holding that this Court lacked subject matter jurisdiction because, *inter alia*, a CBA that compels arbitration does not itself create a valid basis for federal jurisdiction and even if it did, the Court need not "seriously interpret" the MOA if it did not, on its face, create a clear waiver of rights to bring a claim in court.

8. On September 26, 2016, Defendant moved to stay the *Chu* Matter pending the resolution of the *Chan* Matter. The basis for this motion was that the putative class in the *Chu* Matter overlapped almost completely with the putative class in the *Chan* Matter. The New York Supreme Court Justice Carol Edmead granted Defendant's motion to stay the *Chu* Matter on April 17, 2017 in the "interest of 'comity, orderly procedure and judicial economy'" because waiting for the *Chan* Matter to be resolved in arbitration would "avoid duplication of effort and waste of judicial resources."

9. The *Chu* Matter remained stayed until March 12, 2019, when, following a conference with the Court, Justice Edmead *sua sponte* dismissed this action without prejudice.

10. On January 2, 2019, shortly before the *Chu* Matter was dismissed, the Union, which serves as the sole and exclusive representative for home care aide employees of Defendant, commenced an industry-wide grievance-arbitration pursuant to the CBA and 2015 MOA (hereinafter "Union Matter") on behalf of its home care industry members, concerning alleged violations of the Covered Statutes by Defendant and other home care agencies, which are precisely the same claims in the *Chu* Matter.

11. The members covered by the Union's grievance in the Union Matter include the *Chu* named plaintiffs and the putative class.

12. On April 17, 2020, while *Chu* remained dismissed, the Arbitrator in the Union Matter issued an arbitration award finding that, pursuant to the CBA and 2015 MOA, (1) the

4

Union's wage and hour grievances on behalf of all current or former Union bargaining unit members, including the *Chu* Plaintiffs, are arbitrable and (2) he had jurisdiction to adjudicate them (the "Award"). A true and correct copy of the Award is attached hereto as **Exhibit D**.

13. On May 8, 2020, the Union filed a petition to confirm the Award, which was assigned to this Court and given civil action number 20-cv-03611 (the "Confirmation Proceeding").

14. On February 18, 2021, this Court granted the Union's petition and confirmed the Award. In the accompanying opinion, the Court affirmed that the Arbitrator has jurisdiction over the wage and hour claims, irrespective of Plaintiffs' allegations that the Arbitrator exceeded his authority by asserting jurisdiction over employees who were no longer employed at the time the 2015 MOA took effect (the "Confirmation Order"). A true and correct copy of the Southern District of New York's Confirmation Order is attached hereto as **Exhibit E**. In the Confirmation Order, this Court clarified:

> "… the CBA required that grievances be arbitrated ... The subsequent 2015 MOA clarified that grievances relating to "Covered Statutes" must be arbitrated ... Thus, under both agreements there is plainly an agreement to arbitrate. Second, under the CBA, arbitrations occur pursuant to AAA Rules, including AAA Rule 3(a), which delegates questions of jurisdiction and "arbitrability" to the Arbitrator. Therefore, the Respondents and the Union (on behalf of its employees) agreed to arbitrate and to delegate questions of arbitrability and jurisdiction to the Arbitrator."

Ex. E at 28-29.

15. The Court explained that the *Chu* Plaintiffs' arguments concerning pre-MOA employees "confuse the question of consent to arbitration (namely, did parties consent to arbitrate) with the question of arbitrability (namely, whether the dispute at issue is within the scope of the arbitration agreement)." Ex. E at 29. Therefore:

> "given the absence of temporal limitations in the CBA or the 2015 MOA, with the appropriate highly deferential review, this Court cannot say that the Arbitrator's finding

5

that claims based on violations of the Covered Statutes that occurred prior to the 2015 MOA's effective date were arbitrable either failed to draw its essence from the CBA or was outside the scope of his authority."

Ex. E at 32.

16. On August 6, 2020, Plaintiffs filed a motion to reargue Justice Edmead's decision not to restore the *Chu* Matter. Justice Edmead granted Plaintiffs' motion to reargue on February 9, 2021 and, for the first time in two years, restored the case to active status (hereinafter the "February 9 Order"). In that same February 9 Order, Justice Edmead directed the Plaintiffs to file an amended complaint, but did not lift the stay.

17. Plaintiffs filed an amended complaint on February 15, 2021 (the "Amended Complaint"). A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as **Exhibit F**. The Amended Complaint is an ineffective attempt to differentiate the *Chu* putative class from the *Chan* class to evade arbitration. However, in order to evaluate the futility of Plaintiffs' Amended Complaint on this action, this Court must unavoidably evaluate the CBA to determine the arbitrator's jurisdiction over the narrowed putative class, which it has already ruled are covered in the Union Matter.

18. Then, on February 24, 2021, the *Chu* Plaintiffs filed a motion to vacate the stay. In their supporting memorandum of law, the *Chu* Plaintiffs attempt to substitute their own interpretation of the CBA and 2015 MOA for that of the Arbitrator and this Court—a challenge to the scope of the Arbitrator's authority that cannot be resolved without interpretation of the CBA and 2015 MOA and which directly relates to rights created thereby (the "Motion to Vacate"). A true and correct copy of Plaintiffs' Motion to Vacate is attached hereto as **Exhibit G**.

19. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is

filed with this Court within thirty (30) days of the receipt by Defendant of the New York Supreme Court's February 9 Order restoring the *Chu* Matter to active status for the first time in two years, the Amended Complaint, and the Motion to Vacate.

20. Removal is appropriate under 28 U.S.C. §§ 1441 because all of Plaintiffs' claims are completely preempted by federal law, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which grants federal question subject matter jurisdiction over matters that relate to rights created by the CBA or are substantially dependent on the interpretation of the CBA. Thus, this is a civil matter in which the District Courts of the United States has been given original jurisdiction, in that it arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.

21. In their Motion to Vacate, the *Chu* Plaintiffs acknowledge the existence of the Arbitrator's Award and this Court's Confirmation Order. The *Chu* Plaintiffs highlight that the Award "determin[ed], upon the Union's petition, that [the Arbitrator] is authorized to adjudicate the pre-MOA employees' claims." Ex. G at 5. Nevertheless, in blatant disregard of the Award and Confirmation Order, the *Chu* Plaintiffs assert that the Arbitrator cannot resolve pre-MOA employees' claims, and "Plaintiffs may therefore proceed with this action no matter what the arbitrator decides in the separate action asserted by the Union." Ex. G at 5. In addressing the applicability of the same Award, this Court recently found in *Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, No. 20-CV-3929 (JGK), 2021 WL 632493, at *5 (S.D.N.Y. Feb. 18, 2021) that where parties file an order to show cause seeking to vacate portions of a federal labor arbitration Award and to stay a federal arbitration, interpretation of the CBA is required. *Id*. at *7. This Court further stated:

> "The [p]laintiffs allege that the Arbitrator exceeded his authority, because their state law claims are not covered by the grievance procedures in the CBA and the MOA's

amendments to the CBA do not apply to them. Therefore, their effort to vacate the Award and stay arbitration depends on the interpretation of the scope and coverage of the CBA and the MOA. The resolution of the Plaintiffs' claims thus turn on the "rights created by" the CBA and "are substantially dependent on the analysis of" the CBA and MOA's grievance and arbitration provisions. See Caterpillar, 482 U.S. at 394-95, 107 S.Ct. 2425. Accordingly, this Court has jurisdiction over the action pursuant to Section 301, and the Plaintiffs cannot escape that jurisdiction by packaging their objective of vacating a federal labor arbitral award as a state court motion, pursuant to N.Y. C.P.L.R. § 7511. See Alameda Room, 538 F. Supp. at 1075. By seeking to vacate the Award on the grounds that the Arbitrator exceeded his authority, the Plaintiffs have made the interpretation of the CBA and the MOA key issues in dispute, and thus removal us proper."

*Id.* at *5. The *Chu* Plaintiffs similarly challenge and attempt to, albeit implicitly, vacate the Arbitrator's Award and authority over their claims, based on their interpretation of the scope and coverage of the CBA and 2015 MOA. Any determination regarding whether pre-MOA plaintiffs are bound by the decisions of the Arbitrator, substantially implicates the CBA and MOA, which is the source of the Arbitrator's authority. Therefore, Section 301(a) of the LMRA, which grants federal question subject matter jurisdiction over matters that relate to rights created by the CBA or are substantially dependent on the interpretation of the CBA, is applicable and preempts the *Chu* Matter.

22. The very purpose of Section 301 preemption is to "ensure uniform interpretation of collective-bargaining agreements." *Whitehurst v. 1199SEIU United Healthcare Workers E.,* 928 F.3d 201, 206 (2d Cir. 2019). To not remove this case, and permit pre-MOA employees to opt out of the CBA's mandatory grievance procedures, frustrates the intent of Section 301, as it would implicitly result in inconsistent interpretations of the scope and application of the CBA and 2015 MOA.

23. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this notice and incorporates by reference all of the process, pleadings, and orders served on it prior to

its removal of this matter including the following: See Ex. A; Ex. B; Ex. C; Ex. D; Ex. E; Ex. F; Ex. G; Ex. H.

24. Written notice of the filing of this Notice of Removal is being given to Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

25. A copy of this Notice of Removal and supporting papers are being filed with the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

26. Defendant does not waive any objections it may have to service, jurisdiction, or venue, and any other defenses or objections to this matter.

WHEREFORE, Defendant Chinese-American Planning Council Home Attendant Program, Inc. respectfully requests that the *Chu* Matter be removed to this Court.

Dated: New York, New York
March 11, 2021

> Respectfully submitted,
>
> HOGAN LOVELLS US LLP
>
> By: _____
> Kenneth Kirschner
> kenneth.kirschner@hoganlovells.com
> David Baron
> david.baron@hoganlovells.com
> 390 Madison Avenue
> New York, New York 10017
> Tel: (212) 918-3000
> Fax: (212) 918-3100
> *Attorneys for Defendant*