UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEI KUM CHU, SAU KING CHUNG, and
QUN XIANG LING, individually and on behalf
of all others similarly situated,

        Plaintiffs,

    -against-

CHINESE-AMERICAN PLANNING
COUNCIL HOME ATTENDANT
PROGRAM, INC.,

        Defendant.

Case No.: 21-cv-2115 (AT)

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR REMAND AND ATTORNEYS' FEES AND
## COSTS

**Michael Taubenfeld**
**FISHER TAUBENFELD LLP**
**225 Broadway, Suite 1700**
**New York, New York 10007**
**michael@fishertaubenfeld.com**
**Tel: (212) 571-0700**

**S. Tito Sinha**
**TAKEROOT JUSTICE**
**123 William Street, 16th Floor**
**New York, New York 10038**
**tsinha@takerootjustice.org**
**Tel: (212) 810-6744**

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Table of Contents ............................................................................................................i

Table of Authorities .......................................................................................................ii

Preliminary Statement ....................................................................................................1

Statement of Facts...........................................................................................................3

      1) Initial Claim ....................................................................................................3

      2) The First Removal and Judge Forrest's Remand .....................................3

      3) Subsequent Proceedings in State Court ....................................................6

      4) Union Grievance and Additional Proceedings in State Court ................6

      5) The Union Removal ................................................................................9

Argument .....................................................................................................................10

THE COURT SHOULD GRAND PLAINTIFF'S MOTION TO

REMAND ....................................................................................................10

1) The Law of the Case Doctrine Governs Here and Dictates Removal .10

    a. There is no Controlling Precedent Disagreeing with Judge Forrest's

    Decision ...................................................................................................11

    b. There is No New Evidence Warranting Departing From Judge

    Forrest's Decision, Nor is There a Need to Remedy Clear Error or

    Prevent Manifest Justice .......................................................... …...14

    2) The Court Should Award to Plaintiffs' Attorneys' Fees and Damages

    .......................................................................................................…...15

Conclusion.....................................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs., No. 20-CV-3611 (JGK), 2021 WL 708584, at *13 (S.D.N.Y. Feb. 19, 2021) .................................................................. 7, 9

Agarunova v. Stella Orton Home Care Agency, Inc., 794 F. App'x 138, 140 (2d Cir. 2020) ...... 11

Arroyo v. NYU Langone Hosp., No. 19 CIV. 1624 (KPF), 2019 WL 5682628, at *5 (S.D.N.Y. Oct. 31, 2019) .................................................................................................................... 12

Berger v. New York Univ., No. 19-CV-267 (JPO), 2019 WL 3526533, at *4 (S.D.N.Y. Aug. 2, 2019) .......................................................................................................................... 12

Cardona v. Taylor, No. 1:17-CV-320-GHW, 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017) .......................................................................................................................................... 11

Chu v. Chinese-Am. Plan. Council Home Attendant Program, Inc., 194 F. Supp. 3d 221 (S.D.N.Y. 2016) ....................................................................................................................Passim

Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc., Doc. No. 15-9605 (LGS) ...................................................................................................................... 6

Chan v. Chinese-Am. Plan. Council Home Attendant Program, Inc., 180 F. Supp. 3d 236, 239 (S.D.N.Y. 2016) ................................................................................................................. 6

Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.1983 ............................. 11

Gansburg v. Blachman, 111 A.D.3d 935, 936, 977 N.Y.S.2d 43, 45 (2nd Dept. 2013) ................16

Gen. Elec. Cap. Corp. v. Cutler, No. 15 CIV. 4420 (PAE), 2015 WL 7444627, at *2 (S.D.N.Y. Nov. 23, 2015) .................................................................................................................. 15

Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp., No. 20-CV-3929 (JGK), 2021 WL 632493, at *5 (S.D.N.Y. Feb. 18, 2021) ......................................... 12

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35, 111 S. Ct. 1647, 1657, 114 L. Ed. 2d 26 (1991) ................................................................................................................................ 9

Hichez v United Jewish Council of the E. Side, 179 AD3d 576 [1st Dept 2020] .................... 9, 11

Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P., No. 1:21-CV-00038-MKV, 2021 WL 535485, at *3 (S.D.N.Y. Feb. 12, 2021) ................................................................. 10

Konstantynovska v Caring Professionals, Inc., 172 AD3d 486 (1st Dept 2019)......................... 11

