UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MEI KUM CHU, SAU KING CHUNG, and QUN
XIANG LING, individually and on behalf of all others
similarly situated,

                       *Plaintiffs*,

- against -

CHINESE-AMERICAN PLANNING COUNCIL HOME
ATTENDANT PROGRAM, INC.,

                       *Defendant*.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 1:21-cv-02115-AT

-----------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS AND/OR STAY THE ACTION


**Hogan Lovells US LLP**
**390 Madison Avenue**
**New York, New York 10017**
**(212) 918-3000**


**Of Counsel**
**Kenneth Kirschner**
**David Baron**

# TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

RELEVANT FACTS AND PROCEDURAL HISTORY ........................................................ 2

     A.     The Underlying Collective Bargaining Agreements ................................. 2

     B.     The Duplicate Actions ............................................................................. 3

           1.     Chan, et al. v. CPC ...................................................................... 3

           2.     The Arbitration ............................................................................ 4

     C.     The Instant Action .................................................................................. 6

ARGUMENT .......................................................................................................................... 8

I.     THIS COURT SHOULD DISMISS THIS MATTER PURSUANT TO THE "PRIOR ACTION PENDING" DOCTRINE ............................................................ 9

II.     ALTERNATIVELY, THIS COURT SHOULD STAY THE MATTER PURSUANT TO THE FAA AND/OR ITS INHERENT POWERS TO STAY LITIGATION PENDING BINDING ARBITRATION ....................................................................... 12

     A.     A Stay is Required under the FAA ......................................................... 12

     B.     A Stay is Proper Under the Court's Inherent Authority to Stay Litigation Pending Binding Arbitration ........................................................................ 13

CONCLUSION ....................................................................................................................... 16

**Page(s)**

FEDERAL CASES

*1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*,
No. 20-CV-3611 (JGK), 2021 WL 708584 (S.D.N.Y. Feb. 19, 2021)...........................1, 3, 13

*A&A Maint. Enter., Inc. v. Ramnarain*,
982 F.3d 864 (2d Cir. 2020)...............................................................................13

*Adam v. Jacobs*,
950 F.2d 89 (2d Cir. 1991)..................................................................................9

*Aekyung Co. Ltd. v. Intra & Co., Inc.*,
No. 99 Civ. 11773(LMM), 2000 WL 1521202 (S.D.N.Y. Oct. 13, 2000) .............................14

*Argus Media Ltd. v. Tradition Fin. Servs. Inc.*,
No. 09 CIV. 7966(HB), 2009 WL 5125113 (S.D.N.Y. Dec. 29, 2009) ...........................13

*Byron v. Genovese Drug Stores, Inc.*,
No. 10-CV-03313, 2011 WL 4962499 (E.D.N.Y. Oct. 14, 2011)...........................9

*Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*
No. 15 Civ. 09605 (S.D.N.Y. Feb. 3, 2016) ................................................. passim

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976)...........................................................................................9

*Curtis v. Citibank, N.A.*,
226 F.3d 133 (2nd Cir. 2000)..............................................................................9

*Curtis v. DiMaio*,
46 F. Supp. 2d 206 (E.D.N.Y. 1999), aff'd 205 F.3d 1322 (2d Cir. 2000)........................9, 11

*Fed. Ins. Co. v. Kingsbury Properties, Ltd.*,
Nos. 90 CIV. 6211 (JMC), 6357 (JMC), 1992 WL 178588 (S.D.N.Y. July 14,
1992) .............................................................................................................9

*GlobeNet Cabos Submarinos Am. Inc. v. FSF Tech. LTDA EPP*,
No. 18 cv. 4477, 2019 WL 1437163 (S.D.N.Y. Mar. 29, 2019) ...........................15

*Howard v. Klynveld PeatMarwick Goerdeler*,
977 F. Supp. 654 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999)..................10

*Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*,
59 F. Supp. 3d 617 (S.D.N.Y. 2014).....................................................................10

**Page(s)**

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*,
    342 U.S. 180 (1952) ............................................................................9

*Landis v. North Am. Co.*,
    299 U.S. 248 (1936) ...........................................................................14

*McMahan Sec. Co. L.P. v. Forum Cap. Markets L.P.*,
    35 F.3d 82 (2d Cir. 1994) ...................................................................13

*Midland Walwyn Cap. Inc. v. Spear, Leeds & Kellogg,*
    No. 92 Civ 2236, 1992 WL 249914 (LLM), (S.D.N.Y. Sept. 22, 1992) .................................14

