# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LAI CHAN, HUI CHEN, and XUE XIE,
individually and on behalf of all others similarly
situated,

                *Plaintiffs,*

          - against -

CHINESE-AMERICAN PLANNING COUNCIL
HOME ATTENDANT PROGRAM, INC.,

                *Defendant.*

Index No: 650737/2015

**COLLECTIVE AND CLASS ACTION
COMPLAINT**

Plaintiffs Lai Chan, Hui Chen and Xue Xie, by their undersigned attorneys, for their class

action complaint against Defendant, allege upon information and belief, except as to the

allegations that pertain to Plaintiffs that are alleged upon personal knowledge, as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this class action, individually and on behalf of a class of similarly

situated employees, to seek redress for Defendant's pay policies that resulted in systematic and

class-wide underpayment of minimum wages and overtime pay and for unjust enrichment,

against Defendant Chinese-American Planning Council Home Attendant Program, Inc. ("CPC

Home Attendant Program"), a not-for-profit provider of home care services for the elderly and

infirm in and around New York City.

2.     Defendant's pay policies violate the provisions of the New York Labor Law

("NYLL") and applicable regulations as well as common law principles of contract and unjust

enrichment by failing to pay Plaintiffs and the Class they seek to represent (1) the state mandated

minimum wage rate for all work performed; (2) overtime at not less than one and one-half (1 and

1/2) times the basic minimum hourly rate for all hours worked in excess of forty (40) hours in a

workweek; (3) "spread of hours" premium as required by the NYLL and applicable regulations; (4) all wages to which they were entitled; and (5) the minimum wage as required by the NY Home Care Worker Wage Parity Act and the Fair Wages for New Yorkers Act during applicable periods. Defendant also failed to provide Plaintiffs with lawfully required pay statements.

3. On behalf of the Class, Plaintiffs seek unpaid wages, actual, incidental, consequential and compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs. To prevent the recurrence of this conduct, Plaintiffs also seek injunctive relief on behalf of themselves and the Class.

4. Defendant's pay policies also violate the provisions of the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs and the Collective Action Members they seek to represent (1) the federally mandated minimum wage rate for all work performed and (2) overtime pay at not less than one and one-half (1 and 1/2) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek;

## JURISDICTION AND VENUE

5. CPC Home Attendant Program is subject to personal jurisdiction because it is incorporated and formed in the State of New York and because it has its principal place of business in the State of New York.

6. Venue is proper in New York County pursuant to CPLR § 503(c) because Defendant is a domestic corporation with its principal office located in this County.

7. Plaintiffs bring causes of action based solely on and arising under the NYLL and common law principles of contract and unjust enrichment. The claims of Plaintiffs and the Class Members are claims for violations of New York law. These claims arise from Defendant's systemic wage abuse against its home care aides in New York.

8.    Plaintiffs and the Collective Action Members are individuals who are or were employed in domestic services in one or more households under 29 U.S.C. §§ 206(f) and 207(l) and therefore entitled in accordance with the FLSA to the minimum wage for all hours worked as well as overtime pay of one and one-half (1 and 1/2) times their regular rate of pay.

9.    Upon information and belief, at all times relevant hereto, Defendant is an enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual revenue substantially greater than $500,000.

10.    In each of the past three years, Defendant earned a gross annual income of tens of millions of dollars.

11.    Upon information and belief, at all relevant times hereto, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

12.    In New York State, both for-profit and non-for-profit entities provide domestic home care services to aged and infirm clients.

13.    Defendant competes with for-profit entities in New York State in providing domestic services to the aged and infirm.

14.    Defendant therefore constitutes an enterprise performing activities for a business purpose within the meaning of the FLSA, 29 U.S.C. § 203(r).

## PARTIES

15.    Plaintiffs Lai Chan, Hui Chen and Xue Xie are adult individuals who at all times relevant to this Complaint have been residents of the City of New York and of Kings County and have been employed by Defendant to work in and around the City of New York to provide personal care and assistance to Defendant's disabled and elderly clients.

