UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————————x

MEI KUM CHU, SAU KING CHUNG, and QUN XIANG LING, individually and on behalf of all others similarly situated,

                            *Plaintiffs*,

    - against -

CHINESE-AMERICAN PLANNING COUNCIL HOME ATTENDANT PROGRAM, INC.,

                            *Defendant*.

———————————————————————————————x

Civil Action No.: 1:21-cv-02115-AT

## **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**Hogan Lovells US LLP**
**390 Madison Avenue**
**New York, New York 10017**
**(212) 918-3000**

**Of Counsel**
**Kenneth Kirschner**
**David Baron**
**Mitra Anoushiravani**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY ...........................................4

    A.    The Underlying Collective Bargaining Agreements................................4

    B.    This Lawsuit................................................................................5

    C.    The Union's Grievance, the Arbitration and Plaintiffs' Attempts to Interfere ........6

    D.    Recent Proceedings In The *Chu* State Court Action................................9

    E.    The Instant Removal ................................................................11

ARGUMENT ................................................................................11

I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS MATTER UNDER SECTION 301 OF THE LMRA ................................................................ 11

    A.    Removal Was Proper Because Section 301 Completely Preempts Plaintiffs' State Court Action Seeking To Enjoin The Arbitration Of Plaintiffs' Claims By The Union................................................................12

    B.    Federal Labor Law Supports Removal. ................................................17

    C.    The "Law Of The Case" Doctrine Is Inapplicable And Does Not Bar Preemption And Removal Of Plaintiffs' Challenges to the Union Arbitration ........................20

II.    THE COURT SHOULD DENY PLAINTIFFS' UNWARRANTED REQUEST FOR COSTS AND FEES ................................................................ 23

CONCLUSION................................................................25

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*34-15 Properties, LTD. v. Thomas Bronkovic & Bertha Hidalgo*,
   No. CV 96 4190 (RJD), 1996 WL 680263 (E.D.N.Y. Nov. 11, 1996) ..............................3, 11

*ABM Indus. Grps., LLC v. Int'l Union of Operating Eng'rs*,
   968 F.3d 158 (2d Cir. 2020).........................................................................................19

*Alexander v. FedEx Ground Package Sys., Inc.*,
   No. C 05-0038 MHP, 2005 WL 701601 (N.D. Cal. Mar. 25, 2005) ......................................11

*Agarunova v. Stella Orton Home Care Agency, Inc* ...................................................................20

*Allis-Chalmers Corp. v. Lueck*,
   471 U.S. 202 (1985).............................................................................................3, 17

*Arroyo v. NYU Langone Hosp.*,
   No. 19 CIV. 1624 (KPF), 2019 WL 5682628 (S.D.N.Y. Oct. 31, 2019) ..............................13

*Astil v. Kumquat Properties, LLC*,
   125 A.D.3d 522 (App Div. 1st Dep't 2015) ...........................................................18

*Berger v. Cantor Fitzgerald Sec.*,
   967 F.Supp. 91 (S.D.N.Y. 1997)............................................................................22

*Berger v. N.Y. Univ.*,
   No. 19-CV-267 (JPO), 2019 WL 3526533 (S.D.N.Y. Aug. 2, 2019) ....................................13

*Cassatt v. Aspen Pet Products, Inc. v. Kun Hsing Enters., Co. Ltd.*,
   No. 99-CV-0043E(SR), 2001 WL 1823582 (W.D.N.Y. Dec. 26, 2001)................................11

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987)................................................................................................12

*CBS Inc. v. Snyder*,
   762 F. Supp. 71 (S.D.N.Y. 1991) ..........................................................................11

*Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*,
   180 F. Supp. 3d 236 (S.D.N.Y. 2016)........................................................... *passim*

*Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*,
   Case No. 1:16-cv-003569 (S.D.N.Y. 2016)..................................................... *passim*

ii

*Collaku v. Temco Serv. Indus., Inc.*, No. 18-CV-4054 (VEC), 2019 WL 452052
(S.D.N.Y. Feb. 4, 2019) ..................................................................................................15

*DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) ............................................21, 22

*Greasley v. United States*,
No. 15-CV-642-A, 2021 WL 935731 (W.D.N.Y. Mar. 11, 2021) ...........................................23

*Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*,
20-cv-3929 (JGK), 2021 WL 632493 (S.D.N.Y. Feb. 18, 2021) .................................... *passim*

*Harris v. Key Bank Nat'l Ass'n*,
193 F.Supp.2d 707 (W.D.N.Y.), *aff'd sub nom. Harris v. Key Bank Nat'l
Ass'n*, 51 F.App'x 346 (2d Cir. 2002) ................................................................................22

*Hichez v. United Jewish Council*,
179 A.D.3d 574 (1st Dep't 2019) ......................................................................................21

*Humphrey v. Moore*, 375 U.S. 335, 342 (1964) ......................................................................19

*Jenkins Bros. v. Local 5623, United Steelworkers of Am.*, 230 F.Supp. 871, 87 (D.
Conn. 1964).....................................................................................................................15

*Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*,
13-CV-4829 (KMK), 59 F.Supp.3d 617 (S.D.N.Y. 2014) ....................................................18

*Konstantynovska v. Caring Professionals, Inc.*,
172 A.D.3d 486 (1st Dep't 2019) .................................................................................20, 21

*Lingle v. Norge Div. of Magic Chef, Inc.*,
486 U.S. 399 (1988)..........................................................................................................19

*Liona Corp. v. PCH Assocs.*,
949 F.2d 585 (2d Cir. 1991).........................................................................................20, 21

*Lorentti-Herrera v. Alliance for Health, Inc.*
173 A.D.3d 596 (1st Dep't 2019) ......................................................................................20

*Lupo v. Human Affairs Intern., Inc.*,
28 F.3d 269 (2d Cir. 1994)................................................................................................11

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005)..........................................................................................................23

*May Dep't Stores Co. v. Int'l Leasing Corp.*,
No. 88 CIV. 4300 (CSH), 1995 WL 656986 (S.D.N.Y. Nov. 8, 1995)....................................20

iii

*Mei Kum Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*,
No. 651947/2016 (N.Y. Sup. Ct. Apr.17, 2017) (N.Y. Sup. Ct. Aug. 6, 2020)........................9

*Mery Steel Works, Inc., v. Local Union 580 of the Int'l Assoc. of Bridge*,
No. 06 Civ. 6028 (WHP), 2007 WL 2349916 (S.D.N.Y. Aug. 16, 2007)........................12, 14

*Mic-Ron Gen. Contractors, Inc. v. Trustees of N.Y. City Dist. Council of Carpenters Benefit Funds*,
908 F.Supp. 208 (S.D.N.Y. 1995) ........................................................................13

*Newmark & Lewis, Inc. v. Local 814, Int'l Bhd. Of Teamsters*,
776 F.Supp. 102 (E.D.N.Y. 1991) .......................................................................16

*Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017).....................................23

*Old Country Iron Works, Inc. v. Iron Workers Local 40, 361 & 417 of the Int'l Assoc. of Bridge, Structural & Ornamental Iron Workers Union Sec. Funds*,
842 F.Supp. 75 (S.D.N.Y. 1993)........................................................................14

*Petersen Energia Inversora S.A.U. v. Argentine Republic*,
Nos. 15 Civ. 2739 (LAP), 16 Civ. 8569 (LAP), 2020 WL 3034824 (S.D.N.Y. June 5, 2020)........................................................................................22

*Rodriguez v. Newmark & Co. Real Est., Inc.*,
No. 19-CV-9607 (KMW), 2020 WL 3073259 (S.D.N.Y. June 10, 2020) .............................13

*Sagendorf-Teal v. Cty. of Rensselaer*,
100 F.3d 270 (2d Cir. 1996)........................................................................20, 2