Laurent v. PriceWaterhouseCoopers LLP, 963 F. Supp. 2d 310, 314 (S.D.N.Y. 2013) .............. 10

Lorentti-Herrera v All. for Health, Inc., 173 AD3d 596 (1st Dept 2019)..................................... 11

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ........................................................ 15

Rodriguez v. Newmark & Co. Real Est., Inc., No. 19-CV-9607 (KMW), 2020 WL 3073259, at *3 (S.D.N.Y. June 10, 2020)............................................................................................................ 12

Savino v. Savino, 590 F. App'x 80, 81 (2d Cir. 2015)................................................................... 16

Torah Soft Ltd. v. Drosnin, 224 F. Supp. 2d 704, 710 (S.D.N.Y. 2002)...................................... 10

Vera v. Saks & Co., 335 F.3d 109, 115 (2d Cir. 2003) ................................................................ 14

Volpe v. Cortes, 16 A.D.3d 675, 676, 792 N.Y.S.2d 536, 537 (2nd Dept. 2005) ........................ 13

**Statutes**

LMRA § 301 .................................................................................................................................4, 10

28 U.S.C. § 1447(c) .........................................................................................................................15

## PRELIMINARY STATEMENT

Five years ago, Defendant Chinese-American Planning Council Home Attendant Program, Inc. removed this New York Labor Law case from New York State Supreme Court to this Court, arguing that a Memorandum of Agreement it signed with 1199SEIU United Healthcare Workers East required Plaintiffs Mei Kum Chu, Sau King Chung and Qun Xiang Ling to arbitrate their claims. Judge Katherine Forrest determined that Plaintiffs do not have to arbitrate and also that arbitration is a defense and a defense cannot create federal jurisdiction supporting removal. As a result, Judge Forrest remanded this case back to state court. Five years later, Defendant again removes this case for the same reason as before. This Court should follow Judge Forrest's lead and again remand this case back to state court.

Plaintiffs are homecare workers who assert state law claims arising out of Defendant's failure to compensate them in accordance with various statutory and contractual requirements. Defendant, however, have removed this case, claiming that Plaintiffs' claims were preempted by Section 301 of the Labor Management Relations Act and therefore this Court supposedly possessed jurisdiction over Plaintiffs' state law claims. In particular, Defendant argued that to adjudicate Plaintiffs' claims the Court must interpret an arbitration provision in a 2015 Memorandum of Agreement that it signed with 1199. Judge Forrest rejected this argument as meritless back in 2015, determining that because Plaintiffs all stopped working for Defendant before the 2015 MOA became effective, Plaintiffs are not bound by it and do not have to arbitrate their claims. She also found that an attempt to compel arbitration is anyway a defense, and a defense cannot give rise to federal jurisdiction. Judge Forrest therefore remanded this case.

Judge Forrest's well-reasoned decision is law of the case and should not be disturbed. Defendant cannot point to any controlling precedent that justifies departure from Judge Forrest's decision. In fact, the Second Circuit, New York State Appellate Division, and courts of this district have all affirmed Judge Forrest's decision. Nor have the facts changed since 2016. Defendant removes based on the same 2015 MOA that was in effect when Judge Forrest remanded the case back in 2016. Instead of pointing to new controlling precedent or facts, Defendant argues that this Court has jurisdiction because 1199 is currently grieving an industry-wide arbitration and the Arbitrator has determined, contrary to Judge Forrest, the Second Circuit, the Appellate Division, and other courts, that he has jurisdiction even over employees who stopped working for the agency prior to the 2015 MOA. But the Arbitrator's decision is not controlling precedent and, in any event, Defendant's reliance on the Arbitrator's decision is a defense, and a defense cannot give rise to federal jurisdiction. Accordingly, the Court should remand this case.

Given the lack of objective reasonableness of Defendant's basis for removal, the Court should award to Plaintiffs fees and costs for having to make this motion. A court may award fees and costs unless the removing party had an objectively reasonable basis for removal. Defendant is attempting to delay this case and get a second bite of the apple with the hope of avoiding precedent in the state courts that it does not like. But Defendant's purported basis for removal – that Plaintiffs supposedly must arbitrate their NYLL claims – is not only wrong, but as Judge Forrest correctly ruled, is a defense that cannot create federal jurisdiction. Defendant is obviously aware of Judge Forrest's decision, and the Second Circuit has in recent years affirmed an award of fees and costs when the removing party removed a case based on a defense.