*Orange Chicken, L.L.C. v. Nambé Mills, Inc.*,
    No. 00 Civ. 4730(AGS), 2000 WL 1858556 (S.D.N.Y. Dec. 19, 2000) ..........................13, 14

*Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela,*
    991 F.2d 42 (2d Cir. 1993) ...................................................................13

*Sierra Rutile Ltd. v. Katz,*
    937 F.2d 743 (2d Cir. 1991) ................................................................14

*WorldCrisa Corp. v. Armstrong,*
    129 F.3d 71 (2d Cir. 1997) ..............................................................13, 14

**OTHER CASES**

*Chan, et al. v. Chinese-American Planning Council Home Attendant Program,*
    *Inc.*, Index No. 650737/2015 ............................................................3

*Mei Kum Chu et al v. Chinese-American Planning Council Home Attendant*
    *Program, Inc.*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup.
    Ct. Feb. 24, 2021) ....................................................................... passim

**FEDERAL STATUTES**

29 U.S.C. § 159(a) ...............................................................................12

Federal Arbitration Act § 3, 9 U.S.C. § 3 ...............................................12

**Page(s)**

**OTHER STATUTES**

New York Labor Law

§ 190 et seq. ........................................................................6

§ 191 ...................................................................................6

§ 195 ...................................................................................6

§ 650 et seq. ........................................................................6

§ 652 et seq. ........................................................................6

**RULES**

AAA Rule 3(a) .....................................................................5

Fed. R. Civ. P. 23 ..............................................................10

## PRELIMINARY STATEMENT

The claims at issue in this action are pending in a binding arbitration. Accordingly, this case should be dismissed or, alternatively, stayed until the arbitration is complete.

Defendant Chinese-American Planning Council Home Attendant Program, Inc. ("CPC" or "Defendant") is a not-for-profit corporation that provides home health care services to elderly and disabled residents of New York City. Compl. ¶¶ 13, 23; Kirschner Decl., Ex. A[1]; Amend. Compl. ¶¶ 13, 23; Kirschner Decl., Ex. H. Plaintiffs Mei Kum Chu, Sau King Chung, and Qun Xiang Ling ("Plaintiffs"), three former CPC home health care aides, purport to represent a class of other former CPC aides. *See* Amend. Compl. ¶¶ 16, 24-26; Kirschner Decl., Ex. H. Plaintiffs assert a host of wage-and-hour claims under the New York Labor Law and the Wage Parity Act. *Id.* at ¶¶ 36, 37, 43, 44, 49–51, 57–61, 68–86, 87–98.

However, Plaintiffs' exact claims have now been twice sent to binding arbitration. First, they are subsumed by *Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc.*, Civil Action No. 15-09605 ("*Chan*"). *Chan*, which is pending before Judge Schofield, is currently stayed in its entirety pending arbitration. Second, Plaintiffs' claims are part of an industry-wide grievance-arbitration (the "Arbitration") brought on Plaintiffs' behalf by their exclusive bargaining representative, 1199SEIU United Healthcare Workers East (the "Union"). In the Arbitration, the Arbitrator has ruled—in an Award recently confirmed by Judge Koeltl—that the Arbitrator had jurisdiction over the class of individuals that includes Plaintiffs and their proposed putative class. *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, No. 20-CV-3611 (JGK), 2021 WL 708584, at *14 (S.D.N.Y. Feb. 19, 2021).

---

[1] All references to exhibits refer to the exhibits annexed to the Declaration of Kenneth Kirschner ("Kirschner Decl.").

It is well settled doctrine that duplicate actions should be dismissed or stayed. This doctrine requires dismissal or, in the alternative, a stay of this lawsuit, since Plaintiffs' claims are already on course to be resolved in another forum. To permit Plaintiffs to proceed in this action would not only violate this doctrine—it also would result in excessive and improper waste of judicial resources, and prejudice CPC by having to litigate Plaintiffs' claims in two forums simultaneously. Accordingly, CPC respectfully submits that the Court should dismiss this action or, alternatively, stay it pending resolution of the arbitration.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The relevant facts and portions of the long and complex procedural history of litigation between Plaintiffs, on the one hand, and CPC, on the other, are as follows.

### A. The Underlying Collective Bargaining Agreements

Since June 15, 2009, CPC has been party to a collective bargaining agreement ("CBA") with the Union, 1199SEIU United Healthcare Workers East, which is the sole and exclusive bargaining representative for tens of thousands of home care aides currently and formerly employed by home care agencies in New York City, including CPC. *See* Kirschner Decl., Ex. B. Throughout the course of the past twelve years, the Union has entered into a series of memoranda of agreements to modify and amend the CBA, the most recent of which was effective December 1, 2015 (the "2015 MOA"). *See* Kirschner Decl., Ex. C.