16.     Plaintiffs are "home care aides" within the meaning of the New York Home Care Worker Wage Parity Act.

17.     Plaintiffs are "covered employees" within the meaning of New York City's Fair Wages for New Yorkers Act.

18.     At all times relevant to this action, Defendant CPC Home Attendant Program was and is a not-for-profit domestic corporation formed in accordance with the laws of the State of New York and conducting business in the State of New York.  CPC Home Attendant Program maintains regular places of business at 1 York Street, New York, New York and 40 Worth Street, New York, New York.  CPC Home Attendant Program describes itself as giving "friendly home care services to seniors in the five boroughs, as well as to those who are medically disabled and/or physically handicapped."  CPC Home Attendant Program is licensed with the New York State Department of Health.

19.     Defendant CPC Home Attendant Program is "nonprofitmaking institution" within the meaning of 12 NYCRR § 142-3.13.

20.     At all times relevant to this action, Plaintiffs and the Class Members were "employees" covered by the NYLL and Defendant was an "employer" of Plaintiffs and the Class of the home care aides they seek to represent, as those terms are defined by NYLL §§ 2(7), 190(3), 651(5) and 651(6) and applicable regulations, including 12 NYCRR § 142-3.12.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiffs bring this case pursuant to CPLR Article 9 on behalf of a class (the "Class," "Class Members") defined as:

> All current and former home care aides, meaning home health aides, personal care aids, home attendants or other licensed or unlicensed persons whose primary responsibilities include the provision of in-home assistance with activities of daily living,

instrumental activities of daily living or health-related tasks, employed by Defendant in New York to provide care services to Defendant's elderly and disabled clients in the clients' homes during the period from six years preceding the filing of the Complaint in this case through the present (the "Class Period").

22.     Plaintiffs also bring this case pursuant to the FLSA, 29 U.S.C. § 216(b),  on behalf of a collective action (the "Collective Action," "Collective Action Members") defined as:

All current and former home care aides, meaning home health aides, personal care aids, home attendants or other licensed or unlicensed persons whose primary responsibilities include the provision of in-home assistance with activities of daily living, instrumental activities of daily living or health-related tasks, employed by Defendant in New York to provide care services to Defendant's elderly and disabled clients in the clients' homes during the period from January 1, 2015 through the present (the "Collective Action Period").

23.     The Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, there are at least hundreds of home care aides employed by Defendant who would be members of the Class as of the date this Complaint was filed.  Since the Class also includes all former home care aides who were employed by Defendant within six years of the filing of this Complaint, the Class is sufficient to warrant certification.

24.     There are questions of law or fact common to the Class that predominate over any questions affecting individual members.  Those questions include but are not limited to the following:

a.     Whether Plaintiffs and the Class Members are "employees" as that term is defined in accordance with the NYLL and accompanying regulations;

b.	Whether Defendant CPC Home Attendant Program is an "employer" of Plaintiffs and the Class Members as that term is defined by the NYLL and applicable regulations;

c.	Whether Defendant's policy and practice of paying Plaintiffs and the Class Members for only 12 hours of work when Class Members work a 24-hour shift that requires them to remain in the clients' home and "on call" throughout the 24-hour shift violates the requirements of NYLL minimum wage and overtime provisions;

d.	Whether Defendant's policy and practice of crediting Plaintiffs and the Class Members who work 24-hour shifts with only 12 hours of work toward overtime violates NYLL minimum wage and overtime provisions;

e.	Whether all time worked by Plaintiffs and the Class Members during 24-hour shifts is compensable work time for purposes of NYLL minimum wage and overtime provisions;

f.	If all time during Plaintiffs' and the Class Members' 24-hour shifts is not compensable, what standard should be used to determine the portion of the shift that is compensable under NYLL minimum wage and overtime provisions;

g.	Whether Defendant's policy and practice of not paying overtime to Plaintiffs and the Class Members when they work in excess of 40 hours per week violates NYLL overtime provisions;