*Scevola v. New York Sports & Joints Orthopaedic Specialists PLLC*,
No. 18CIV5696GBDKHP, 2019 WL 5884567 (S.D.N.Y. Nov. 12, 2019)...........................24

*Schepis v. Loc. Union No. 17, United Bhd. of Carpenters & Joiners of Am.*,
989 F. Supp. 511 (S.D.N.Y. 1998) .......................................................................11

*Sky Glob., LLC v. Noble*,
No. 1:18-CV-00629 EAW, 2018 WL 6599594 (W.D.N.Y. Dec. 17, 2018) ..........................11

*Smith v. Wartburg Adult Care Cmty.*, No. 18-CV-12240 (KMK), 2020 WL 777336 (S.D.N.Y. Feb. 18, 2020)........................................................................15

*Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574 (1960) .......................................19

*Tamm Consulting v. Cincinnati Ins. Co.*,
No. 18-CV-11415 (RA), 2020 WL 1144713 (S.D.N.Y. Mar. 9, 2020)...................................23

iv

*Tischmann v. ITT/Sheraton Corp.*,
   145 F.3d 561 (2d Cir.1998)................................................................21

*Triple A Maint. Corp. v. Bevona*, 657 F.Supp. 1171 (S.D.N.Y. 1987)........................................12

*United States v. Quintieri*,
   306 F.3d 1217 (2d Cir. 2002)..............................................................22

*United States v. Tenzer,* 213 F.3d 34 (2d Cir. 2000) ........................................................21

*Vera v. Saks & Co.*,
   335 F.3d 109 (2d Cir. 2003)................................................................12

*Washington Nat'l Life Ins. Co. of N.Y. v. Morgan Stanley & Co., Inc.*,
   974 F.Supp. 214 (S.D.N.Y. 1997) .......................................................23

*Weiss v. Am. Express Nat'l Bank*,
   No. 19-CV-4720 (JPO), 2020 WL 6807628 (S.D.N.Y. Nov. 18, 2020) ...............................22

## Statutes

28 U.S.C. § 1441 ..............................................................................11

28 U.S.C. § 1446 ..............................................................................11

28 U.S.C. § 1447(c) ...........................................................................23

29 U.S.C. § 158(d) ............................................................................19

29 U.S.C. § 185(a) ............................................................................3

Fair Labor Standards Act ....................................................................4

Labor Management Relations Act Section Section 301 .................................. *passim*

NYLL §§ 190 et seq. and 650 et seq............................................................5

New York Home Care Worker Wage Parity Act.............................................5

## Other Authorities

AAA Rule 3(a) .................................................................................8

Amend. Compl., *Chan,* 180 F. Supp. 3d 236 (2016), Case No. 1:15-cv-09605-
   LGS, ECF No. 1-1. ........................................................................10

Petition to Confirm Arbitration Award, *1199SEIU*, Case No. 20-cv-3611 (JGK),
   ECF No. 1 ..................................................................................7

\\NY - 038170/000002 - 10316519 v9

Mem. of Law, ECF No. 9 ................................................................ *passim*

Mem. of Law at n. 1, ECF No. 8-8 ...........................................................17

Mem. of Agreements, December 1, 2015, ECF No. 8-2 ...................................... *passim*

Notice of Mot. to Vacate the Stay, *Chu*, No. 651947/2016 ............................10

Notice of Removal, ECF No. 1 .................................................................11

Order, *Chu*, Case No. 1:16-cv-03569, ECF No. 28 ....................................6, 20

Order, ECF. No. 8-4...............................................................................2

Order, ECF No. 28 ..................................................................................1

Petition to Confirm Arbitration Award, *1199SEIU*, Case No. 20-cv-3611 (JGK),
     ECF No. 1 ......................................................................................7

WRIGHT, A. MILLER & M. KANE, *Federal Practice & Procedure* § 3733 (3d
     ed. 1998) ......................................................................................11

\\NY - 038170/000002 - 10316519 v9

## PRELIMINARY STATEMENT

Defendant Chinese-American Planning Council Home Attendant Program, Inc. ("CPC" or "Defendant") submits this memorandum of law in opposition to Plaintiffs' motion to remand. Plaintiffs Mei Kum Chu, Sau King Chung, and Qun Xiang Ling ("Plaintiffs") are three former CPC home health care aides. In 2016 they commenced this lawsuit, individually and on behalf of others, alleging a number of wage and hour claims under state law. *See* Class Action Compl. ¶¶ 13, 23, ECF No. 8-1.

Soon after Plaintiffs' filed their initial complaint in state court, CPC removed the case to federal court and moved to compel arbitration of Plaintiffs' claims pursuant to the collective bargaining agreement (the "CBA") that governed Plaintiffs' employment with CPC at all times. Notice of Removal, *Chu v. Chinese-American Planning Council Home Attendant Program, Inc.*, Case No. 1:16-cv-003569 (S.D.N.Y. 2016), ECF No. 1; *id.* at Mot. to Compel, ECF No. 5. At that time, CPC's asserted basis to remove was limited to the four corners of the initial complaint— which was at that time the only pleading. United States District Judge Katherine Forrest remanded the case to state court based on the limited facts and circumstances available to her at the time. *Id.* at Op. & Order, ECF No. 28.

Contrary to the Plaintiffs' erroneous assertion that Judge Forrest's decision is law of the case because the facts have not changed since 2016 and there is no new evidence to support the instant removal (Plaintiffs' Mot. to Remand ("Pl. Motion"), at 2, 14, ECF No. 7), the following actions over the last five years render Judge Forrest's decision inapplicable to the instant removal and make the application and interpretation of the CBA a central issue: (1) the state court stayed (2017) and eventually dismissed (2019) the instant case based on a prior pending action, *see Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236

1

(S.D.N.Y. 2016) (the "*Chan* Action"), that had been compelled to arbitration (Mem. Decision, ECF No. 8-3 (the 2017 stay) and Order, ECF. No. 8-4 (the 2019 dismissal); (2) On January 2, 2019, 1199SEIU, United Healthcare Workers East (the "Union" or "1199"), which is party to the CBA and the sole and exclusive bargaining representative for Plaintiffs and all members of their putative class, filed a grievance and arbitration over the identical claims in the instant suit which involves the Plaintiffs herein (the "Arbitration") (Kirschner Decl., Ex. A[1]; (3) In January 2020, Plaintiffs tried to interfere with and enjoin the Arbitration, which is one of the primary bases for the instant removal (Kirschner Decl., Exs. M, N); (4) On February 18, 2021, United States District Judge John G. Koeltl confirmed the arbitration award (the "Award") that held that Plaintiffs are subject to the CBA and that the Arbitrator *correctly exercised* jurisdiction to interpret the CBA to include Plaintiffs' claims (Arbitrator's Award, Kirschner Decl., Ex. B; Confirmation Order, Kirschner Decl., Ex. C); (5) Plaintiffs sought to intervene in Judge Koeltl's confirmation proceeding in order to vacate the Award (Intervention Papers, Kirschner Decl., Exs. D, E, F); (6) On March 19, 2021, Plaintiffs appealed to the Second Circuit the denial of their intervention in the confirmation proceedings involving the interpretation of the CBA (Notice of Appeal, Kirschner Decl., Ex. G) ; and (7) Judge Koeltl recently found removal proper and denied a motion to remand in *Guzman* under similar circumstances involving the same claims and CBA. *Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 20-cv-3929 (JGK), 2021 WL 632493 (S.D.N.Y. Feb. 18, 2021) (Kirschner Decl., Ex. H)[2].

---

[1] All references to exhibits refer to the exhibits annexed to the Declaration of Kenneth Kirschner ("Kirschner Decl.").

[2] Please note that citations to *Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 20-cv-3929 (JGK), 2021 WL 632493 (S.D.N.Y. Feb. 18, 2021) and Kirschner Decl., Ex. H are used interchangeably throughout this brief.