Because Defendant has no objectively reasonable basis for removing this case, the Court should award to Plaintiffs fees and costs.

## STATEMENT OF FACTS

### 1. The Initial Complaint.

Plaintiffs were homecare aides employed by Defendant to care for elderly individuals in and around New York City. Approximately five years ago, in April 2016, Plaintiffs commenced this action in New York State Supreme Court on behalf of themselves and a class of homecare aides. (The Original Complaint in this case is attached to the Taubenfeld Declaration as **Exhibit 1**). In the Complaint, Plaintiffs alleged that they worked 24 hour shifts each week without being paid properly for each hour they worked and asserted NYLL claims for failure to pay (1) minimum wages, (2) overtime wages, (3) spread-of-hours wages, and (4) straight time wages. Plaintiff also asserted NYLL claims for failure to provide a proper wage documents, and a further asserted a variety of common law claims arising out of Defendant's failure to pay Plaintiffs properly. (**Ex. 1**, Compl.).

### 2. The First Removal and Judge Forrest's Remand.

Rather than respond to the Complaint, Defendant removed this case to this Court. Plaintiffs moved to remand this case back to state court, and Judge Katherine Forrest granted Plaintiffs' motion. Chu v. Chinese-Am. Plan. Council Home Attendant Program, Inc., 194 F. Supp. 3d 221 (S.D.N.Y. 2016).

In her decision, Judge Forrest laid out the well-known principles of removal jurisdiction. She initially noted that removal jurisdiction "must be strictly construed" and that "any doubts should be resolved against removability out of respect for the limited jurisdiction of the federal courts and the rights of states." Id. at 225 (internal quotations omitted). Consistent

with that understanding, she noted that the party seeking removal "bears the burden of showing that federal jurisdiction is proper." Id. Judge Forrest then recounted the "well-pleaded complaint rule" whereby "federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." Id. at 226.

Judge Forrest identified, however, a limited exception under Section § 301 of the Labor Management Relations Act to the "well-pleaded complaint rule." Under the LMRA, when a complaint alleges a violation of a labor contract, "such claim is preempted by section 301 and must instead be resolved by reference to federal law." Id. Judge Forrest further recognized that LMRA § 301 preemption also applies when a "state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." Id.

Despite the seeming broad reach of LMRA§ 301, Judge Forrest recognized the LMRA does not preempt every claim involving a CBA, and claims arising out of independent state laws or that merely require reference a CBA, such as to determine damages, do not preempt state law. Id. at 227. Only when the court must interpret the CBA itself does LMRA §301 preempt state claims. Id.

Applying these principles to Plaintiffs' complaint, Judge Forrest found that the LMRA does not preempt Plaintiffs' claims and that remand was warranted. She recounted that courts found LMRA preemption in only three contexts: "(1) cases in which a plaintiff alleges that defendant violated the CBA itself, (2) cases in which a plaintiff claims that a provision of the CBA itself violates state law, and (3) cases in which a CBA provision relevant to the plaintiff's claim is ambiguous." Id. at 227. Judge Forrest determined that Plaintiffs' complaint did not allege either any violation of the CBA or that the CBA violated state law, so preemption was

only warranted if the "plaintiffs' claims substantially depend" on CBA provisions "that are ambiguous or otherwise require interpretation." Id.

Judge Forrest then proceeded to reject Defendant's argument that Plaintiffs' claims substantially depend on the CBA. Defendant argued that a Memorandum of Agreement executed between it and 1199SEIU United Healthcare Workers East effective on December 1, 2015 required Plaintiffs to arbitrate their claims. (The 2015 MOA is attached to the Taubenfeld Declaration as **Exhibit 2**). But Judge Forrest found this argument to be without "merit." Id. at 228. Because Plaintiffs no longer worked for Defendant as of December 1, 2015, they could not be bound by the MOA executed after their employment ended. Id. Therefore, the only collective bargaining agreements that potentially applied to Plaintiffs were a 2012 CBA and 2014 MOA. Id.