In the 2015 MOA, Plaintiffs, through the Union, agreed that "all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ('FLSA'), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the 'Covered Statutes'), in any manner, shall be subject exclusively to the grievance and arbitration procedures described in this Article." *Id.*. This provision supplemented

and incorporated the CBA, which sets forth specific multi-step grievance and arbitration procedures culminating in "final and binding arbitration under the Rules of the American Arbitration Association ['AAA']." Kirschner Decl., Ex. B. Plaintiffs have maintained that their claims are not arbitrable under the CBA as amended because they left CPC before the effective date of the 2015 MOA—a position that Judge Koeltl recently rejected, as did the Arbitrator currently hearing the Plaintiffs' claims. *PSC Cmty. Servs.*, 2021 WL 708584, at *14; Arbitrator Award at 15-16; Kirschner Decl., Ex. D.

### B. The Duplicate Actions

#### 1. *Chan, et al. v. CPC*

On March 11, 2015, three then-current CPC employees filed a complaint against CPC in New York Supreme Court—*Chan, et al. v. Chinese-American Planning Council Home Attendant Program, Inc.*, Index No. 650737/2015—alleging claims under the Covered Statutes (again, "*Chan*"). The *Chan* plaintiffs are represented by the same counsel as Plaintiffs here. The *Chan* plaintiffs purport to represent a putative class consisting of "all current and former home care aides…employed by Defendant…during the period from six years preceding the filing of the Complaint in this case through the present (the 'Class Period')." (*i.e.*, March 11, 2009 through present). *Chan* Amend. Compl. ¶¶ 21; Kirschner Decl., Ex. E .[2]

On November 9, 2015, the *Chan* plaintiffs added a cause of action under the FLSA— another Covered Statute. *Id.* ¶¶ 4, 22, 92-101. Accordingly, CPC removed the case to federal court. *Chan*, No. 15-cv-09605 (LGS)(S.D.N.Y Dec. 8, 2018); Notice of Removal; ECF. No. 1. The case was assigned to Judge Katherine Forrest. *See Chan*, No. 15-cv-09605 (LGS) (S.D.N.Y Dec. 9, 2015); Case Opening Initial Assignment Notice.

---

[2] Notably, and as set forth more fully below, this class definition subsumes almost the entire putative class as defined in the *Chu* complaint.

On December 15, 2015, CPC moved to compel arbitration in *Chan* pursuant to the terms of the CBA. *Chan*, No. 15-cv-09605 (LGS)(S.D.N.Y Dec. 15, 2015); Motion to Compel Arbitration; ECF. No. 5. On February 3, 2016, Judge Forrest granted CPC's motion and ordered *Chan* to be arbitrated. *See Chan v. Chinese-American Planning Council Home Attendant Program, Inc.* No. 15 Civ. 09605 (S.D.N.Y. Feb. 3, 2016). Unsatisfied, plaintiffs' counsel in *Chan* moved to reconsider on February 17, 2016. *Chan*, 15-cv-09605 (LGS)(S.D.N.Y Feb 17, 2016); Motion to Reconsider Order Compel Arbitration; ECF. No. 43. Judge Forrest denied that motion on April 8, 2016 and reiterated her holding that *Chan* must be submitted to arbitration pursuant to the CBA. *See Chan v. Chinese-American Planning Council Home Attendant Program, Inc.* No. 15 Civ. 09605 (S.D.N.Y. April 8, 2016). In her rulings, Judge Forrest held that the 2015 MOA was not independent from the CBA and that since it has "no temporal limitation on arbitrability," it applies retroactively to claims that accrued prior to its execution, without any distinction as to the dates of employment of the putative class members. *Id*.

*Chan* is presently stayed in its entirety pending arbitration.

2. *The Arbitration*

On January 2, 2019, the Union commenced an industry-wide Arbitration pursuant to the CBA and 2015 MOA against some 49 home care agencies—including CPC—with which it has collective bargaining relationships "concerning violations of the CBAs regarding wage and hour claims arising under the Covered Statutes." (again, the "Arbitration") Union Grievance; Kirschner Decl., Ex. F. The Union brought the Arbitration involving over 100,000 current and former employees of those agencies—including those, like Plaintiffs, who used to work for CPC. *Id*. By bringing this action, the Union absorbed the pending arbitration of *Chan* and similar litigations—those claims are now being adjudicated in the industry-wide Arbitration.