h.	Whether Defendant's policy and practice of not paying Plaintiffs and the Class Members for all hours during which they are required to attend training meetings violates NYLL minimum wage and overtime provisions;

i.     Whether Defendant's policy and practice of not paying Plaintiffs and the Class Members for an extra hour of work for shifts exceeding 10 hours or more violates NYLL spread of hours requirements;

j.     Whether Defendant CPC Home Attendant Program is a certified home health agency, long term home health care program and/or managed care plan as defined by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c;

k.     Whether Plaintiffs and the Class Members are "home care aides" as that term is defined in the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c;

l.     Whether Plaintiffs and the Class Members worked on "episodes of care" as direct employees of Defendant as that term is defined by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c;

m.     Whether Plaintiffs and the Class Members are third party beneficiaries of the contracts between Defendant and either the City of New York, various managed care organizations and/or other managed long term care programs requiring Defendant to comply with the provisions of NY Home Care Worker Wage Parity Act, NY Public Health Law § 3614-c;

n.     Whether from March 31, 2011 onwards, Defendant paid Plaintiffs and the Class Members the "minimum rate of home care aide total compensation" as that term is defined by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c;

o.     Whether Defendant was unjustly enriched at the expense of Plaintiffs and the Class Members by its failure to comply with its contractual obligations to either the City of

New York, various managed care organizations and/or other managed long term care programs to comply with the NY Home Care Worker Wage Parity Act;

p.      Whether Plaintiffs and the Class Members were "covered employees" under the New York City's Fair Wages for New Yorkers Act, Administrative Code for the City of New York § 6-109 and entitled to living wages and supplemental benefits under the Act;

q.      Whether Defendant kept true and accurate time records for all hours worked by Plaintiffs and the Class Members, as required by NYLL §§ 195 and 661 and 12 NYCRR § 142-3.6;

r.      Whether, after April 9, 2011, Defendant violated the Wage Theft Prevention Act, NYLL § 195, by failing to give Plaintiffs and the Class Members pay statements containing information on the dates of work covered by that payment of wages; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

25.     Plaintiffs' claims are typical of the claims of the Class because they are all current, hourly-paid, non-exempt, and non-residential home care aides of Defendant who sustained damages, including underpayment of wages, as a result of Defendant's class-wide compensation policies and practices challenged herein.  The defenses that are likely to be asserted by Defendant against Plaintiffs are typical of the defenses that Defendant will assert against the Class Members.

26.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The Class is readily identifiable from records that Defendant is legally required to maintain.

27.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the Class.

28.     Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Although the relative damages suffered by individual Class Members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's policies and/or practices and establish incompatible standards of conduct for Defendant.

29.     Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and Class Members.

## STATEMENT OF FACTS

30.     On information and belief, during the Class Period, 2009 to the present, Defendant has employed approximately 1000 home care aides ("Class Members"), including Plaintiffs, to provide home care services to Defendant's disabled and elderly clients living in and around New York City. These home care aides provide services to homebound clients based on the schedule set and dictated by Defendant.

31. Plaintiff Chan has been employed by Defendant as a home care aide from June 2000 to the present.

32. Plaintiff Chen has been employed by Defendant as a home care aide from approximately November 1998 to the present.

33. Plaintiff Xie has been employed by Defendant as a home care aide from prior to 2009 to the present.

34. The job duties of Defendant's home care aides, including Plaintiffs, include, but are not limited to, the following: personal care services, such as assistance with walking, bathing, dressing, personal grooming, meal preparation, feeding and toileting; heavy and light cleaning, such as vacuuming, mopping, dusting, cleaning bathrooms, doing laundry, and taking out garbage; shopping; running errands; and escorting clients.

35. Defendant's home care aides, including Plaintiffs, maintain homes where they and their families reside separate and apart from the homes of the clients where they work. Plaintiffs and the Class Members are not "residential employees" as defined by 12 NYCRR §§ 142-3.1(b).

36. Throughout the Class Period, 2009 to the present, Defendant had a policy and practice of paying Plaintiffs and other Class Members one hourly rate of pay during weekdays and a slightly higher hourly rate during weekends.