The basis of this removal is that over the last several years, as listed above and described more fully below, Plaintiffs have sought to enjoin, and continue to try to encumber, the Arbitration brought by their Union on behalf of all current and former home care aides *industry wide* in New York City—a population that includes Plaintiffs and their entire putative class—to resolve the exact same wage-and-hour claims that Plaintiffs assert in their complaint. Kirschner Decl., Ex. A. Plaintiffs have filed motions in state court and in federal court as part of a concerted effort to prevent the Arbitration from continuing, vacate the Award rendered, and cast aspersions on the interpretation of the CBA by the Arbitrator and courts—and specifically its applicability to Plaintiffs' claims—a central issue in their case and all making removal proper under Section 301(a) of the Labor Management Relations Act ("Section 301" or "LMRA") (29 U.S.C. § 185(a)). Though Plaintiffs began interfering with the Arbitration as early as January 2020, as of March 2019, through February 2021, the state case had been dismissed without prejudice, and thus was not removable. It was not until New York Supreme Court Justice Carol Edmead, who has been presiding over the action in state court, restored the case to active status on February 9, 2021 that there was a "pending" action for CPC to remove to federal court. *See 34-15 Properties, LTD. v. Thomas Bronkovic & Bertha Hidalgo*, No. CV 96 4190 (RJD), 1996 WL 680263, at *1 (E.D.N.Y. Nov. 11, 1996) (holding that removal of an action deemed dismissed in state court "was improper because there was no action pending in state court that could be removed.") which entitles CPC to removal for both the prior and present conduct of Plaintiffs in seeking to impair the arbitration, vacate the Awards and contradict the application of the CBA.

Plaintiffs' attempts to stop the Arbitration—which continued even *after* they filed their Motion to Remand—are exactly the type of actions federal labor law is intended to preempt. It is a fundamental principle of federal law that Section 301 broadly preempts labor relations disputes.

\\NY - 038170/000002 - 10316519 v9

*See*, *e.g.*, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). As laid out more fully below, Plaintiffs' challenges to the Arbitration substantially depend on analysis of the relevant CBA, and those challenges are based on rights created by the CBA, placing those actions squarely within Section 301's broad preemptive scope. Plaintiffs arguments to the contrary are unavailing.

Accordingly, as set forth more fully below, this Court should deny Plaintiffs' Motion to Remand because their state court action is completely preempted by Section 301.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The relevant facts and portions of the long and complex procedural history of litigation between Plaintiffs, on the one hand, and CPC, on the other, are as follows.

### A.    The Underlying Collective Bargaining Agreements

Since June 15, 2009, CPC has been party to a CBA with the Union, which is the sole and exclusive bargaining representative for tens of thousands of home care aides currently and formerly employed by home care agencies in New York City, including CPC. *See* CBA, Kirschner Decl., Ex. I. Over the past twelve years, the Union and CPC have entered into a series of memoranda of agreements to modify and amend the CBA, the most recent of which was effective December 1, 2015 (the "2015 MOA") as Judge Forrest found in the *Chan* Action, a case involving the exact same CBA and the Plaintiffs who are putative members of the proposed *Chan* class. 180 F. Supp. 3d 236 (2016). *See* 2015 MOA, ECF No. 8-2.

In the 2015 MOA, Plaintiffs, through the Union, agreed that "all claims brought by either the Union or Employees, asserting violations of or arising under the Fair Labor Standards Act ('FLSA'), New York Home Care Worker Wage Parity Law, or New York Labor Law (collectively, the 'Covered Statutes'), in any manner, shall be subject exclusively to the grievance and arbitration procedures described in this Article." 2015 MOA at 9, ECF No. 8-2. This provision supplemented

4

and incorporated the CBA, which sets forth specific multi-step grievance and arbitration procedures culminating in "final and binding arbitration under the Rules of the American Arbitration Association ['AAA']." Kirschner Decl., Ex. I. Plaintiffs have maintained that their claims are not arbitrable under the CBA as amended because they left CPC before the effective date of the 2015 MOA—a position that Judge Koeltl recently rejected, as did the Arbitrator currently hearing the Plaintiffs' claims. Confirmation Order, Kirschner Decl., Ex. C; Arbitrator Award at 15-16; Kirschner Decl., Ex. B.

### B.     This Lawsuit

Plaintiffs commenced this action in New York State Supreme Court on April 12, 2016, on behalf of themselves and a purported class of former and current CPC home care aides. Class Action Compl., ECF No. 8-1. In their initial complaint, Plaintiffs asserted seven state-law causes of action: (1) minimum wage under New York Labor Law ("NYLL") § 652 et seq.; (2) overtime under NYLL § 650 et seq.; (3) spread-of-hours pay under NYLL §§ 190 et seq. and 650 et seq.; (4) wages due under NYLL § 191; (5) wage notification requirements under NYLL § 195; (6) breach of contract citing the New York Home Care Worker Wage Parity Act ("Wage Parity Act"), N.Y. Public Law § 3614-c; and (7) unjust enrichment citing the Wage Parity Act. *Id.* The *Chu* putative class in the initial complaint was: "All home care aides, meaning home care aides, personal care aids, home attendants or other licensed or unlicensed persons whose primary responsibilities include the provision of in-home assistance with activities of daily living, instrumental activities of daily living or health-related tasks, employed by Defendant in New York to provide care services to Defendant's elderly and disabled clients in the clients' homes during the period beginning from April 1, 2008 through June 1, 2015 (the "Class Period")." *Id.* at ¶16.

\\NY - 038170/000002 - 10316519 v9

At that time, CPC removed the case to federal court on the basis that Plaintiffs' claims were subject to the CBA and its mandatory grievance and arbitration procedures, which Plaintiffs failed to follow. Notice of Removal, *Chu et al v. Chinese-American Planning Council Home Attendant Program, Inc.*, Case No. 1:16-cv-03569 (S.D.N.Y. 2016), ECF No. 1; *id.* at Opp. to Remand, ECF No. 23. CPC argued at that time that their claims were preempted by Section 301 because they required interpreting the CBA. *Id*. Plaintiffs sought remand which Judge Forrest granted. Op. & Order, *Chu*, Case No. 1:16-cv-03569, ECF No. 28. However, Judge Forrest left open the possibility for future developments, holding only that "there is no basis *at this stage* to find that any of plaintiffs' claims are substantially dependent on interpretation of any CBA terms." *Id.* at 13 (emphasis added). Developments since then now warrant removal.

On September 26, 2016, after the remand, CPC moved to stay the action based on the prior pending *Chan* Action, which had been compelled to arbitration by Judge Forrest. 180 F. Supp. 3d 236 (2016). CPC asserted in state court that this lawsuit was substantially identical to the *Chan* Action in terms of claims and parties and, for that reason, Justice Edmead should stay this case until *Chan* is resolved. Kirschner Decl., Ex. J. Justice Edmead granted CPC's motion to stay the *Chu* action in the "interest of 'comity, orderly procedure and judicial economy'" because waiting for *Chan* to be resolved in arbitration would "avoid duplication of effort and waste of judicial resources." Kirschner Decl., Ex. K. This case remained stayed until March 12, 2019, when, following a conference with the Court, Justice Edmead *sua sponte* dismissed the action without prejudice. Kirschner Decl., Ex. L.

### C.      The Union's Grievance, the Arbitration and Plaintiffs' Attempts to Interfere

On January 2, 2019,  the Union commenced an industry-wide Arbitration pursuant to the CBA and 2015 MOA against 49 home care agencies—including CPC—with which it has

6

collective bargaining relationships concerning the exact same violations of the CBAs regarding wage and hour claims arising under state law as in the instant suit (again, the "Arbitration"). Kirschner Decl., Ex. A. The Union brought the Arbitration on behalf of over 100,000 current and former employees of those agencies—including those, like Plaintiffs, who used to work for CPC. *Id*.