Judge Forrest found that these labor agreements did not provide the Court with jurisdiction over Plaintiffs' claims. She first determined that while the 2012 CBA and 2014 MOA both contain provisions relating to wages, Plaintiffs' claims under the NYLL were legally independent of those labor agreements and the the wage provisions in those agreements do not need to be interpreted at all to adjudicate Plaintiffs' claims. Id. at 228-9. She also found that the arbitration-related provisions in those agreements do not create LMRA preemption. Crucially, she held that "a defendant's assertion that a collective bargaining agreement compels arbitration is a defense to a claim that is distinct from the LMRA complete preemption doctrine and as such does not create a valid basis for federal jurisdiction." Id. at 229. Judge Forrest also found that no provision in the 2012 CBA or 2014 MOA created "a clear and unmistakable waiver of rights to bring a statutory claim in a judicial forum." Id. at 230. Judge Forrest therefore found that the

Court lacked subject matter jurisdiction over Plaintiffs' claims and remanded the case to state court.

### 3. Subsequent Proceedings in State Court.

After remand to state court, Defendant moved to stay or dismiss this proceeding because of the existence of a similar putative class action brought by three former home health aides against it. Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc., Doc. No. 15-9605 (LGS). Chan had been stayed pending arbitration because the plaintiffs worked for Defendant after the 2015 MOA came into effect and were therefore required to arbitrate. Chan v. Chinese-Am. Plan. Council Home Attendant Program, Inc., 180 F. Supp. 3d 236, 239 (S.D.N.Y. 2016) (Forrest, J.). On April 17, 2017, the state court determined that the purported class in this case and in Chan overlapped and therefore stayed this case pending the completion of the arbitration in Chan. (The April 17, 2017 Order is attached to the Taubenfeld Declaration as **Exhibit 3** p. 7-8). Because of this overlap, the Court found that staying the matter would avoid duplication of effort and wasting of judicial resources. **Ex. 3**, p. 8. The case remained stayed until March 2019, when the state court *sua sponte* dismissed this matter without prejudice based on the existence of the Chan matter and permitted Plaintiffs to restore this matter "following the completion of the arbitration if that process does not resolve all issues in this action." (The February 25, 2019 Order is attached to the Taubenfeld Declaration as **Exhibit 4**).

### 4. Union Grievance and Additional Proceedings in State Court.

In January 2019, 1199 filed an industry-wide grievance against Defendant and dozens of other homecare agencies alleging wage violations. Following approximately a year of settlement negotiations, the parties proceeded to arbitration in late 2019. On January 10, 2020, Plaintiffs moved to stay the arbitration as to them and further requested that the state court

reinstate this case. Plaintiffs relied on three Appellate Division, First Department decisions issued after dismissal of their case that held that individuals, like Plaintiffs here, who ceased work prior to the execution of virtually identical MOAs with 1199 were not required to arbitrate their claims. Hichez v United Jewish Council of the E. Side, 179 AD3d 576 (1st Dept 2020); Konstantynovska v Caring Professionals, Inc., 172 AD3d 486 (1st Dept 2019); Lorentti-Herrera v All. for Health, Inc., 173 AD3d 596 (1st Dept 2019). The Court initially denied Plaintiffs' motion. Subsequently, the Arbitrator overseeing the union grievance determined, contrary to Judge Forrest's decision in this case, that he had jurisdiction over even employees who stopped working prior to the 2015 MOA coming into effect. 1199 moved to confirm that award, which Plaintiffs and other homecare workers opposed, but Judge John Koeltl denied Plaintiffs' motion to intervene and confirmed the Arbitrator's award, finding upon a "highly deferential review" that the Arbitrator did not act outside of the scope of his authority. 1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs., No. 20-CV-3611 (JGK), 2021 WL 708584, at *13 (S.D.N.Y. Feb. 19, 2021).

While the confirmation battle raged, Plaintiffs moved for reargument of the state court's refusal to reinstate this case and further requested that the state court lift the stay that it had initially imposed prior to dismissing the case. The state court ultimately reinstated the case. (The February 9, 2021 Order is attached to the Taubenfeld Declaration as **Exhibit 5**) It also directed "Plaintiffs to file an amended complaint wherein the definition of 'Class Members' is amended to clarify beyond any doubt that the proposed class does not include any employees who worked on or after the execution of the MOA on December 1, 2015." **Ex. 5**, p. 10. The state court denied Plaintiffs' concurrent motion to vacate the stay without prejudice subject to renewal after Plaintiffs amended their complaint. Although it denied the motion to vacate the

stay, the state court noted that it had granted the stay originally because of the supposed overlap of classes in this case and the Chan arbitration. However, the state court recognized that "there will be no longer be an issue with class overlap with *Chan* once the complaint is amended to reflect that the class in this proceeding is wholly separate from the class in the *Chan* arbitration." **Ex. 5**, p.11. As a result, the Court gave Plaintiffs leave to renew their motion to vacate the stay once they amend their complaint. Defendant immediately filed a Notice of Appeal on the grounds that the state court supposedly improperly gave Plaintiffs leave to amend their complaint, even though Defendant had not yet filed a responsive pleading and therefore Plaintiff could amend as of right. (Defendant's Notice of Appeal is attached to the Taubenfeld Declaration as **Exhibit 6**).