On or about December 24, 2019, Arbitrator Martin Scheinman, Esq. (the "Arbitrator") sought briefing and scheduled a hearing to determine whether the claims in the Arbitration, including claims on behalf of former Union bargaining unit members (like the *Chu* plaintiffs) were arbitrable and, if so, whether he had jurisdiction to adjudicate them. Arbitrator Award; Kirschner Decl., Ex. D. On April 17, 2020, the Arbitrator issued an award answering both questions in the affirmative (the "Award"). Thus, the Arbitrator accepted jurisdiction of the all the claims in this lawsuit. *See Id.*

On May 8, 2020, the Union filed a petition to confirm the Award, No. 20-cv-03611, which was assigned to Judge Koeltl (the "Confirmation Proceeding"). Petition to Confirm Arbitration, ECF, No. 1. On February 18, 2021, Judge Koeltl granted the Union's petition and confirmed the Award. Confirmation Order, ECF. No. 1-5, at 35; Kirschner Decl., Ex. G. In his opinion, Judge Koeltl affirmed that the Arbitrator has jurisdiction over the wage and hour claims, irrespective of Plaintiffs' allegations that the Arbitrator exceeded his authority by asserting jurisdiction over employees who were no longer employed at the time the 2015 MOA took effect (the "Confirmation Order"). *Id*. Of note, the Court reasoned:

> In this case, the CBA required that grievances be arbitrated. Pet. Ex. B, at 29 (Art. XXVI, ¶ 2). The subsequent 2015 MOA clarified that grievances relating to "Covered Statutes" must be arbitrated. See Pet. Ex. D, at 9. Thus, under both agreements there is plainly an agreement to arbitrate. Second, under the CBA, arbitrations occur pursuant to AAA Rules, including AAA Rule 3(a), which delegates questions of jurisdiction and "arbitrability" to the Arbitrator. Therefore, the Respondents and the Union (on behalf of its employees) agreed to arbitrate and to delegate questions of arbitrability and jurisdiction to the Arbitrator.
> The [*Chu* Plaintiffs] argue at length that the Arbitrator exceeded his authority because certain [*Chu* Plaintiffs] were no longer employees at the time the 2015 MOA took effect, and therefore they never consented to arbitrate their claims under the Covered Statutes. In addition, the [*Chu* Plaintiffs] argue that the 2015 MOA cannot relate back to claims based on violations of the Covered Statutes that occurred prior to the 2015 MOA.
> However, the [*Chu* Plaintiffs] arguments confuse the question of consent to arbitration (namely, did parties consent to arbitrate) with the question of arbitrability (namely, whether the dispute at issue is within the scope of

the arbitration agreement). The searching review that the [*Chu* Plaintiffs] encourage this Court to undertake is not appropriate, because the parties to the CBA–namely the Union and [CPC]–plainly agreed to arbitrate grievances and to delegate such questions of arbitrability to the Arbitrator.

*Id.* at 28-29.

The Arbitration, which has absorbed the *Chan* claims, is currently in discovery. *See* Kirschner Decl. ¶¶ 10.

### C. The Instant Action

Plaintiffs filed this lawsuit on April 12, 2016 (hereinafter, *"Chu"*), just four days after Judge Forrest reconfirmed her decision to compel *Chan* to arbitration. Summons and Complaint; Kirschner Decl., Ex. A. Plaintiffs assert in this action the same seven state-law causes of action as the *Chan* plaintiffs: (1) minimum wage under New York Labor Law ("NYLL") § 652 et seq.; (2) overtime under NYLL § 650 et seq.; (3) spread-of-hours pay under NYLL §§ 190 et seq. and 650 et seq.; (4) wages due under NYLL § 191; (5) wage notification requirements under NYLL § 195; (6) breach of contract citing the New York Home Care Worker Wage Parity Act ("Wage Parity Act"), N.Y. Public Law § 3614-c; and (7) unjust enrichment citing the Wage Parity Act. *Id.; See also* Amend. Compl.; Kirschner Decl. Ex. H. Plaintiffs try to distinguish this case from *Chan* by limiting the putative class to those employed by CPC before the December 1, 2015 effective date of the 2015 MOA—but in view of *Chan*'s class definition, this is no distinction at all. *See* Amend. Compl.; Kirschner Decl., Ex. H.