37. Defendant regularly assigned Plaintiffs and other Class Members to work 24-hour shifts. Defendant required Plaintiffs and Class Members assigned to these shifts to remain in the client's home for the entire 24-hour period to provide services, to monitor the client's location, and to be "on call" to immediately provide services to the client as needed.

38. All 24 hours of Plaintiffs' and Class Members' 24-hour shift were compensable work hours.

39.     Throughout the relevant time period, Defendant had a policy and practice of paying Plaintiffs and other Class Members their hourly rate for only 12 hours of work during a 24-hour shift, plus a flat, per diem amount currently set at $16.95.

40.     Throughout the relevant time period, Defendant had a policy and practice of crediting Plaintiffs and other Class Members with only 12 hours of work during a 24-hour shift regardless of the number of hours a worker actually worked or was on call during those shifts.

41.     Throughout the relevant time period, Defendant regularly assigned Plaintiffs and other Class Members to work in excess of 40 hours per week but had a policy and practice of not paying overtime to Plaintiffs and other Class Members when they worked in excess of 40 hours per week.  In addition, Defendant had a policy and practice of not paying Plaintiffs and other Class Members their regular rate for all hours up to 40 in weeks during which Plaintiffs and other Class Members worked overtime hours.

42.     Throughout the Collective Action Period, January 1, 2015 to the present, Defendant had a policy and practice of paying Plaintiffs and other Collective Action Members one hourly rate of pay during weekdays and a slightly higher hourly rate during weekends, but not time-and-a-half of their regular rate of pay for their hours work in excess of 40.

43.     Throughout the relevant time period, Defendant had a policy and practice of not paying spread of hours pay when Plaintiffs and other Class Members worked a spread of hours in excess of 10 hours in a day.

44.     Throughout the Class Period until approximately December 19, 2014, Plaintiff Lai Chan generally worked between three and five, consecutive 24-hour shifts each week for a total of 72 to 120 hours of work per week.  For weekday 24-hour shifts, Ms. Chan was only paid an hourly rate of $10 per hour for 12 hours of work.  For weekend 24-hour shifts, Ms. Chan was

only paid an hourly rate of $11.10 per hour for 12 hours of work each shift. In addition, Ms. Chan received a flat per diem payment of $16.95 for each 24-hour shift. Ms. Chan received no hourly compensation for hours worked over 12 during a 24-hour shift.

45.     As a result of Defendant's pay policies and practices, Plaintiff Chan was not paid the statutorily required minimum wage for hours up to 40, the required overtime rate of pay for all of her hours worked in excess of 40 in a week or her regular rate for all hours worked up to 40 in a week. Nor was she paid the "spread of hours" premium for working a spread of hours that exceeded ten hours in a day.

46.     Throughout the Class Period, Plaintiff Hui Chen generally worked three to four, consecutive 24-hour shifts for a total of 72 to 96 hours of work per week. In or about 2010, Ms. Chen also worked an additional day consisting of one seven-hour shift. Similar to Ms. Chan, at all times relevant to this Complaint, Ms. Chen was only paid $10 per hour for 12 hours of work on each weekday 24-hour shift and $11.10 per hour for 12 hours of work on each weekend 24-hour shift. She also received a flat per diem amount of $16.95 for each 24 hour shift. After 12 hours, Ms. Chen received no hourly compensation.

47.     During the Class Period, Ms. Chen was paid $10 per hour or $11.10 per hour for her seven-hour shift depending on whether it occurred on a weekday or weekend.

48.     As a result of Defendant's pay policies and practices, Plaintiff Chen was not paid the statutorily required minimum wage for hours up to 40 in a week, the required overtime rate of pay for all of her hours worked in excess of 40 in a week, or her regular rate for all hours worked up to 40 in a week. Nor was she paid the "spread of hours" premium for working a spread of hours that exceeded ten hours in a day.