On or about December 24, 2019, after this lawsuit was dismissed, Arbitrator Martin Scheinman, Esq. (the "Arbitrator") sought briefing and scheduled a hearing for January 15, 2020, to determine whether the claims in the Arbitration, including claims on behalf of former Union bargaining unit members who allegedly left CPC employ prior to the 2015 MOA (like Plaintiffs here) were arbitrable and, if so, whether he had jurisdiction to adjudicate them. Arbitrator Award, Kirschner Decl., Ex. D.

Before that January 15 Arbitration hearing took place, Plaintiffs—whose case was not pending at the time because it had been dismissed—sought a temporary restraining order against CPC to prevent Plaintiffs' claims from being adjudicated in the Arbitration (the "TRO"). Kirschner Decl., Ex. N. In their TRO Motion, Plaintiffs affirmatively raised the issue of the CBA and 2015 MOA, arguing that a TRO was necessary "to prevent their claims from being adjudicated in the January 15, 2020 arbitration." Kirschner Decl., Ex. O. On February 25, 2020, Justice Edmead denied the TRO and further denied Plaintiff's application to reinstate the case. Kirschner Decl., Ex. P.

On April 17, 2020—again, while this case was still dismissed and not active—the Arbitrator issued an award on the jurisdictional questions that had been presented to him (again, the "Award"). Kirschner Decl. Ex. B. In the Award, the Arbitrator accepted jurisdiction over all the Union's claims and the entire class of current and former home care attendants the Union

sought to represent—including the Plaintiffs and others who ceased working prior to the 2015 MOA. *Id.* Thus, the Arbitrator assumed jurisdiction over all the claims in this lawsuit, and the Arbitration proceeded. *See id.*

On May 8, 2020, the Union filed a petition to confirm the Award, No. 20-cv-03611, which was assigned to Judge Koeltl (again, the "Confirmation Proceeding"). Petition to Confirm Arbitration Award, *1199SEIU*, Case No. 20-cv-3611 (JGK), ECF No. 1. Plaintiffs then again sought to frustrate the collective bargaining relationship between the Union and home care agencies and enmesh themselves in a labor dispute, this time by filing in the Confirmation Proceeding a motion to intervene and dismiss the Union's Petition to Confirm. (the "Motion to Intervene and Dismiss") Kirschner Decl., Ex. D. Therein, Plaintiffs sought to intervene "so that they [could] request that the Court dismiss the Petition or stay the case"—essentially, Plaintiffs again sought to interfere with the Arbitration. *Id*. at 1.  Plaintiffs claim, *inter alia*, that while "the Award purports to exercise jurisdiction over them," the Arbitrator "lacks jurisdiction over their claims" because the CBA and subsequent 2015 MOA do not apply to them. *Id* at 1, 5; *see also* Kirschner Decl., Ex. E & F. Plaintiffs themselves invoked the interpretation of the CBA and 2015 MOA in their own papers and should be judicially estopped from claiming that this matter does not involve the interpretation of the CBA.

On February 18, 2021, Judge Koeltl denied Plaintiffs' Motion to Intervene and Dismiss in the proceedings involving the Arbitration and granted the Union's petition to confirm the Award. Confirmation Order, Kirschner Decl., Ex. C. In his opinion, Judge Koeltl affirmed that the Arbitrator has jurisdiction over the precise wage and hour claims propounded by Plaintiffs irrespective of Plaintiffs' allegations (the "Confirmation Order"). *Id*. Of note, the Court necessarily had to engage in an analysis of the labor contracts:

8

In this case, the CBA required that grievances be arbitrated. Pet. Ex. B, at 29 (Art. XXVI, ¶ 2). The subsequent 2015 MOA clarified that grievances relating to "Covered Statutes" must be arbitrated. See Pet. Ex. D, at 9. Thus, under both agreements there is plainly an agreement to arbitrate. Second, under the CBA, arbitrations occur pursuant to AAA Rules, including AAA Rule 3(a), which delegates questions of jurisdiction and "arbitrability" to the Arbitrator. Therefore, the Respondents and the Union (on behalf of its employees) agreed to arbitrate and to delegate questions of arbitrability and jurisdiction to the Arbitrator.

The [*Chu* Plaintiffs] argue at length that the Arbitrator exceeded his authority because certain [*Chu* Plaintiffs] were no longer employees at the time the 2015 MOA took effect, and therefore they never consented to arbitrate their claims under the Covered Statutes. In addition, the [*Chu* Plaintiffs] argue that the 2015 MOA cannot relate back to claims based on violations of the Covered Statutes that occurred prior to the 2015 MOA.

However, the [*Chu* Plaintiffs] arguments confuse the question of consent to arbitration (namely, did parties consent to arbitrate) with the question of arbitrability (namely, whether the dispute at issue is within the scope of the arbitration agreement). The searching review that the [*Chu* Plaintiffs] encourage this Court to undertake is not appropriate, because the parties to the CBA–namely the Union and [CPC]–plainly agreed to arbitrate grievances and to delegate such questions of arbitrability to the Arbitrator.

*Id.* at 28-29.

Despite a clear, well-reasoned ruling from Judge Koeltl, Plaintiffs still seek to stop the Arbitration any way they can, most recently by filing a notice of appeal of their Motion to Intervene and Dismiss to the Second Circuit. Kirschner Decl., Ex. G. It is preposterous that Plaintiffs claim that the interpretation of the CBA is inapplicable to this case while simultaneously seeking to appeal Judge Koeltl's decision interpreting the CBA. It follows that Plaintiffs are concerned with how the CBA is interpreted by the Arbitrator and by courts because the CBA is, in fact, applicable to their claims and Plaintiffs' dispute how the Arbitrator and courts have interpreted the CBA and 2015 MOA.

### D.    Recent Proceedings In The *Chu* State Court Action

On August 6, 2020, Plaintiffs filed a motion to reargue Justice Edmead's decision not to reinstate this lawsuit. Notice of Mot. to Reargue Order Declining to Restore Case, *Mei Kum Chu*

9

*v. Chinese-American Planning Council Home Attendant Program, Inc.*, No. 651947/2016 (N.Y. Sup. Ct. Apr.17, 2017) (N.Y. Sup. Ct. Aug. 6, 2020);, ECF No. 101. On February 9, 2021, Justice Edmead granted that motion and, for the first time in two years, restored the case to active status— but did not lift the stay.  Decision & Order on Mot. (hereinafter the "February 9 Order"), ECF No. 8-5. In that same February 9 Order, Justice Edmead also instructed Plaintiffs to file an amended complaint narrowing the putative class to employees that left CPC prior to the 2015 MOA. *Id.*[3].

On February 15, 2021, Plaintiffs filed the Amended Complaint, in a futile attempt to distinguish this case from *Chan* by limiting the putative class to "all home care aides…employed by Defendant…during the period beginning from April 1, 2008 until November 30, 2015, and that such Class Members must have ceased their employment with Defendant before December 1, 2015"—but in view of *Chan*'s class definition, this is no distinction at all. *See* Amend. Compl. ¶ 16, ECF No. 8-7. The *Chan* plaintiffs purport to represent a putative class consisting of "all current and former home care aides…employed by Defendant…during the period from six years preceding the filing of the Complaint in this case through the present (the 'Class Period')" (*i.e.*, March 11, 2009 through present) which overlaps with the initial and amended *Chu* putative class. Amend. Compl. ¶ 21, *Chan,* 180 F. Supp. 3d 236 (2016), Case No. 1:15-cv-09605-LGS, ECF No. 1-1. Nevertheless, shortly thereafter, Plaintiffs filed a motion to vacate the stay—and for the third time attempted to affirmatively disrupt the Arbitration by arguing that the grievance and arbitration provisions of the CBA and 2015 MOA do not apply to the new putative class and that "[p]laintiffs and the class are therefore not required to arbitrate." Notice of Mot. to Vacate the Stay, *Chu*, No. 651947/2016, No. 117). This motion is, by definition, an attempt to substitute their own

---

[3] CPC has filed an appeal with the First Department of Justice Edmead's decision. Notice of Appeal *Chu*, No. 651947/2016, No. 114.