A few days after the Court reinstated the case, Plaintiffs filed an amended complaint that clearly limited the class to employees who worked prior to the MOA. The Amended Complaint defines the Class as follows:

> All home care aides, meaning home health aides, personal care aids, home attendants or other licensed or unlicensed persons whose primary responsibilities include the provision of in-home assistance with activities of daily living, instrumental activities of daily living or health-related tasks, employed by Defendant in New York to provide care services to Defendant's elderly and disabled clients in the clients' homes during the period beginning from April 1, 2008 until November 30, 2015, and that such Class Members must have ceased their employment with Defendant before December 1, 2015 (the "Class Period"), which is the date the Memorandum of Agreement ("MOA") between 1199 SEIU United Healthcare Workers East (the "Union") and Defendant came into effect. For the sake of clarity, the Class does not include any employees who worked for Defendant at any point on or after the MOA came into effect. Any employee who worked for Defendant on or after the MOA came into effect is not included in the Class.

(The Amended Complaint is attached to the Taubenfeld Decl. as **Exhibit 7** ¶16).

A few days later, Plaintiffs moved to vacate the stay in state court on the grounds that there was no longer an overlap between the putative classes in this case and Chan. Anticipating

Defendant's likely response to that motion, Plaintiffs included the following footnote in their motion:

> In opposing this motion, Defendant will likely point to the Arbitrator's Award from April 2020 determining, upon the Union's petition, that he is authorized to adjudicate the pre-MOA employees' claims and the federal district court's confirmation late last week of that award. See, United HealthCare Workers East v. PSC Community Services et al, SDNY Docket No. 20-cv-03611-JGK 1199SEIU Docket Entry 159. Plaintiffs are not a party to that proceeding and the federal court denied their motion to intervene to challenge the award. Further, the First Department disagrees with the arbitrator and has repeatedly found that the arbitrator cannot resolve pre-MOA employees' claims. See, e.g., Hichez v United Jewish Council of the E. Side, 179 AD3d 576 [1st Dept 2020]. Therefore, because Plaintiffs and the class "had not agreed to arbitrate their statutory claims, and the labor [arbitrator was] not authorized to resolve such claims, the arbitration [does] not . . . preclude [] statutory actions." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35, 111 S. Ct. 1647, 1657, 114 L. Ed. 2d 26 (1991). Plaintiffs may therefore proceed with this action no matter what the arbitrator decides in the separate action asserted by the Union.

(Plaintiffs' Memorandum of Law is attached to the Taubenfeld Declaration as **Exhibit 8**, p. 5, n.1)

### 5. The Second Removal.

On March 11, 2021, Defendant yet again removed this case to federal court. (Defendant's second Notice of Removal is attached to the Taubenfeld Declaration as **Exhibit 9**). In its second Notice of Removal, Defendant recounted the history of the union arbitration, along with the Arbitrator's Award and Judge Koeltl's confirmation of that Award. Defendant then went on, based on Plaintiffs' footnote in their motion to vacate the stay, to assert without basis that Plaintiffs "attempt[ed] to substitute their own interpretation of the [2012] CBA and 2015 MOA for that of the Arbitrator and this Court," which Defendant then somehow concluded was "a challenge to the scope of the Arbitrator's authority that cannot be resolved without interpretation of the [2012] CBA and 2015 MOA . . ." **Ex. 9**, ¶ 18. Although Defendant acknowledged that Plaintiffs did not actually seek to vacate or otherwise challenge the Award, it

claimed that Plaintiffs "implicitly" challenged and attempted to vacate the Arbitrator's award merely by moving to vacate the stay of their 5-year-old case. **Ex. 9**, ¶21. Defendant therefore for a second time argued that LMRA § 301 preempts this Action and warrants removal because failing to remove the case would "implicitly result in the inconsistent interpretations of the scope and application of the [2012] CBA and 2015 MOA." **Ex. 9**, ¶ 22.