On September 26, 2016, CPC moved to stay *Chu* pending arbitration of *Chan* on the grounds that the claims and the class in *Chan* subsume the claims in this case. *Chu*, Index No. 651947/2016 (N.Y. Sup. Ct.) September 26, 2016); Motion to Stay, Pending Arbitration, Dkt. No. 7-9. On April 17, 2017, the New York Supreme Court Justice Carol Edmead granted CPC's motion to stay in the "interest of 'comity, orderly procedure and judicial economy'" because

waiting for the *Chan* to be resolved in arbitration would "avoid duplication of effort and waste of judicial resources." *Chu*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (order granting motion to stay). *Chu* remained stayed until March 12, 2019, when, following a conference with the Court, Justice Edmead *sua sponte* dismissed this action without prejudice. *Chu*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup. Ct. March 12, 2019) (order dismissing without prejudice).

In January 2020, Plaintiffs sought to enjoin CPC (but not the Union) from arbitrating Plaintiffs' claims in the Arbitration. *Chu*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup. Ct. Jan. 14, 2020); Application for a Temporary Restraining Order and Preliminary and Permanent Injunction, Dkt. No. 80). That motion was denied. *Chu*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup. Ct. Feb. 25, 2020); Order Denying Motion for a Temporary Restraining Order and Injunction, Dkt. No. 91). However, Plaintiffs successfully requested Justice Edmead to restore this case to the active docket based on First Department cases that Plaintiffs argue stand for the proposition that their claims cannot be arbitrated because they left CPC before the effective date of the 2015 MOA. *Chu*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup. Ct. August 6, 2020) ;Notice of Motion to Reargue Order Declining to Restore Case, Dkt. No. 101. Thus, on February 9, 2021 Justice Edmead restored this case to active status (without lifting the stay) and instructed Plaintiffs to file an amended complaint narrowing the putative class to employees that left CPC prior to the 2015 MOA. *Chu*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup. Ct. Feb. 9, 2021); Order Restoring the Case to Active Status, Dkt. No. 112. On February 15, 2021, Plaintiffs filed an amended complaint (the "Amended Complaint") which re-defined the putative class as "all home care aides…employed by Defendant…during the period beginning from April 1, 2008 until

November 30, 2015, and that such Class Members must have ceased their employment with Defendant before December 1, 2015." Amend. Compl. ¶¶ 16; Kirschner Decl., Ex. H However, this pleading does not cure the defect at issue in this motion—which is that the putative class, even re-defined, *remains* subsumed by *Chan* and the Arbitration  which cover all current and former employees of CPC during the applicable statute of limitations.

On February 24, 2021, Plaintiffs filed a motion to vacate the stay, arguing that the grievance and arbitration provisions of the CBA and 2015 MOA do not apply to the new putative class and therefore they should not be required to await the resolution of the Arbitration. *Mei Kum Chu et al v. Chinese-American Planning Council Home Attendant Program, Inc.*, No. 651947/2016 (N.Y. Sup. Ct. April 17, 2017) (N.Y. Sup. Ct. Feb. 24, 2021); Notice of Motion to Vacate the Stay, Dkt. No. 117). However, Plaintiffs' motion is definitionally an attempt to substitute their own interpretation of the CBA and 2015 MOA for that of the Arbitrator and Judge Koeltl, who have determined conclusively that the Arbitrator has jurisdiction over these Plaintiffs' claims. Kirschner Decl., Exs. D & G.  As set forth more fully below, CPC respectfully requests that this Court dismiss Plaintiffs' Amended Complaint, or, in the alternative stay the action pending the Arbitration.

## ARGUMENT

It is undisputed that the instant action is covered, and thus will be resolved, by *Chan* (which was compelled to arbitration) and the Union Arbitration that has since absorbed *Chan*. Those actions cover the claims brought not just by the Named Plaintiffs, but claims on behalf of the entire putative class here.  As such, if this matter proceeds, Defendant CPC will be in the prejudicial position of having to defend itself against the exact same claims on behalf of the

exact same persons simultaneously in at least two different venues. Accordingly, this case should be dismissed or, in the alternative, stayed pending the resolution of the related actions.

## I. THIS COURT SHOULD DISMISS THIS MATTER PURSUANT TO THE "PRIOR ACTION PENDING" DOCTRINE

The Court should dismiss this action pursuant to the "prior action pending" doctrine because it is beyond dispute that *Chan*, a case that was pending and compelled to arbitration before Plaintiffs filed this matter, involves the same parties, causes of action and relief sought arising out of the same facts and circumstances. *See Byron v. Genovese Drug Stores, Inc.,* No. 10-CV-03313, 2011 WL 4962499, at *3 (E.D.N.Y. Oct. 14, 2011)(the prior action pending doctrine requires that there be the same rights asserted and the same relief prayed for and the relief must be founded upon the same facts)(internal quotations omitted).