49.     Throughout the Class Period, Plaintiff Xue Xie generally worked between three and five consecutive 24-hour shifts each week for a total of 72 to 120 hours of work per week. At all times relevant to this Complaint, Ms. Xie was only paid $10 per hour for 12 hours of work on each weekday and $11.10 per hour for 12 hours of work on each weekend day. After 12 hours, Ms. Xie received no hourly compensation. On days that she worked a 24-hour shift, Ms. Xie was also paid a flat, per diem amount of $16.95.

50.     As a result of Defendant's pay policies and practices, Plaintiff Xie was not paid the statutorily required minimum wage for hours up to 40 in a week, the required overtime rate of pay for all of her hours worked in excess of 40 in a week, or her regular rate for all hours worked up to 40 in a week. Nor was she paid the "spread of hours" premium for working a spread of hours that exceeded ten hours in a day.

51.     As a result of Defendant's pay policies and practices, throughout the Class Period, Class Members were not paid the statutorily required minimum wage for hours up to 40 in a week, the required overtime rate of pay for hours worked in excess of 40 hours in a week, or their regular rate for all hours up to 40 in weeks in which they worked overtime. Nor were they paid "spread of hours" premium for working a spread of hours that exceeded ten hours in a day.

52.     Pursuant to 29 C.F.R. § 552.109, Defendant was obligated under the FLSA as of January 1, 2015 to pay all Collective Action Members proper minimum and overtime wages.

53.     As a result of Defendant's pay policies and practices, throughout the Collective Action Period, Collective Action Members were not paid under the FLSA the statutorily required minimum wage for hours up to 40 in a week or the required overtime rate of pay for hours worked in excess of 40 hours in a week.

54. Throughout the relevant time period, Defendant required Plaintiffs and other Class Members to attend training sessions. Defendant had a policy and practice of paying Plaintiffs and other Class Members for some but not all of the required training hours.

55. Upon information and belief, Defendant failed to give Plaintiffs and the Class notice on the pay statements distributed by Defendant of: (1) the dates of work covered by that payment of wages; (2) rate or rates of pay and basis thereof; (3) whether paid by the hour, shift, day, week, salary, piece, commission or other; (4) the regular hourly rate or rates of pay; (5) the overtime rate or rates of pay; (6) the number of regular hours worked; and (7) the number of overtime hours worked as required by NYLL § 195 and accompanying regulations, including 12 NYCRR § 142-3.8.

56. Plaintiffs and the Class are "home care aides" within the meaning of N.Y. Public Health Law § 3614-c, also known as the "NY Home Care Worker Wage Parity Act."

57. Plaintiffs and the Class are "covered employees" under Administrative Code for the City of New York § 6-109, also known as the "Fair Wages for New Yorkers Act."

58. Under the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c and New York City's Fair Wages for New Yorkers Act home health care services agencies are required, as a condition of their contracts with government agencies, to certify in writing that they are in compliance with the terms of the NY Home Care Worker Wage Parity Act and Fair Wages for New Yorkers Act.

59. Upon information and belief, Defendant made the required certifications concerning compliance with the wage provisions of the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for New Yorkers Act.

60. However, Defendant failed to pay Plaintiffs and the Class Members the applicable minimum rate of home care aide total compensation established by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and the living wage as established by the New York City's Fair Wages for New Yorkers Act.

61. Defendant's actions as alleged herein were and are intentional and not made in good faith.

## CLAIMS FOR RELIEF

### COUNT I
### New York Labor Law, Articles 6 and 19
### Unpaid Minimum Wage

62. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

63. At all times relevant to this action, Plaintiffs and the Class Members are and were Defendant's employees within the meaning of NYLL §§ 2(7), 190(2) and 651(5) and 12 NYCRR § 142-3.12.

64. At all times relevant to this action, Defendant was the employer of Plaintiffs and the Class Members within the meaning of NYLL §§ 190(3) and 651(6).

65. At all times relevant to this action, Defendant failed to pay Plaintiffs and the Class Members the statutorily required minimum wage in violation of NYLL § 652 and 12 NYCRR § 142-3.1.