\\NY - 038170/000002 - 10316519 v9

interpretation of the CBA and 2015 MOA for that of the Arbitrator *and* Judge Koeltl, who have determined conclusively that the Arbitrator has jurisdiction over these Plaintiffs' claims. Kirschner Decl., Exs. B & C. Thus, Plaintiffs since the 2016 removal have affirmatively interjected arguments into this case that implicate, and require interpretation of, the CBA and 2015 MOA.

### E.   The Instant Removal

As set forth above, Plaintiffs have now on numerous occasions—the first time being their January 2020 TRO Motion—affirmatively made arguments concerning and requiring the CBA's interpretation. However, this case was not pending at that time—it had been dismissed for over a year—and removal was therefore unavailable to CPC. It was not until Justice Edmead restored the case on February 9, 2021, that it became removable[4]—and CPC thereafter timely removed it.

## ARGUMENT

### I.   THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS MATTER UNDER SECTION 301 OF THE LMRA

Plaintiffs have on at least three occasions attempted to disrupt or enjoin the Arbitration, undermine the Arbitrator's authority and infringe upon the collective bargaining relationship between CPC and the Union. First, they filed a TRO in January 2020 seeking to enjoin CPC from defending the exact same claims brought on Plaintiffs behalf in the Arbitration by the Union. Second, they sought to intervene in the Union's petition to confirm the Arbitration Award that held the Arbitrator had jurisdiction over the Plaintiffs in order to have that petition dismissed. Third,

---

[4] Only "pending" cases can be removed.  28 U.S.C. § 1441; 28 U.S.C. § 1446.  While this case was dismissed, it was not pending. *See 34-15 Properties, LTD.*, No. CV 96 4190 (RJD), 1996 WL 680263, at *1 (holding that removal of an action deemed dismissed in state court "was improper because there was no action pending in state court that could be removed."); *see also Cassatt v. Aspen Pet Products, Inc. v. Kun Hsing Enters., Co. Ltd.*, No. 99-CV-0043E(SR), 2001 WL 1823582, at *2 (W.D.N.Y. Dec. 26, 2001) (finding that after claims against a party are dismissed there are "no actions pending" against such party).

they filed a motion to vacate the stay in state court by arguing that the claims of the amended putative class should not be adjudicated in the Arbitration. Further, contrary to Plaintiffs' claims in their Remand Motion, Plaintiffs continue to seek to disrupt and undermine the CBA by seeking to appeal Judge Koeltl's denial of their Motion to Intervene and Dismiss in the confirmation of the Award rendered by the Arbitrator who held he had jurisdiction over the Plaintiffs. Plaintiffs have undeniably, and affirmatively, made interpretation of the CBA and 2015 MOA a central issue in this case. These persistent attacks on the Arbitration and the Arbitrator's authority must be resolved under federal labor law since they directly implicate the CBA and 2015 MOA. Accordingly, this case was properly removed, and Section 301 preemption applies.

### A.   Removal Was Proper Because Section 301 Completely Preempts Plaintiffs' State Court Action Seeking To Enjoin The Arbitration Of Plaintiffs' Claims By The Union

A state court action seeking to curtail a labor arbitration is completely preempted by Section 301 of the LMRA if the claim is either (1) "founded directly on rights created by collective-bargaining agreements" or (2) "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotations omitted); *Vera v. Saks & Co.*, 335 F.3d 109, 115-16 (2d Cir. 2003). Given the "unusual pre-emptive power" accorded to it, Section 301 is understood to support federal jurisdiction "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." *Vera*, 335 F.3d at 114. In fact, courts in this district have consistently applied Section 301 preemption to remove actions where, as here, an injunction or stay of an arbitration is being sought. *See  Mery Steel Works, Inc., v. Local Union 580 of the Int'l Assoc. of Bridge*, No. 06 Civ. 6028 (WHP), 2007 WL 2349916, at *3 (S.D.N.Y. Aug. 16, 2007) quoting *Triple A Maint. Corp. v. Bevona*, 657 F.Supp. 1171, 1172-73 (S.D.N.Y. 1987) ("[c]ourts in this district have consistently upheld the

12

removal of petitions to stay arbitrations of grievances under collective bargaining agreements, even where the petitions made no reference to federal law. . . . [A] petition to stay arbitration pursuant to a collective bargaining agreement necessarily arises under federal law, whether reference to that law is made or not."); *Mic-Ron Gen. Contractors, Inc. v. Trustees of N.Y. City Dist. Council of Carpenters Benefit Funds*, 908 F.Supp. 208, 209 (S.D.N.Y. 1995) (finding that the court has jurisdiction pursuant to Section 301 in a case where respondent sought a declaratory judgment that it may not be compelled to arbitrate and petitioner sought a preliminary injunction to stay arbitration pending resolution of the question of arbitrability).

In Plaintiffs' remand papers, they argue that CPC bases its removal solely on defenses, which is insufficient to trigger Section 301 preemption. Mem. of Law, ECF No. 9. This is simply false. CPC's removal is not based on its defenses, but Plaintiffs' own affirmative efforts to prevent or limit the Arbitration—efforts that by definition require the presiding court to interpret the CBA. [5] Accordingly, this suit is completely preempted by Section 301 since it relates to rights created by the CBA and 2015 MOA and is substantially dependent on the interpretation of the CBA and 2015 MOA. The Arbitration would not be taking place but for the Arbitrator's authority rooted in

---

[5] Plaintiffs cite to three recent cases to support their contention that a federal defense cannot be the basis of removal. Mem. Of Law at 12, ECF No. 9. However, those cases are inapplicable here since none of them deal with affirmative actions taken by plaintiffs that challenge and require interpretation of the CBA which are the circumstances in this case. *See Rodriguez v. Newmark & Co. Real Est., Inc.*, No. 19-CV-9607 (KMW), 2020 WL 3073259, at *3 (S.D.N.Y. June 10, 2020) (granting motion to remand where, after plaintiff filed a complaint in state court, defendants removed based on the anticipation that defendants would offer a defense that requires the court to interpret the CBA); *Arroyo v. NYU Langone Hosp.*, No. 19 CIV. 1624 (KPF), 2019 WL 5682628, at *5 (S.D.N.Y. Oct. 31, 2019) (holding removal was not proper where defendants removed case to federal court less than one month after the complaint was filed and plaintiffs had not raised any disputes implicating the CBA); *Berger v. N.Y. Univ.*, No. 19-CV-267 (JPO), 2019 WL 3526533, at *4 (S.D.N.Y. Aug. 2, 2019) (granting motion to remand where, based on the allegations in the complaint, defendant introduced an argument that interpretation of the CBA was required, triggering federal jurisdiction).

13

the CBA to resolve "any dispute between the Union (on its behalf and/or on behalf of any Employee) with the Employer. . ." CBA, Kirschner Decl., Ex. I at Article XXVI.