Plaintiffs now move to remand this proceeding to state court.

## ARGUMENT

## THE COURT SHOULD GRANT PLAINTIFFS' MOTION TO REMAND

**1. The Law of the Case Doctrine Governs Here and Dictates Remand.**

The Court should remand this case to the New York State Supreme Court because it lacks jurisdiction over Plaintiffs' exclusively state law claims. Although Defendant wants the Court to adopt the Arbitrator's award and disregard Judge Forrest's original remand decision, Judge Forrest's decision is law of the case and should not be disturbed. The law of the case doctrine applies even to pre-removal state court orders. Torah Soft Ltd. v. Drosnin, 224 F. Supp. 2d 704, 710 (S.D.N.Y. 2002). Similarly, the law of the case doctrine applies in federal lawsuits even when the case is transferred to a different federal judge. Laurent v. PriceWaterhouseCoopers LLP, 963 F. Supp. 2d 310, 314 (S.D.N.Y. 2013) (Oetken, J.). Therefore, the law of the case doctrine applies here, and Defendant must show "cogent or compelling reasons to depart from a" previous decision. Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P., No. 1:21-CV-00038-MKV, 2021 WL 535485, at *3 (S.D.N.Y. Feb. 12, 2021) (Vyskocil, J.) (declining to reconsider decision by state court because, in part, a lack of change in controlling law). "Under law of the case doctrine, the principal bases for departure from a prior ruling include an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. at 3 (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.1983).

      **A.**      **There is No Controlling Precedent Disagreeing With Judge Forrest's Decision.**

There is no basis to depart from Judge Forrest's well-reasoned decision. Most crucially, there has been no change in controlling law. Judge Forrest remanded this case for two primary reasons. First, she determined that the 2015 MOA does not require Plaintiffs to arbitrate because they ceased working for Defendant prior to its effective date. Second, she held that the grievance and arbitration provisions in the 2012 CBA and 2014 MOA do not confer subject matter jurisdiction on the Court because any argument that Plaintiffs must arbitrate their claims is a defense, and a defense cannot give rise to LMRA preemption.

Courts have repeatedly reaffirmed both of these grounds for Judge Forrest's decision. The Second Circuit recently also held that pre-MOA employees such as Plaintiffs do not have to arbitrate because the 2015 MOA does not apply to them since they no longer worked for their employer when it entered into the 2015 MOA with 1199. Agarunova v. Stella Orton Home Care Agency, Inc., 794 F. App'x 138, 140 (2d Cir. 2020). As noted above, the Appellate Division, First Department has repeatedly come to the same conclusion as well. Hichez v United Jewish Council of the E. Side, 179 AD3d 576 (1st Dept 2020); Konstantynovska v Caring Professionals, Inc., 172 AD3d 486 (1st Dept 2019); Lorentti-Herrera v All. for Health, Inc., 173 AD3d 596 (1st Dept 2019). While Judge Koeltl recently disagreed with these decisions, Judge Koeltl's decision was based on a review highly deferential to the Arbitrator, and in any event decisions by concurrent district courts are not controlling authority. Cardona v. Taylor, No. 1:17-CV-320-GHW, 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017) (Woods, J.)

Similarly, Judge Forrest's determination that Defendant's attempt to compel arbitration is a defense, and that a defense cannot give rise to LMRA jurisdiction has been cited favorably and reaffirmed repeatedly by courts in this District.  See, e.g., Berger v. New York Univ., No. 19-CV-267 (JPO), 2019 WL 3526533, at *4 (S.D.N.Y. Aug. 2, 2019) ("an anticipated or actual federal defense generally does not qualify a case for removal, . . . and this rule applies to a defendant's assertion that a collective bargaining agreement compels arbitration of a non-preempted state-law claim, *Chu*, 194 F. Supp. 3d at 229") (Oetken, J.); Arroyo v. NYU Langone Hosp., No. 19 CIV. 1624 (KPF), 2019 WL 5682628, at *5 (S.D.N.Y. Oct. 31, 2019) ("an anticipated or actual federal defense generally does not qualify a case for removal and this rule applies to a defendant's assertion that a collective bargaining agreement compels arbitration of a non-preempted state-law claim . . . *Chu* v. *Chinese-Am. Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 228-29 (S.D.N.Y. 2016) (Failla, J.); Rodriguez v. Newmark & Co. Real Est., Inc., No. 19-CV-9607 (KMW), 2020 WL 3073259, at *3 (S.D.N.Y. June 10, 2020) ("[A]n anticipated or actual federal defense generally does not qualify a case for removal." *see also Chu v. Chinese-American Planning Council Home Attendant Program, Inc.,* 194 F. Supp. 3d 221, 229 (S.D.N.Y. 2016) (Wood, J.)).