The prior action pending doctrine is intended to avoid duplicative litigation. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). It permits a district court may, after considering the equities of a situation, dismiss a suit that is duplicative of another suit, as part of its general power to administer its docket. *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215 (E.D.N.Y. 1999), aff'd 205 F.3d 1322 (2d Cir. 2000); *Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir. 1991). Actions are duplicative where the "claims, parties, and available relief do not significantly differ between the actions." *Byron*, 2011 WL 4962499, at *3 *(quoting Curtis v. Citibank, N.A.,* 226 F.3d 133, 139 (2nd Cir. 2000)); *DiMaio,* 46 F. supp. 2d at 214.

District courts wield this power to ensure efficiency when there is a pending suit raising the same issues and claims. *See Curtis,* 226 F.3d at 138 ("[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation'" (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). Dismissing duplicative suits also protects defendants from having to litigate the same subjects in multiple

venues. *See Jacobs*, 950 F.2d at 93 (noting doctrine protects parties from "the vexation of concurrent litigation over the same subject matter"); *Fed. Ins. Co. v. Kingsbury Properties, Ltd.,* Nos. 90 CIV. 6211 (JMC), 6357 (JMC), 1992 WL 178588, at *2 (S.D.N.Y. July 14, 1992) (noting that doctrine avoids piecemeal litigation). For these reasons, dismissal is proper here.

First, the parties in *Chan* are essentially and materially the same as here. CPC is the sole defendant in both actions. *See* Kirschner Decl., Exs. H & E. The Named Plaintiffs are members of the putative class as defined in *Chan* because they were employed by CPC between March 2009 to present. *See* Kirschner Decl., Ex. E. In fact, the only difference between the "parties" in the two cases is that while *Chan*'s putative class begins with home care aides employed as of March 11, 2009, Plaintiffs define their putative class to begin with aides employed as of April 1, 2008. *See* Kirschner Decl., Exs. H & E. But this difference is immaterial for several reasons. First, it is well-established that an uncertified putative class is not part of the action. *See Jones-Bartley v. McCabe, Weisberg & Conway, P.C.,* 59 F. Supp. 3d 617, 638 (S.D.N.Y. 2014) (where a class has not been certified by a federal court, "there can be no class under Rule 23 . . . with the result being that the unnamed class members are not part of the action"). Second, merely adding parties to a later lawsuit does not cure its duplicative nature. *See Howard v. Klynveld PeatMarwick Goerdeler,* 977 F. Supp. 654, 664 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999) (finding an action duplicative where it asserted "virtually identical" claims as those in the original action against the company even though the later lawsuit named additional individual defendants). Third, it is already the law of this case that *Chan* substantially overlaps with *Chu*. As noted, Justice Edmead stayed this case on April 17, 2017 because she found that there was a substantial identity of parties between this matter and the already-pending *Chan* matter. *Chu,* No.

651947 (N.Y. Sup. April 21, 2017) (order staying matter, pending arbitration of *Chan,* Dkt. No. 61).

Second, the underlying facts, claims, and relief sought here are identical to those in *Chan*. Comparing the instant Amended Complaint and the Amended Complaint in *Chan*, Counts 1 through 7 are practically word-for-word duplicates.[3] *Compare* Kirschner Decl., Ex. E ¶¶ 62–91, *with* Kirschner Decl., Ex. H ¶¶ 68–98. The same is true for the relief sought in both actions. *Compare* Kirschner Decl., Ex. E at 21–22, *with* Kirschner Decl., Ex. H at 22. The only difference is that *Chan* has one more claim—an FLSA cause of action—than this case. Kirschner Decl., Ex. E ¶¶ 92-101.

Since *Chan* encompasses the same parties and claims and seeks the same relief as this claim, the prior action pending doctrine warrants dismissal. Plaintiffs' claims can be fully and fairly adjudicated in *Chan*. Allowing this case to proceed against CPC while CPC is also defending the same claims in *Chan*—which was filed more than one year before this action— risks inconsistent judgments and thwarts the principle of judicial economy. *See Curtis,* 46 F. Supp. 2d. at 215 ("It is well established the federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases."). The facts and circumstances of this case vis-a-vis the earlier *Chan* case warrant dismissal.