66. Defendant willfully violated the rights of Plaintiffs and the Class Members by failing to pay them the wages due and owing for work performed in violation of the New York State Labor Law.

67.     Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid minimum wages, reasonable attorneys' fees and costs associated with this action and pre-judgment and post-judgment interest.

### COUNT II
### New York Labor Law, Articles 6 and 19
### Unpaid Overtime

68.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

69.     At all times relevant to this action, Defendant failed to pay Plaintiffs and the Class Members the statutorily mandated overtime rate for all hours worked in excess of 40 per week in violation of NYLL, Article 19, § 650, *et seq.*, and 12 NYCRR § 142-3.2 and failed to pay them their regular rate for all hours up to 40 in weeks in which they worked overtime.

70.     Defendant willfully violated the rights of Plaintiffs and the Class Members by failing to pay them the overtime premiums and regular rate due and owing for work performed in overtime weeks in violation of the New York State Labor Law.

71.     Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid overtime premium wages, regular wages reasonable attorneys' fees and costs associated with this action and pre-judgment and post-judgment interest.

### COUNT III
### New York Labor Law, Articles 6 and 19
### Unpaid Spread of Hours Pay

72.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

73.     During the Class Period, Defendant failed to pay Plaintiffs and the Class Members an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiffs and the Class Members worked a spread of hours that exceeded 10 hours (or a shift in excess of 10 hours) in violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-3.4.

74.     Defendant willfully violated the rights of Plaintiffs and the Class Members by failing to pay them the wages due and owing for work performed in violation of the New York State Labor Law.

75.     Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid overtime spread of hours pay, reasonable attorneys' fees and costs associated with this action and pre-judgment and post-judgment interest.

**COUNT IV**
**New York Labor Law, Articles 6 and 19**
**Failure to Pay Wages Due**

76.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

77.     During the Class Period, Defendant failed to pay Plaintiffs and the Class Members all wages to which he or she was entitled in violation of NYLL § 663(1).

78.     Defendant willfully violated the rights of Plaintiffs and the Class Members by failing to pay them the wages due and owing for work performed in violation of the New York State Labor Law.

79.     Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees and costs associated with this action, and pre-judgment and post-judgment interest.

## COUNT V
### New York Labor Law §§ 195 and 661; 12 NYCRR § 142-3.8
### Failure to Comply with Notification Requirements

80.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

81.     Throughout the Class Period, Defendant willfully failed to provide the requisite paystubs as set forth by NYLL § 195 and 12 NYCRR § 142-3.8.  Defendant's failure to comply with this provisions of the NYLL and accompanying regulations prejudiced the ability of Plaintiffs and the Class Members to ascertain and assert their legal rights and entitle Plaintiffs and the Class Members to $100 per week for the duration of Defendant's violations of § 195(3), as well as reasonable attorneys' fees, costs of this action, and pre-judgment and post-judgment interest.

## COUNT VI
### Breach of Contract

82.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

83.     Upon information and belief, from March 31, 2011 onwards, Defendant was required to certify and did certify that it paid Plaintiffs and the Class Members wages as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Law § 3614-c.

84.     Upon information and belief, from 2003 onwards, Defendant was required to certify and did certify that it paid its wages and supplemental benefits as required by New York

City's Fair Wages for Workers Act and as set by the Comptroller of the City of New York and incorporated by reference in the contracts with governmental instrumentalities.

85. Upon information and belief, Defendant entered into contracts with government agencies to pay Plaintiffs and the Class Members wages as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act.

86. The agreements to pay Plaintiffs and Class Members as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act were made for the benefit of Plaintiffs and the Class Members.

87. Defendant breached its obligation to pay Plaintiffs and the Class Members all wages they were due as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act by failing to pay Plaintiffs and the Class Members for each hour worked, and as a result Plaintiffs and the Class Members were injured.

88. Plaintiffs and the Class Members, as third party beneficiaries of Defendant's contracts with government agencies to pay wages as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act, are entitled to relief for the breach of this contractual obligation plus interest.