In their TRO, Plaintiffs implicate the CBA in two ways. First, Plaintiffs argue that the CBA's grievance procedure and the 2015 MOA's amendments to that grievance procedure do not apply to their state law claims. Second, they argue that the Arbitrator does not have the authority to determine the threshold issue of arbitrability despite a clear grant of authority incorporated within the CBA and the 2015 MOA by reference to the AAA Rules. Kirschner Decl., Ex. O. Both arguments can only be resolved by looking to the scope and coverage of the CBA and the 2015 MOA.[6] By affirmatively challenging the scope and coverage of the CBA and the 2015 MOA, Plaintiffs have necessarily raised a question of contract *interpretation* which renders removal proper under Section 301. *Old Country Iron Works, Inc. v. Iron Workers Local 40, 361 & 417 of the Int'l Assoc. of Bridge, Structural & Ornamental Iron Workers Union Sec. Funds*, 842 F.Supp. 75, 77 (S.D.N.Y. 1993) (holding that doubts about the scope and effect of a collective bargaining agreement raised a question of contract interpretation, as opposed to an issue about the existence of the contract); *see also Mery*, 2007 WL 2349916, at *3 (holding that a dispute about whether terms of labor agreements are applicable to a project was properly removed under Section 301).[7]

---

[6] In her initial order denying Plaintiffs' motion to restore the case, Justice Edmead agreed as much, stating that Plaintiffs' TRO "makes new arguments concerning the MOA." Kirschner Decl., Ex. P.

[7] Plaintiffs may argue that regardless of whether removal was proper when the TRO was filed, the claims that Plaintiffs made in the TRO are no longer grounds for removal since the TRO was denied and Plaintiffs would have this Court believe that they will not make similar arguments in the future.  In fact, in their Motion to Remand, Plaintiffs contend that their most recent filing in the *Chu* State Court Action—the motion to vacate the stay—"did not ask the state court to do anything about the Arbitrator's award" and that the "arbitration will only come up if Defendant raises it as a defense." Mem. of Law at 13, ECF No. 9. However, CPC reminds this Court that one of the reasons Plaintiffs sought to restore the case in the first place was to enjoin the Arbitration. In fact, the case had been stayed and later, dismissed, for years before Plaintiffs took any action. The record is clear: Plaintiffs did not take action to lift the stay or reinstate the case before the

14

Judge Koeltl recently faced a similar situation and found that removal was proper. *Guzman*, 20-cv-3929 (JGK), 2021 WL 632493 (Kirschner Decl., Ex. H). In the *Guzman* case, two sets of plaintiffs, all former employees of home health care agencies like the *Chu* Plaintiffs, brought orders to show cause seeking to vacate parts of the Award and to stay the Arbitration—the same Award and Arbitration that the *Chu* Plaintiffs also seek to attack and interpreting the very same CBA. Based on the orders to show cause alone, the two defendant home care agencies separately removed their respective cases and plaintiffs subsequently moved to remand. Judge Koeltl ultimately found that removal was proper and that the federal court had jurisdiction over Plaintiffs' claims. In his decision, Judge Koeltl held that "a plaintiff cannot escape Section 301's preemptive sweep through the use of state court motions, including efforts to challenge federal labor arbitrations on state law grounds." Kirschner Decl., Ex. H at 13 (citing to *Jenkins Bros. v. Local 5623, United Steelworkers of Am.*, 230 F.Supp. 871, 872 (D. Conn. 1964) ("[W]hether the complaint be construed as seeking an injunction to enjoin arbitration of a matter not arbitrable under the [CBA] or a declaratory judgment requesting protection against improper demands for arbitration, under controlling law the action is one over which this Court would have had original jurisdiction to determine the obligation of the parties to arbitrate a dispute under a [CBA] in an industry affecting commerce, pursuant to [Section 301]."), *aff'd*, 341 F.2d 987 (2d Cir. 1965). Judge Koeltl's opinion is consistent with, and relies on, well-established caselaw in this Circuit establishing that removal is proper even when a party moving to remand claims that it was not

---

Arbitration commenced, but once it was underway Plaintiffs swiftly moved to stop it. What's more, Plaintiffs also conveniently neglected to apprise this Court of their ongoing efforts to undermine the Arbitration in a different forum, namely by appealing the denial of their Motion to Intervene and Dismiss in the Confirmation Proceeding. It is remarkable that Plaintiffs recently tried to enjoin the Arbitration and are currently attempting to stop the Arbitration in federal court, and yet they would have this Court believe that they will do nothing in state court to further disturb the interpretation of the CBA in the Arbitration should remand be granted and the stay be lifted.

15

bound by the CBA at issue, as Plaintiffs in the instant case have done repeatedly. *See*, *e.g.*, *Smith v. Wartburg Adult Care Cmty.*, No. 18-CV-12240 (KMK), 2020 WL 777336, at *5 (S.D.N.Y. Feb. 18, 2020); *Collaku v. Temco Serv. Indus., Inc.*, No. 18-CV-4054 (VEC), 2019 WL 452052, at *4-5, 8 (S.D.N.Y. Feb. 4, 2019) (although petitioner did not allege any violations of the CBA, the petitioner's attempt to vacate arbitration was "completely preempted by [Section] 301 of the LMRA" because the arbitrator's "alleged obligation to issue a rational decision based on evidence and reason. . . and [the] [p]etitioner's corresponding right to an arbitral award that [wa]s rational and based in evidence and reason. . . [was] a claim founded directly on rights created by a CBA"); *Newmark & Lewis, Inc. v. Local 814, Int'l Bhd. Of Teamsters*, 776 F.Supp. 102, 106 (E.D.N.Y. 1991) ("[Plaintiff's] denial that it is bound by the collective bargaining agreement does not deprive this Court of jurisdiction to determine this issue.").

Ultimately, Judge Koeltl found that he had jurisdiction over the *Guzman* action based on the plaintiffs' attempt to curtail the scope of the Arbitrator's Award and thus to undermine the entire Arbitration. Such removal was based on the attempt to interfere with the arbitral proceedings, not on the success or failure of the temporary restraining order in the order to show cause. That is precisely what is happening here. Plaintiffs deliberately failed to apprise this Court of their TRO Motion and their repeated attacks on the Arbitration. Rather, they attempt to frame CPC's removal solely as being based on their motion to vacate the stay in state court, and, incredibly, go so far as to say that they "did not ask the state court to do anything about the Arbitrator's [A]ward." This is demonstrably false. They asked the state court in their TRO Motion to enjoin the Arbitration altogether as to their claims; they asked Judge Koeltl to dismiss a petition to confirm the Award (and then appealed when they lost that motion); and in their motion to vacate they ask the state court to ignore the Award and Judge Koeltl's confirmation thereof altogether as

16

a basis to lift the stay. Mem. of Law at n. 1, ECF No. 8-8  ("Plaintiffs may therefore proceed with this action no matter what the arbitrator decides in the separate action asserted by the Union.") Plaintiffs avoid mentioning their direct assaults on the Arbitration because they understand that the issue of removal here is on all fours with the issue presented to Judge Koeltl in *Guzman*. Judge Koeltl did not permit the *Guzman* plaintiffs to disguise a labor dispute that clearly falls under federal law as a state court action. Respectfully, this Court should do the same and find removal proper on the basis of Plaintiffs' TRO and other ongoing attacks against the Arbitration.

### B.    Federal Labor Law Supports Removal.

Plaintiffs seek to fundamentally undermine the longstanding labor-management relationship governing CPC's workplace. Such challenges must be decided under uniform federal labor law.[8] The U.S. Supreme Court has held that "if the policies that animate § 301 are to be given their proper range. . . the preemptive effect of § 301 must extend beyond suits alleging contract violations." *Allis-Chalmers Corp.*, 471 U.S. at 210-11 (internal citations omitted). The Court continued that if a state court action purports to "define the meaning of the contract relationship," that action is preempted. *Id*. at 213.