Defendant does not point to any authority, never mind any controlling authority, that contradicts Judge Forrest's holding that defenses, such as a motion to compel arbitration, cannot warrant removal.  Defendant instead tenuously claims that Plaintiffs' request that the state court simply vacate the stay in their 5-year-old case was an "implicit" attempt to overturn the Arbitrator's decision.  Citing to Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp., No. 20-CV-3929 (JGK), 2021 WL 632493, at *5 (S.D.N.Y. Feb. 18, 2021)

(Koeltl, J.), Defendant incorrectly claims that by moving to vacate the stay, Plaintiffs conferred jurisdiction on this Court.

This argument distorts Plaintiffs' motion beyond recognition. All Plaintiffs did is move to vacate the stay and alert the state court to a possible defense that Defendant could raise, namely that an arbitrator reached a different conclusion than the First Department on whether Plaintiffs would have to arbitrate. **Ex. 8**, p. 5, n.1. Plaintiffs did not ask the state court to do anything about the Arbitrator's award, and the state court does not need to address the 2012 CBA or 2015 MOA at all when deciding whether to vacate the stay. It merely must determine whether the new class definition in the Amended Complaint overlaps with the class definition in the federal <u>Chan</u> action, the same thing it did when it imposed the stay in April 2017. **Ex. 3**, p. 7-8, **Ex. 5**, p. 11. And if the state court vacates the stay, the arbitration will only come up if Defendant raises it as a defense. Defendant will have to respond to Plaintiffs' Amended Complaint, which it could do so by filing an Answer or a dispositive motion unrelated to the arbitration. Or Defendant could file a motion to compel arbitration or to dismiss under CPLR 3211(a)(5) based on "arbitration and award." But the arbitration and the Arbitrator's award would come into play only if Defendant asserts it as a *defense*. <u>Volpe v. Cortes</u>, 16 A.D.3d 675, 676, 792 N.Y.S.2d 536, 537 (2nd Dept. 2005) (noting the "defense of arbitration and award pursuant to CPLR 3211(a)(5).") If Defendant chooses not to raise that defense, the state court will never have to address the effect of the Arbitrator's award.

By contrast, in <u>Guzman</u> the homecare workers affirmatively requested that the state court vacate and stay portions of the Arbitrator's award. Judge Koeltl determined that as a result of the plaintiffs' request, he had to interpret the 2015 MOA to determine whether the Arbitrator had jurisdiction over the plaintiffs' claims. In other words, for Judge Koeltl to grant

the plaintiffs' requested relief, he felt he had to interpret the 2015 MOA. <u>Guzman</u>, 2021 WL 632493, at *5 ("By seeking to vacate the Award on the grounds that the Arbitrator exceeded his authority, the Plaintiffs have made the interpretation of the CBA and the MOA key issues in dispute, and thus removal is proper") By contrast, here, Plaintiffs merely moved to vacate the stay in their case and the arbitration will only become relevant if Defendant raises it as a defense. But since a defense cannot give rise to removal jurisdiction, the Court continues to lack jurisdiction over the case.

### B. There is No New Evidence Warranting Departing From Judge Forrest's Decision, Nor is There a Need To Remedy Clear Error or Prevent Manifest Injustice.

Nor do any other compelling reasons support departing from Judge Forrest's decision. First, no new evidence has come to light. Defendant's argument that removal is warranted is based on the 2012 CBA and 2015 MOA, both of which Judge Forrest addressed in her decision.[1] Nor do the Arbitrator's award and Judge Koeltl's confirmation of that award constitute "new evidence." Both are decisions by tribunals, and as noted above, these decisions are not controlling. Similarly, there is no need to correct a clear error. Far from being erroneous, Judge Forrest's decision comports with both the Second Circuit and the Appellate Division's subsequent decisions.