---

[3] Both *Chu* and *Chan* plaintiffs allege violations of: (1) unpaid minimum wage under New York Labor Law; (2) unpaid overtime under NYLL; (3) unpaid spread-of-hour pay under NYLL; (4) failure to pay wages due under NYLL; (5) failure to comply with notification requirements under NYLL and NYCRR; (6) breach of contract; and (7) unjust enrichment under the NY Home Care Worker Wage Parity Act and New York City's Fair Wages For Workers Act.

## II. ALTERNATIVELY, THIS COURT SHOULD STAY THE MATTER PURSUANT TO THE FAA AND/OR ITS INHERENT POWERS TO STAY LITIGATION PENDING BINDING ARBITRATION[4]

On April 17, 2020, the Arbitrator determined the following: (1) the Union's wage and hour grievances on behalf of all current or former Union bargaining unit members, including the Plaintiffs, are arbitrable and (2) the Arbitrator has jurisdiction to adjudicate them. Kirschner Decl., Ex. D. On February 18, 2021, Judge Koeltl confirmed that Award, and specifically held, as to Plaintiffs:

> The [*Chu* Plaintiffs] argue that the Union cannot represent its former employees, either in assenting to the 2015 MOA or in initiating the grievance, and thus—at least—former employees did not "consent" to arbitration. But this misconceives the relationship between a Union and its bargaining unit members and oversimplifies the CBA at issue. As the "exclusive bargaining" agent for home care employees of [CPC], the Union had authority to enter into CBAs and subsequent agreements, on behalf of its bargaining unit members. See 29 U.S.C. § 159(a). The [*Chu* Plaintiffs'] arguments that former employees cannot be bound by a CBA or cannot be represented by their Union in arbitration are without merit. To accept that conclusory argument would "essentially allow Union members to opt-out of their obligations under a collective bargaining agreement by simply withdrawing from their union prior to bringing suit."

Confirmation Order, at 32; Kirschner Decl., Ex. G.

CPC is bound by the Award and its confirmation and, as such, is compelled to defend in arbitration the Union's claims on behalf of Plaintiffs. It would be wholly unfair and prejudicial to require CPC defend identical claims, at the same time, in two different forums. As such, if the Court does not dismiss this action, it should, at minimum, be stayed pending resolution of the Arbitration.

### A. A Stay is Required under the FAA

Under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, a district court "must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues

---

[4] Defendant reserves the right to move to compel arbitration in the event that this Court finds that a stay, pending resolution of the Arbitration, is not proper. CPC has not styled this as a motion to compel arbitration because, given Judge Koeltl's February 2021 order, Plaintiffs' claims are already *in* arbitration.

underlying the district court proceeding." *McMahan Sec. Co. L.P. v. Forum Cap. Markets L.P.*, 35 F.3d 82, 85 (2d Cir. 1994). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (internal quotation omitted). In determining whether the FAA's mandatory stay procedure applies, the Court should ask (1) whether the parties agreed to arbitrate and, if so, (2) whether the Plaintiffs' claims are within the scope of that agreement. *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela,* 991 F.2d 42, 45 (2d Cir. 1993). As discussed, Judge Koeltl has already determined that the CBA and 2015 MOA expressly evinces the intention of the Union and CPC to arbitrate the precise claims brought here, and on that basis confirmed the Arbitrator's decision that he has jurisdiction to arbitrate the Union's claims on Plaintiffs' behalf. As such, this action must be stayed pending the outcome of the Arbitration.[5]

### B. A Stay is Proper Under the Court's Inherent Authority to Stay Litigation Pending Binding Arbitration

In addition to the mandated stay under the FAA, the Court has the power to stay proceedings in favor of arbitration where "[1] there are issues common to the arbitration and the courts, and [2] those issues will finally be determined by the arbitration." *Argus Media Ltd. v. Tradition Fin. Servs. Inc.,* No. 09 CIV. 7966(HB), 2009 WL 5125113, at *3 (S.D.N.Y. Dec. 29, 2009) (quoting *Orange Chicken, L.L.C. v. Nambé Mills, Inc.,* No. 00 Civ.

---

[5] Since the Union, not Plaintiffs, is CPC's counter-party to the CBA and 2015 MOA, "'[t]echnically the [Union Arbitration] is in the labor context [and therefore] governed by the [Labor Management Relations Act ("LMRA")] rather than the FAA.'" However, courts in this Circuit, as well as Judge Koeltl, have consistently and "'substantially imported the analysis from the FAA'" regarding whether an arbitrator has the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue. *1199SEIU United Healthcare Workers E.,* 2021 WL 708584, at *12 (quoting *A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 869 n.2 (2d Cir. 2020)). Thus, a stay is necessary here, as it would both comport with the spirit of the FAA and the need to preserve consistency in the LMRA context.