**COUNT VII**
**Unjust Enrichment - Defendant's Failure to Pay All Wages Due Under the NY Home Care Worker Wage Parity Act and New York City's Fair Wages For Workers Act**

89. Defendant, by its policies and actions, was unjustly enriched at the expense of Plaintiffs and the Class Members by failing to pay Plaintiffs and the Class Members all

minimum wages due under the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act.

90.     Defendant accepted and received the benefits of the work performed by Plaintiffs and the Class Members at the expense of Plaintiffs and the Class Members.  It is inequitable and unjust for Defendant to reap the benefits of Plaintiffs' and the Class Members' labor without paying all wages due, which includes but is not limited to underpaying Plaintiffs and Class Members for the regular and overtime hours spent caring for the Defendant's clients.

91.     Plaintiffs and the Class Members are entitled to relief for this unjust enrichment in an amount equal to the benefit unjustly retained by Defendant, plus interest on these amounts.

## COUNT VIII
## FLSA
## Unpaid Minimum Wage

92.     Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

93.     At all times relevant to this action, Plaintiffs and the Collective Action Members are and were Defendant's employees within the meaning of FLSA, 29 U.S.C. §203.

94.     At all times relevant to this action, Defendant was the employer of Plaintiffs and the Collective Action Members within the meaning of FLSA, 29 U.S.C. §203.

95.     At all times relevant to this action, Defendant failed to pay Plaintiffs and the Class Members the statutorily required minimum wage in violation of FLSA, 29 U.S.C. §206.

96.     Defendant willfully violated the rights of Plaintiffs and the Collective Action Members by failing to pay them the wages due and owing for work performed in violation of the FLSA.

97. Due to Defendant's violations of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover from Defendant their unpaid minimum wages, reasonable attorneys' fees and costs associated with this action and pre-judgment and post-judgment interest.

## COUNT IX
## FLSA
## Unpaid Overtime

98. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

99. At all times relevant to this action, Defendant failed to pay Plaintiffs and the Collective Action Members the statutorily mandated overtime rate for all hours worked in excess of 40 per week in violation of FLSA, 29 U.S.C. §207.

100. Defendant willfully violated the rights of Plaintiffs and the Collective Action Members by failing to pay them the overtime premiums and regular rate due and owing for work performed in overtime weeks in violation of the FLSA.

101. Due to Defendant's violations of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover from Defendant their unpaid overtime premium wages, reasonable attorneys' fees and costs associated with this action and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a) That this action be permitted to proceed as a class action under CPLR Article 9 for all claims alleged, that Plaintiffs be designated as the representatives of the class, and that the undersigned counsel be designated as counsel for the Class;

b) That this action be permitted to proceed as a collective action under 29 U.S.C. §216(b) for all claims alleged, that Plaintiffs be designated as the representatives of the Collective Action, and that the undersigned counsel be designated as counsel for the class;

c) Judgment be entered against Defendant and in favor of Plaintiffs and each Class Member in the amount of their individual unpaid wages, actual and compensatory damages, and pre-judgment and post-judgment interest as allowed by law;

d) Plaintiffs be awarded their reasonable attorneys' fees and costs incurred in this litigation;

e) Defendant be enjoined to cease the practices found illegal or in violation of Plaintiffs' rights, and;

f) Such further relief as this Court deems just and proper.

Dated: November 9, 2015
     New York, NY

**SERRINS FISHER LLP**

By:     _____/s/_____
Liane Fisher, Esq.
Michael Taubenfeld, Esq.
233 Broadway, Suite 2340
New York, NY 10279
Telephone: (212) 571-0700
Facsimile: (212) 233-3801

URBAN JUSTICE CENTER
David A. Colodny, Esq.
Carmela Huang, Esq.
123 William Street, 16th Floor
New York, NY 10038

Telephone: (646) 602-5600
Facsimile: (212) 533-4598

Edward Tuddenham, Esq.
228 W. 137th St.
New York, New York 10030
Telephone: (212) 234-5953
Facsimile: (512) 532-7780

*Attorneys for Plaintiffs*