Plaintiffs posit that granting the Motion to Remand would not result in a "manifest injustice" to CPC. Mem. of Law at 14-15, ECF No. 9. This is not true. Principally, Plaintiffs neglect the apparent injustice that the putative class suffers, which the named Plaintiffs purport to represent, by improperly attempting to keep this case out of federal court and by forcefully

---

[8]  Indeed, one of the purposes of the Alternative Dispute Resolution provision in the 2015 MOA was "to ensure the uniform administration and interpretation of this Agreement in connection with federal, state and local wage–hour and wage parity statutes, all claims brought by either the Union or Employees . . . in any manner, shall be subject exclusively to the grievance and arbitration procedures . . ." 2015 MOA at 9, ECF No. 8-2 , Plaintiffs seek to have multiple interpretations of such wage and hour laws by seeking to enjoin the Arbitration and vacate the stay in state court.

attempting to exclude their claims from the Arbitration. The Arbitration has progressed significantly more than this action, which has been dismissed for the better part of the last three years. Through their efforts to intervene in the Arbitration, the named Plaintiffs are depriving the putative class, as well as all of the parties in the Arbitration, of an efficient resolution of their claims. Moreover, in insisting on litigating the same claims, and requiring CPC to defend the same claims, in two forums, the named Plaintiffs waste the time and resources of all concerned – Plaintiffs, employees, Union, CPC and the judiciary. There is no doubt that Plaintiffs do not yet represent members of the putative class since named Plaintiffs have not even begun the process of certifying the class. Despite this, Plaintiffs have continually sought to block members of the putative class from having their claims resolved in Arbitration, even though the Arbitrator's Award, and Judge Koeltl's confirmation of the Award, found that those former CPC employees are represented by the Union and their claims are properly in the Arbitration. It is settled under both federal law and New York State law that Plaintiffs may not obtain relief on behalf of putative class members they do not represent. *See, e.g.*, *Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, 13-CV-4829 (KMK), 59 F.Supp.3d 617, 638 (S.D.N.Y. 2014) (holding "there can be no class. . . with the result being that the unnamed class members are not part of the action. . . "); *accord Astil v. Kumquat Properties, LLC*, 125 A.D.3d 522, 523 (App Div. 1st Dep't 2015) ("when a class is not certified, unnamed plaintiffs are not subject to *res judicata* effects of judicial decisions pertaining to the class."). It is not clear why Plaintiffs keep challenging the Arbitration on behalf of individuals they do not represent and have presumably not even contacted, who presumably would prefer to be among the 100,000 plus grievants represented by their Union in the Arbitration.

18

In contrast, the Union certainly continues to represent the unnamed former employees, many of whom are actually current Union members employed by other home care agencies. The Union commenced the Confirmation Proceeding to confirm those individuals' interests.[9] If Plaintiffs succeed at challenging the arbitrability of large numbers of employee claims, this would substantially limit the Union's representational ability. Such a broad challenge would inevitably change "the meaning of the contract relationship," and would implicate a labor dispute preempted by federal labor law.

Plaintiffs' efforts to undermine the Arbitration also threaten to disrupt the peace between the Union and industry employer which the hard-bargained for dispute resolution process in the CBA is intended to preserve and protect. The rationale behind complete preemption under Section 301 is that "uniform federal interpretation of the terms of CBAs will promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). The value of a contractual dispute resolution process is that it allows for a relatively efficient resolution of claims, providing an additional outlet for employees, unions and management to settle disputes. However, Plaintiffs seek to limit the arbitrability of any future disputes by seeking to stop the current Arbitration of the claims of thousands of unnamed former employees. Plaintiffs cannot credibly argue that their actions avoid Section 301 preemption when they fundamentally challenge the labor-management relationship and seek to weaken the Union's representational power. Accordingly, the Motion to Remand should be denied.

---

[9] The law is clear that the Union has the authority to assert claims in arbitration on behalf of its bargaining unit members. *See ABM Indus. Grps., LLC v. Int'l Union of Operating Eng'rs*, 968 F.3d 158, 163 (2d Cir. 2020) ("[F]ederal labor law confirms that when a union prosecutes employees' grievances against an employer, it represents those employees and those employees are therefore bound by the arbitral award. *See* 29 U.S.C. § 158(d). This basic truth has long been reflected in precedent.") (citing *Humphrey v. Moore*, 375 U.S. 335, 342 (1964) and *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581 (1960)).

19

C.     The "Law Of The Case" Doctrine Is Inapplicable And Does Not Bar Preemption And Removal Of Plaintiffs' Challenges to the Union Arbitration

Plaintiffs rely heavily on the discretionary "law of the case" doctrine in their Remand Motion. Specifically Plaintiffs argue that Judge Forrest's decision to remand the case in 2016 requires this Court to remand the case now. Plaintiffs are simply wrong—the law of the case doctrine has no place here.

Under the law of the case doctrine, "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation."[10] *Liona Corp. v. PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991). The doctrine "posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case."[11] *Sagendorf-Teal v. Cty. of Rensselaer*, 100 F.3d 270, 277 (2d Cir.

---

[10] Judge Forrest's 2016 remand decision did not resolve the issues of law, which Plaintiffs allege. Rather, the remand decision turned on Judge Forrest's finding that CPC's argument that Plaintiffs were compelled to arbitrate their claims, based solely on the Complaint, was a defense which could not give rise to Section 301 preemption. Op. & Order, *Chu*, Case No. 1:16-cv-03569, ECF No. 28. However, in their Motion to Remand, Plaintiffs egregiously expand Judge Forrest's opinion by asserting that the Court "determined that the 2015 MOA does not require Plaintiffs to arbitrate" Mem. of Law at 11, ECF No. 9). Any reference in Judge Forrest's opinion relating to this issue is clearly dicta, as it had no bearing on the issue of remand at that time and continues to be irrelevant.  Kirschner Decl., Ex. C at n. 17 ("Moreover, as Judge Sullivan recognized in *Raymond v. Mid-Bronx Haulage Corp*, the passage that [Plaintiffs] cite clearly was dicta, and Judge Sullivan presented compelling reasons not to extend it further. *See* No. 15-cv-5803, 2017 WL 9882601, at *6 (S.D.N.Y. June 10, 2017); *see also May Dep't Stores Co. v. Int'l Leasing Corp.*, No. 88 CIV. 4300 (CSH), 1995 WL 656986, at *2 (S.D.N.Y. Nov. 8, 1995)("the law of the case doctrine does not apply to dicta from prior holdings; non-binding language need not be obeyed by the court"). Further, such dicta is directly contrary to Judge Forrest's opinion in *Chan* (Mem. Decision & Order, *Chan,* Case No. 1:15-cv-09605-LGS, ECF No.47.

[11] Plaintiffs attempt to rely on Judge Forrest's dicta, as well as a number of cases that have "repeatedly reaffirmed" the same, namely Plaintiffs are not required to arbitrate their claims, to support their Motion to Remand. Mem. of Law at 11, ECF No. 9. Not only is such issue irrelevant to this motion, Plaintiffs reliance on these cases is misplaced.  Judge Koeltl put it best—Plaintiffs "confuse the question of consent to arbitration (namely, did the parties consent to arbitrate) with the question of arbitrability (namely whether the dispute at issue is within the scope of the arbitration agreement)." Kirschner Decl., Ex. C at 29. Moreover, Judge Koeltl remarked:  "[I]n *Agarunova v. Stella Orton Home Care Agency, Inc.*, the Court of Appeals

20

1996) (quoting *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992)). However, "[t]his doctrine is a discretionary rule of practice and generally does not limit a court's power to reconsider an issue." *Liona Corp.*, 949 F.2d at 592 (citations omitted); *see also Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 564 (2d Cir.1998) ("[T]he [law of the case] doctrine 'is, at best, a discretionary doctrine, which does not constitute a limitation on the court's power' but merely expresses a general reluctance, absent good cause, to reopen rulings that the parties have relied upon.")(internal quotations omitted). Here, it cannot be said that Judge Forrest's decision addresses the issue of whether Plaintiffs' TRO Motion requires interpretation of the CBA because at the time Judge Forrest made her decision, there was no pending arbitral proceeding to enjoin. Thus, the law of the case doctrine does not, and should not, restrict this Court when assessing whether Plaintiffs'