Finally, there is no manifest injustice that Defendant would suffer if the Court adopts Judge Forrest's decision. If the Court grants this motion, all that would happen is that this

---

[1] Defendant may note that Plaintiffs' amended complaint, unlike its original complaint, does refer to the 2015 MOA. **Ex. 7** ¶16. However, it does so solely as a reference point for when the class period ends—to establish that no employee is a class member if he or she worked for Defendant after the 2015 MOA came into effect. Of course, the mere reference to a labor agreement in a complaint does not give rise to federal jurisdiction. <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 115 (2d Cir. 2003) (no preemption of a state law claim by a "mere referral to the CBA" in a complaint.)

case would return to state court. Defendant is free to make any arguments it wishes there. And while Defendant argues in its second Notice of Removal that allowing this case to remain in state court could result in "inconsistent interpretations of the scope and application of the [2012] CBA and 2015 MOA," it is the Arbitrator's award that is inconsistent with Second Circuit and First Department precedent on the jurisdictional reach of the 2015 MOA.

Far from Judge Forrest's decision being manifestly unjust, it simply gave proper "respect for the limited jurisdiction of the federal courts and the rights of states." Chu, 194 F. Supp. 3d at 225. By contrast, it is Defendant who five years into this lawsuit are trying to delay this proceeding and forum shop to avoid state court precedents it does not like.

Accordingly, under the law of the case doctrine, this Court has no jurisdiction over this matter and should grant Plaintiffs' motion to remand.

## 2. The Court Should Award to Plaintiffs Attorneys' Fees and Costs.

The Court should permit Plaintiffs to recover their attorneys' fees and costs in making this motion. "Under 28 U.S.C. § 1447(c), a Court remanding a case to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Gen. Elec. Cap. Corp. v. Cutler, No. 15 CIV. 4420 (PAE), 2015 WL 7444627, at *2 (S.D.N.Y. Nov. 23, 2015) (Engelmayer, J.) A removing party can avoid paying attorneys' fees and costs where it had an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). However, the "case for removal need not be frivolous or without foundation to justify an award of fees—only unreasonable." Cutler, 2015 WL 7444627, at *2 (quoting Martin, 546 U.S. at 138 (internal quotation marks omitted)).

There was no objectively reasonable basis for removing this case. As noted above, it is "settled law that a case may *not* be removed to federal court on the basis of a federal defense." Savino v. Savino, 590 F. App'x 80, 81 (2d Cir. 2015) (affirming the award of fees in an improper removal based on federal defense) (emphasis in original). Defendant is certainly aware of this rule, since Judge Forrest remanded this case precisely because Defendant's arbitration defense could not give rise to subject matter jurisdiction. Yet despite Judge Forrest's previous decision being law of the case, Defendant again removed this case based on the same arbitration provisions. There was no objectively reasonable basis for doing so, and the only possible explanation for Defendant's actions is that they wish to delay this already 5 year old case and forum shop to avoid unhelpful precedent in the state courts. These are not good reasons to remove a case and are consistent with Defendant's other actions designed to delay this case. As noted earlier, Defendant opposed Plaintiffs' motion to reinstate their case based on First Department precedent that clearly establishes that Plaintiffs do not have to arbitrate their case. And then before suddenly changing course and removing this action, Defendant appealed the state court's reinstatement of this action supposedly on the grounds that the state court erred by vacating the stay so that Plaintiffs can amend their complaint. **Ex. 9**, p. 5. But because Defendant has not filed a responsive pleading, Plaintiffs could have amended their original complaint as of right, and therefore the state court could not have erred in granting leave that was not necessary in the first place. Gansburg v. Blachman, 111 A.D.3d 935, 936, 977 N.Y.S.2d 43, 45 (2nd Dept. 2013) ("Since no responsive pleading had been served at the time the petition was amended, the amendment could have been made as a matter of right (*see* CPLR 3025 [a]")")

Because clearly established law precluded this removal, Plaintiffs can recover their fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' motion to remand in its entirety, award attorneys' fees and costs, and grant any further Plaintiffs all available relief.

Dated: New York, New York
March 18, 2021

By:       /s/ Michael Taubenfeld
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
michael@fishertaubenfeld.com
Tel:(212) 571-0700
Fax:(212) 505-2001

S. Tito Sinha, Esq.
TAKEROOT JUSTICE
123 William Street, 16th Floor
New York, New York 10038
tsinha@takerootjustice.org
Tel: (212) 810-6744
Fax: (212) 619-0653

*Attorneys for Plaintiffs*