4730(AGS), 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19, 2000); *Aekyung Co. Ltd. v. Intra & Co., Inc.,* No. 99 Civ. 11773(LMM), 2000 WL 1521202, at *2 (S.D.N.Y. Oct. 13, 2000) (*quoting Sierra Rutile Ltd. v. Katz,* 937 F.2d 743, 750 (2d Cir. 1991) (staying entire case pending arbitration, where "issues involved in the case may be determined" in the arbitration); *Midland Walwyn Cap. Inc. v. Spear, Leeds & Kellogg,* No. 92 Civ. 2236, 1992 WL 249914 (LLM), at *2 (S.D.N.Y. Sept. 22, 1992) (staying entire case, including nonarbitrable claims, noting that courts have "granted stays pending arbitration where the nonarbitrable issues overlap the arbitrable issues, thus minimizing inconsistent results and conserving judicial resources."). Such power is grounded in the court's inherent ability to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa*, 129 F.3d at 76; *see also Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936) (citation omitted). Here, there are inextricable issues, common to the Arbitration and this matter, that the Arbitration will resolve efficiently and without undue hardship to Plaintiffs.

As to the first factor, Plaintiffs' claims are completely subsumed by the Arbitration. The Union brought its claims against CPC on behalf of all current and former bargaining unit members, including Plaintiffs, and covers all "wage and hour claims arising under the Covered Statutes" Kirschner Decl., Ex. F (emphasis added). In other words, every issue presented by Plaintiffs against CPC in this action is covered by the Union's claims against CPC in the Arbitration. *See Orange Chicken, L.L.C.,* 2000 WL 1858556, at *10 (granting stay where the "record reflects that there are significant common issues between this litigation and ongoing arbitration"); *Provident Bank,* 141 F. Supp. 2d 310, 319 (E.D.N.Y. 2001) (staying entire case where claims against separate defendants "arise out of the same set of facts"); *Aekyung,* 2000 WL 1521202, at *2 (granting stay because "determination of the arbitration between plaintiff and

[one defendant] will, in all probability, resolve issues relevant to plaintiff's claims against . . . and may well resolve the entire case").

As to the second factor, Plaintiffs' claims against CPC will be finally and conclusively determined by the Arbitration. The Arbitration is well into discovery and a merits hearing is expected soon that will address the wage-and-hour claims on behalf of Plaintiffs and many others in the industry—which will efficiently, uniformly and conclusively resolve these industry-wide issues than piecemeal litigation ever could. And to the extent any portion(s) of Plaintiffs' claims might remain after the Arbitration is done, a stay is still warranted. *See GlobeNet Cabos Submarinos Am. Inc. v. FSF Tech. LTDA EPP,* No. 18 cv. 4477 (JFK), 2019 WL 1437163, at *3 (S.D.N.Y. Mar. 29, 2019) ("the Court's ability to stay this case is not dependent on whether the pending arbitration will resolve all of the issues posed in this litigation; rather, the inquiry turns on whether there are some common issues between the two actions, and those common issues will be finally resolved in the arbitration.")

Moreover, Plaintiffs will experience no undue hardship if this action is stayed. The Union has an obligation to fairly and rigorously pursue Plaintiffs' claims against CPC in the Arbitration and there is no reason to believe it will not. CPC, on the other hand, would suffer crippling hardship if it were forced to simultaneously defend this action in court and the same claims in the Arbitration. In addition to the significant time and resources CPC would be forced to exhaust to defend identical actions in two forums, such simultaneous, duplicative resolution risks inconsistent judgements and frustrates the principle of judicial economy.

## CONCLUSION

For the foregoing reasons, CPC respectfully requests that this Court dismiss this action, or, in the alternative, stay the proceedings pending the Arbitration covering all of Plaintiffs' claims.

Dated: New York, New York
       March 18, 2021

Respectfully submitted,

/s/ Kenneth Kirschner
Kenneth Kirschner
David Baron
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3260
Facsimile: (212) 918-3100

*Attorneys for Defendant Chinese-American Planning Council Home Attendant Program, Inc.*

## **CERTIFICATE OF SERVICE**

I, Kenneth Kirschner, hereby certify that on this 18th day of March 2021, a true and correct copy of the annexed declaration of Kenneth Kirschner, with exhibits, executed on March 18, 2021, and the accompanying memorandum of law was electronically served on all counsel of record via the Court's CM/ECF system.

By:  /s/ Kenneth Kirschner
      Kenneth Kirschner