---

affirmed the district court's determination that a former employee could not be compelled to arbitrate by the 2015 MOA because she was no longer an employee or 1199SEIU member when the 2015 MOA took effect. However, the panel expressly declined to address the employer's argument that this was a 'question of arbitrability' that was delegated to the arbitrator under the CBA, because that issue was not properly raised in the district court. Because, here, the question of whether the Arbitrator's jurisdiction extends to former employees' statutory claims is a question of arbitrability, and the CBA delegated such questions to the Arbitrator, *Agarunova* does not support the [Plaintiffs'] argument." Kirschner Decl., Ex. C at 35 (internal citations omitted). Furthermore, the state court cases that Plaintiffs rely on are also not determinative. The *Konstantynovska v. Caring Professionals, Inc.*, and *Lorentti-Herrera v. Alliance for Health, Inc.* cases only dealt with whether the claims presented in those cases are arbitrable, not *who* should decide that question. 172 A.D.3d 486 (1st Dep't 2019); 173 A.D.3d 596 (1st Dep't 2019). Furthermore, there is no indication that the operative agreement in *Konstantynovska* included a delegation clause like the one present here or that the parties addressed this issue. 172 A.D.3d 486 (1st Dep't 2019). Lastly, the *Hichez v. United Jewish Council* case, which did deal with the threshold issue of who determines arbitrability, is currently on appeal. 179 A.D.3d 574 (1st Dep't 2019).

　　Plaintiffs err by raising the issue of arbitrability in the instant motion in the first place as it is irrelevant to the issue of this Court's jurisdiction over this action. All this Court needs to answer in this motion is whether Plaintiffs' TRO and other attacks against the Arbitration, which is federally-sanctioned and currently underway, make the interpretation of the CBA a central issue in this case – which they do.

recent actions to undermine the Arbitration, taken well after Judge Forrest's remand order, support removal (they do).

While the law of the case doctrine is simply inapplicable here, it would not justify remand even if it factored into the analysis. It is well-settled in this Circuit that a court "may depart from the law of the case and reconsider [an] issue for 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (quoting *United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir. 2000)); *see also* Kirschner Decl., Ex. H at 16 ("the doctrine does not prevent a court from reconsidering prior opinions when there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992); *see also Weiss v. Am. Express Nat'l Bank*, No. 19-CV-4720 (JPO), 2020 WL 6807628, at *1 (S.D.N.Y. Nov. 18, 2020) (holding the law of the case doctrine does not prevent defendant from filing successive motions to compel arbitration where defendant based its recent motion on the availability of new evidence, not a challenge to the reasoning employed in the court's previous decision); *Berger v. Cantor Fitzgerald Sec.*, 967 F.Supp. 91, 92 (S.D.N.Y. 1997) (granting the defendants' second motion to compel arbitration based on new evidence obtained through discovery); *Petersen Energia Inversora S.A.U. v. Argentine Republic*, Nos. 15 Civ. 2739 (LAP), 16 Civ. 8569 (LAP), 2020 WL 3034824, at *4 (S.D.N.Y. June 5, 2020) (affirming that the law of the case is a discretionary doctrine and courts may choose to revisit an issue where new evidence is available; the law of the case did not apply whereas here, new factual developments since the original decision counseled in favor of the court revisiting the issue). Courts have declined to apply the law of the case doctrine where a more complete record was developed after

22

the prior ruling was rendered. *See Harris v. Key Bank Nat'l Ass'n*, 193 F.Supp.2d 707, 711 (W.D.N.Y.), *aff'd sub nom. Harris v. Key Bank Nat'l Ass'n*, 51 F.App'x 346 (2d Cir. 2002) (holding that the law of the case did not apply where subsequent discovery shed additional light on the issues involved in the original order); *see also Greasley v. United States*, No. 15-CV-642-A, 2021 WL 935731, at *49 (W.D.N.Y. Mar. 11, 2021) (concluding that the court has discretion to reconsider the previous ruling because a more complete record was developed through the trial process); *Sagendorf–Teal*, 100 F.3d at 277 (holding that the District Court was not constrained by the law of the case doctrine from reconsidering its prior determination when new evidence was subsequently made available) *see also Washington Nat'l Life Ins. Co. of N.Y. v. Morgan Stanley & Co., Inc.*, 974 F.Supp. 214, 219 (S.D.N.Y. 1997).

Simply put, the circumstances justifying removal now did not exist in 2016 when Judge Forrest remanded this case. Judge Forrest's remand opinion is inapplicable and certainly not binding as the law of the case.

## II.   THE COURT SHOULD DENY PLAINTIFFS' UNWARRANTED REQUEST FOR COSTS AND FEES

The Court should deny Plaintiffs' Motion to Remand and Plaintiffs' request for costs and fees should be rejected. "[C]ourts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (reasoning that courts must consider the reasonableness of the removal— whether the removal was sought for the improper purpose of delay and imposition of costs, or alternatively, merely the exercise of a defendant's right to remove when it believes the statutory criteria for removal are satisfied); *see also Tamm Consulting v. Cincinnati Ins. Co.*, No. 18-CV-11415 (RA), 2020 WL 1144713, at *4 (S.D.N.Y. Mar. 9, 2020) ("A basis for removal

23

is objectively reasonable if the removing party had a colorable argument that removal was proper.")(quoting *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017))(internal quotation marks omitted).

Plaintiffs brazenly assert that CPC's removal is not objectively reasonable because CPC is forum shopping in an effort to void unhelpful precedent in the state. Mem. of Law at 16, ECF No. 9. However, it is really Plaintiffs' own actions attacking the Arbitration in state and federal court in hopes of finding success in one forum or another (they have not) that has precipitated the removal. What's more, Plaintiffs falsely claim that the facts have not changed since this case was first removed in 2016 (*Id.* at 6) and that CPC is seeking removal for the same reasons as it did in 2016 (*Id.* at 2). As set forth above, this is simply not true and in fact, much of the change in the intervening five years is because of Plaintiffs' efforts to prevent and undermine the Arbitration and Award and compel reconsideration of the interpretation of the CBA and 2015 MOA.

Plainly, as set forth above, CPC has an objectively reasonable basis to remove this lawsuit to federal court. Plaintiffs' claims involve a labor dispute, are substantially dependent on analysis of labor agreements and are based on rights created by those agreements. Plaintiffs recognized this numerous times when they attempted to challenge the Arbitration both in this lawsuit and others. While they may disagree with removal, Plaintiffs cannot credibly claim that CPC lacks an "objectively reasonable basis" for seeking removal. *See Scevola v. New York Sports & Joints Orthopedic Specialists PLLC*, No. 18CIV5696GBDKHP, 2019 WL 5884567, at *2 (S.D.N.Y. Nov. 12, 2019)(denying an award of fees and costs where there continued to be an active debate about the scope of ERISA preemption and thus it was not objectively unreasonable for defendant to argue that ERISA governed the dispute and seek removal, even if defendant lost the argument). Accordingly, the request for costs and fees should be denied.

24

## **CONCLUSION**

For the foregoing reasons, the *Chu* State Court Action was properly removed to this Court. CPC respectfully requests that this Court deny Plaintiffs' Motion to Remand and grant CPC such other and further relief as it deems just and proper including attorneys' fees and costs..

Dated: New York, New York
April 15, 2021

Respectfully submitted,

/s/ Kenneth Kirschner
Kenneth Kirschner
David Baron
Mitra Anoushiravani
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3260
Facsimile: (212) 918-3100

*Attorneys for Defendant Chinese-American Planning Council Home Attendant Program, Inc.*

25